EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re:<br><br>Enmiendas al Reglamento del Tribunal de Apelaciones | 2025 TSPR 141<br><br>216 DPR ___ |

Número del Caso:  ER-2025-0003

Fecha:  19 de diciembre de 2025

Materia: Enmiendas al Reglamento del Tribunal de Apelaciones.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Enmiendas al Reglamento del          ER-2025-03
Tribunal de Apelaciones

RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Mediante la Resolución ER-2025-01 de 24 de abril de 2025, se enmendó el Reglamento del Tribunal de Apelaciones (Reglamento) para armonizar sus disposiciones con la implementación del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el Tribunal de Apelaciones y agilizar la justicia apelativa.

Durante los meses subsiguientes a su aprobación, el Poder Judicial realizó esfuerzos de orientación a la comunidad jurídica para que se familiarizara con los procesos de presentación de los recursos y los escritos en el foro apelativo intermedio a través del SUMAC. Como consecuencia, el Secretariado de la Conferencia Judicial y Notarial (Secretariado) recibió observaciones del gremio y de componentes del Poder Judicial que sirvieron de base para presentar ante nuestra consideración una propuesta de enmiendas al Reglamento.

Tras un estudio adicional, este Tribunal enmienda las Reglas 5, 7, 12.1, 14, 16, 23, 24, 28, 33, 37, 43, 59, 63, 70, 74 y 79 del Reglamento:

*Regla 5 — El Secretario o la Secretaria*

.    .      .     .       .       .      .      .

*Comentario: Enmiendas del 2025:*

.    .      .     .       .       .      .      .

Asimismo, se enmendaron varios incisos de la regla, para que reflejen la realidad de una Secretaría que manejaría tanto expedientes en papel como expedientes electrónicos. Las enmiendas son las siguientes:

1. En el inciso (A) se codifica la obligación de la Secretaria o del Secretario de velar por la exactitud del expediente electrónico.

2. En el inciso (B) se añade un texto en el que se considera, por un lado, la obligación de la Secretaria o del Secretario de estampar la fecha y la hora de presentación en los escritos que se presenten en papel, así como la automatización de este proceso en los casos que se presenten a través del SUMAC.

3. En el inciso (C) se incorpora la potestad de la Secretaria o del Secretario para rechazar documentos cuando no vengan acompañados de los aranceles establecidos por ley, norma que se estableció al disponerse el arancel único de presentación. La sección 6 de la Ley Núm. 17 de 11 de marzo de 1915, según enmendada, Ley de Aranceles de Puerto Rico, 32 LPRA sec. 1482, dispone expresamente que la persona que se disponga a entablar cualquier acción de naturaleza civil o recurso en Puerto Rico y que no pueda pagar los derechos arancelarios correspondientes, puede presentar una declaración jurada en la que acredite su incapacidad de satisfacer dicho pago, tras lo cual el juez o la jueza a cargo del caso adjudicará si procede autorizar la presentación sin el pago del arancel único. Consecuentemente, debe inferirse que, si la persona presentante no satisface el pago del arancel único y tampoco presenta la declaración jurada acreditativa de su incapacidad de pago, la Secretaria o el Secretario tiene la potestad de rechazar el documento.

4. En el inciso (G) se consigna la obligación de la Secretaria o del Secretario de cancelar el pago de derechos arancelarios.

5. En el inciso (I) se hace constar que tanto la firma digital como el sello digital serán equivalentes a la firma en manuscrito y al sello de goma del Tribunal de Apelaciones.

6. En el inciso (M) se garantiza la expedición de copias certificadas electrónicas de los documentos que obran en los expedientes electrónicos.

7. En el inciso (O) se refleja que la obligación de custodiar el sello del Tribunal de Apelaciones incluye tanto los documentos presentados en papel en los casos cuyo expediente sea físico, como los archivos en formato digital que se presentan en los casos que han sido incoados de forma electrónica.

8. Se añade un inciso (R) en el que se codifica la obligación de la Secretaria o del Secretario de cargar al SUMAC los recursos o escritos presentados físicamente en la Secretaría por litigantes por derecho propio, por partes autorizadas por el Tribunal de Apelaciones o en la eventualidad de que la plataforma electrónica enfrente problemas técnicos.

9. Finalmente, el inciso (R) original sobre la obligación de desempeñar cualquier otra función que se le asigne, se renombró como el inciso (S).

.      .      .      .          .          .      .          .

*Regla 7 — Funcionamiento*

(A) […]

.      .      .      .          .          .      .          .

(B) Asignación de casos

(1) Una vez constituidos los Paneles se asignarán los casos siguiendo como criterio único la fecha y la hora de su presentación. Solo podrá saltarse el orden establecido en casos de inhibiciones, recusaciones y no intervenciones. El Presidente o la Presidenta de cada Panel, a su vez, asignará sin dilación los recursos a sus miembros utilizando como criterio único la fecha y la hora de presentación, independientemente sea un Panel Regular o Especial o sean casos nuevos o relacionados. La asignación de cada caso al interior de cada Panel será proporcional entre sus miembros y comenzará con el juez o la jueza de mayor antigüedad. Los casos de personas confinadas e indigentes presentados por derecho propio se asignarán proporcionalmente a los Paneles, independientemente de la fecha y la hora de su presentación.

La Secretaria o el Secretario del Tribunal de Apelaciones llevará un listado aparte para la asignación de casos nuevos en los que se presente

una moción en auxilio de jurisdicción u otra moción urgente junto con el nuevo recurso. Estos casos se asignarán a los Paneles siguiendo como criterio único la fecha y la hora de su presentación y de conformidad con cualquier orden administrativa del Juez Presidente o de la Jueza Presidenta. Solo podrá saltarse el orden establecido en casos de inhibiciones, recusaciones o no intervenciones.

En caso de que un juez o una jueza se inhiba, recuse o no intervenga en un caso del Panel al que pertenece, el Juez Administrador o la Jueza Administradora deberá designar un Panel Especial para atender el asunto. El Panel estará compuesto por los jueces o las juezas restantes y uno o una que el Juez Administrador o la Jueza Administradora designe. Esta designación se hará por orden invertido de antigüedad, comenzando con el juez o la jueza de menor antigüedad que no forme parte del Panel del juez sustituido o de la jueza sustituida y terminando con el juez o la jueza de mayor antigüedad.[1]

En cuanto a la composición de los Paneles especiales que se constituyen durante el periodo de verano, también deberá respetarse el principio de antigüedad en cuanto a la Presidencia de estos.

·     ·     ·     ·     ·     ·     ·     ·

*Regla 12.1 — Norma de interpretación de las disposiciones sobre notificación y forma*

Las disposiciones sobre los requisitos de notificación a las partes y al tribunal, y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones, en las Reglas de Procedimiento Civil, en las Reglas de Procedimiento Criminal para los recursos de apelación, *certiorari* y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Por causa debidamente justificada, el Tribunal de Apelaciones deberá proveer una oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes.

·     ·     ·     ·     ·     ·     ·     ·

*Regla 14 — Presentación y notificación*

---

[1] La designación de jueces y juezas para sustituir en Paneles especiales se inspira en la Regla 4 (b) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

(A) La apelación se formalizará con la presentación del escrito de apelación en la Secretaría del Tribunal de Apelaciones, junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación de la apelación. Por lo tanto, la fecha de presentación de la apelación no se retrotraerá a la fecha en que se cargó electrónicamente el documento si son distintas. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Si el recurso apelativo se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación del recurso. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de un recurso apelativo en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte apelante será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del recurso, una copia de la cubierta o primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(B) Cuando la presentación física del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, la apelación se formalizará con la presentación del original del escrito de apelación en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada, junto con el arancel correspondiente.

Si se presenta el original del recurso de apelación de modo físico en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y la hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y

dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.

(C) […]

.   .     .     .        .      .    .     .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para consignar la presentación electrónica del recurso mediante el SUMAC. También se aclara que la fecha que se considerará propiamente como la fecha de presentación del recurso será la fecha del pago de los derechos arancelarios, cuando esta sea distinta a la fecha en que se cargaron los documentos al SUMAC. Asimismo, se consigna que la plataforma electrónica emitirá un comprobante de que se acredita la presentación exitosa del recurso en la plataforma electrónica, el cual reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta que se concrete el pago de los derechos arancelarios.

Se establece cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias en que se presente un recurso de apelación mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma creará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, si no existe un expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito, debidamente sellada con la fecha y la hora de su presentación, dentro del término dispuesto en el inciso (A).

En consideración a lo exceptuado por la Regla 2.1 de nueva creación, se mantiene el requisito de presentar ante la Secretaría del Tribunal de Apelaciones un original del recurso y su apéndice correspondiente cuando sea necesario presentar el recurso físicamente. Se elimina el requisito de presentar tres copias del recurso.

.   .     .     .        .      .    .     .

Se mantiene el inciso (C) para disponer cómo presentar, cuando sea necesario conforme a las disposiciones de la Regla 2.1 de este Reglamento, el recurso de apelación físicamente en el Tribunal de

Apelaciones o ante la Secretaría del Tribunal de Primera Instancia apelado.

Por su parte, el inciso (D) se modifica bajo el entendido de que, también en conformidad con la Regla 2.1 de este Reglamento, el SUMAC y la Secretaría del Tribunal de Apelaciones son equivalentes. En concordancia, toda vez que la regla general es la presentación electrónica, se mantiene parte del lenguaje original para establecer qué debe ocurrir cuando la presentación se realiza, a manera de excepción, de forma física. Se elimina el requisito de presentar tres copias de las mociones y cualesquiera otros escritos posteriores.

.    .    .    .    .    .    .    .    .

*Regla 16 — Contenido del escrito de apelación en casos civiles*

El escrito de apelación contendrá:

(A) […]

(B) […]

(C) […]

(D) Número de páginas

El escrito de apelación no excederá de veinticinco páginas cuando el expediente sea físico y treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas, conforme a lo dispuesto en la Regla 70(D).

.    .    .    .    .    .    .    .    .

*Regla 23 — Término para presentar la apelación*

(A) […]

(B) Notificación de la apelación

La presentación electrónica del recurso de apelación constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito. Una vez se presente el recurso apelativo, la plataforma electrónica emitirá una notificación que indicará el nombre y la dirección de correo electrónico de los abogados o las abogadas que

fueron notificados(as) de la presentación del recurso. Será responsabilidad de la parte apelante corroborar que la información que surja de esta notificación automática sea correcta.

Cuando la notificación electrónica no sea viable, la notificación de la presentación del escrito de apelación al Fiscal de Distrito o a la Fiscal de Distrito, y al Procurador General o a la Procuradora General, se efectuará mediante entrega personal, por correo certificado con acuse de recibo o mediante un servicio similar de entrega por una compañía privada con acuse de recibo, dentro del término de treinta días dispuesto para la presentación del recurso, siendo este un término de cumplimiento estricto.

.     .     .     .     .     .     .     .     .     .

*Comentario: Enmiendas del 2025:*

Se modifica el inciso (B) para establecer que la presentación electrónica de una apelación constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito, ya que la plataforma electrónica permitirá incluir la información de contacto de los abogados y las abogadas. En estos casos, la plataforma generará una notificación que incluirá la información de quienes se les notificó de la presentación del recurso.

*Regla 24 — Presentación y notificación al tribunal*

(A) La apelación se formalizará con la presentación del escrito de apelación en la Secretaría del Tribunal de Apelaciones.

Si el recurso apelativo se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación del recurso. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de un recurso apelativo en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte apelante será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho horas siguientes a la presentación del recurso, una copia de la cubierta o de la primera página del escrito debidamente sellada con

la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(B) Cuando la presentación física del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, la apelación se formalizará con la presentación del original del escrito de apelación en la Secretaría del Tribunal de Apelaciones. La parte apelante será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

La apelación podrá formalizarse también con la presentación del escrito de apelación en el Tribunal de Primera Instancia que dictó la sentencia. En ese caso, la parte apelante deberá notificar a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación, ya sea mediante entrega personal o por correo, el original del escrito de apelación debidamente sellado con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(C) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación se presentarán solamente en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En este caso, también podrán enviarse por correo, pero si tuviesen términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del Tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes en el recurso, y en la moción o en el escrito se certificará la forma en que se hizo la notificación. No será necesaria la notificación al Fiscal de Distrito o a la Fiscal Distrito de tales mociones y escritos posteriores, salvo que el tribunal o una regla aplicable disponga lo contrario.

Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de

correo electrónico de estos y estas que consta en el RUA.

.      .       .       .       .          .        .        .        .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para que refleje que, como norma general, la presentación del recurso de apelación criminal debe hacerse mediante el SUMAC. De este modo se atempera la regla a la presentación electrónica del recurso mediante esa plataforma. Además, se dispone cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias en que se presente un recurso de apelación mediante el SUMAC. En los casos en que exista un expediente electrónico en el Tribunal de Primera Instancia, la plataforma generará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, cuando se trate de un recurso apelativo de una determinación en un procedimiento judicial sin expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito, debidamente sellada con la fecha y la hora de su presentación, dentro del término dispuesto en el inciso (A).

Por otra parte, se enmienda el inciso (B) para que refleje la posibilidad excepcional de presentar la apelación criminal de modo físico, ya sea en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que emitió la sentencia apelada. Se elimina el requisito de presentar tres copias del recurso.

.      .       .       .       .          .        .        .        .

*Regla 28 — Contenido de los alegatos en casos criminales*

.      .       .       .       .          .        .        .        .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (B) para suprimir la referencia al número de fax como información que debe obrar en la cubierta por encontrarse en desuso.

El inciso (D) se modificó para propósitos de aumentar de veinticinco a treinta y cinco páginas el número máximo de páginas que deben tener los alegatos en una apelación criminal cuando el expediente sea electrónico.

.      .      .      .        .       .      .      .

*Regla 33 — Presentación y notificación*

(A) Manera de presentar el recurso

El recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones se formalizará con la presentación del escrito en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación del recurso de *certiorari*. Por lo tanto, la fecha de presentación del recurso no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Si la solicitud de *certiorari* se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación del recurso. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de una solicitud de *certiorari* en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte peticionaria será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya dictado la determinación recurrida, dentro de las cuarenta y ocho horas siguientes a la presentación del recurso, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

Cuando la presentación física del recurso de *certiorari* sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, el recurso se formalizará con la presentación del original del escrito en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada, junto con el arancel correspondiente.

Cuando el recurso de *certiorari* se presente de modo

físico en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte peticionaria deberá notificar con copia de la cubierta o de la primera página del recurso, debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido, dentro de las setenta y dos horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. De presentarse el recurso de *certiorari* en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión, la Secretaría del tribunal recurrido retendrá una copia del escrito de *certiorari* y la parte peticionaria notificará a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado debidamente sellado por la Secretaría del tribunal recurrido, con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(B) […]

.    .    .    .    .    .    .    .    .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aclarar que, como norma general, la presentación del recurso de *certiorari* deberá hacerse mediante el SUMAC junto con el pago del arancel correspondiente, cuando aplique. Cuando sea necesaria la presentación física, se elimina el requisito de presentar tres copias del recurso.

Además, se dispone cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias en que se presente un recurso de *certiorari* mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma creará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, cuando se trate de un recurso de *certiorari* de un procedimiento judicial sin expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito, debidamente sellada con la fecha y la hora de su presentación dentro del término dispuesto en el inciso (A).

.    .    .    .    .    .    .    .    .

*Regla 37 — Oposición a la expedición del auto de "certiorari"*

. . . . . . . .

*Comentario: Enmiendas del 2025:*

Esta regla se enmendó para aumentar el número límite de las páginas que deberá contener el escrito de oposición a la expedición del *certiorari*, de veinticinco a treinta y cinco cuando el expediente sea electrónico. Esto, en consideración a que la Regla 70(A) se enmendó para reducir el tamaño del papel. Se enmienda el inciso (C) para que el texto refleje la distinción entre cómo debe prepararse el apéndice y su índice correspondiente tanto en los casos en que el expediente sea electrónico como en los casos en que sea físico. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

. . . . . . . .

*Regla 43 — Presentación y notificación*

(A) Manera de presentar el recurso

Las solicitudes de *certiorari* que se sometan a la consideración del Tribunal de Apelaciones se formalizarán con la presentación del escrito en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación de la solicitud de *certiorari*. Por lo tanto, su fecha de presentación no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que la solicitud fue sometida. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Si la solicitud de *certiorari* se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el

expediente del caso del Tribunal de Primera Instancia que notificará la presentación de la solicitud. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de un recurso de *certiorari* en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte peticionaria será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya emitido la determinación recurrida, dentro de las cuarenta y ocho horas siguientes a la presentación del recurso, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

Cuando la presentación física de la solicitud de *certiorari* sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, la solicitud se formalizará con la presentación del original de esta en la Secretaría del Tribunal de Apelaciones o en la Secretaría del tribunal recurrido.

Cuando la solicitud de *certiorari* se presente en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, con una copia de esta debidamente numerada y sellada con la fecha y la hora de presentación.

Cuando la solicitud se presente de modo físico en la Secretaría del tribunal recurrido, la parte peticionaria deberá notificar a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, con la original de esta debidamente sellada por la Secretaría del tribunal recurrido y con la fecha y la hora de presentación.

Los términos dispuestos aquí son de cumplimiento estricto.

(B) […]

.      .      .      .      .      .      .      .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aclarar que, como norma general, la presentación de la solicitud de *certiorari* deberá hacerse mediante el SUMAC junto con el pago del arancel correspondiente. Se dispone cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias que se presente un recurso

de *certiorari* mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma creará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, si no existe un expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación, dentro del término dispuesto en el inciso (A).

.     .     .     .     .     .     .     .     .

*Regla 59 — Contenido del recurso de revisión*

.     .     .     .     .     .     .     .     .

*Comentario: Enmiendas del 2025:*

.     .     .     .     .     .     .     .     .

En el inciso (A)(3) se suprime el requisito de incluir en la cubierta del recurso "el número que se le asigne en el Tribunal de Apelaciones" cuando el expediente sea electrónico. De este modo se atempera la regla a la automatización del proceso de asignar los números de caso que supone la presentación de los recursos mediante el SUMAC.

Además, se modifica en términos generales el lenguaje del inciso (B) para atemperarlo a los cambios de la Regla 75.

Se modifica el lenguaje del inciso (C)(1)(c) para fortalecer la obligación de las partes de notificar al tribunal sobre casos relacionados, conforme se modificó en las Reglas 16 y 34.

El inciso (D) se enmendó para aumentar a treinta y cinco el número máximo de páginas de que deberá constar el recurso cuando el expediente sea electrónico.

Se enmienda el inciso (E)(4) para que el texto refleje la distinción entre cómo debe prepararse el apéndice y su índice correspondiente, tanto en los casos en que el expediente es electrónico como en los casos en que es físico. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

.    .    .    .    .    .    .    .    .

*Regla 63 — Alegato en oposición de la parte recurrida*

.    .    .    .    .    .    .    .    .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aumentar de veinticinco a treinta y cinco el número máximo de páginas de que deberá constar el recurso cuando el expediente sea electrónico, ya que la Regla 70(A) también se enmendó con el propósito de reducir el tamaño del papel que la parte apelante utilizará para el recurso presentado electrónicamente, de ocho y media pulgadas de ancho por catorce pulgadas de largo (8.5″ x 14″) a ocho y media pulgadas de ancho por once pulgadas de largo (8.5″ x 11″). Así también se enmienda el inciso (C) con el propósito de que el texto refleje la distinción entre cómo debe prepararse el apéndice y su índice correspondiente, tanto en los casos en que el expediente es electrónico como en los casos en que es físico. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

.    .    .    .    .    .    .    .    .

*Regla 70 — Forma de los escritos; copias*

(A) Todo escrito que se presente ante el Tribunal de Apelaciones deberá utilizar papel tamaño carta de ocho y media pulgadas de ancho por once pulgadas de largo. Cuando se trate de expedientes físicos, se deberá utilizar el tamaño legal de ocho y media pulgadas de ancho por catorce pulgadas de largo, y deberá estar impreso por un solo lado. En ambos casos, el escrito estará a doble espacio, en tipo pica o mayor (excepto las citas directas y las notas al calce) con un margen izquierdo no menor de una y media pulgada, y un margen derecho no menor de media pulgada. Si se utiliza un procesador de palabras, el texto se preparará en letra tipo *courier* o una letra similar de tamaño 12, y cuando el expediente sea físico, se imprimirá con letras íntegras.

.    .    .    .    .    .    .    .    .

*Regla 74 — Apéndices*

En los casos en que, conforme a estas reglas, las partes acompañen un apéndice como parte de un escrito, su presentación deberá cumplir con lo siguiente:

(A) Todos los documentos del apéndice se organizarán en orden cronológico. Si el apéndice contiene más de un documento, estará precedido de un índice que indicará la entrada del expediente electrónico en que aparece cada documento. Los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada (ejemplo: Ent. #123) y la(s) página(s) del documento al que hace referencia.

Cuando se trate de una presentación en papel, se numerarán consecutivamente y se ordenarán los documentos en orden cronológico. En este caso, si el apéndice contiene más de un documento, estará precedido de un índice que indicará la página en que aparece cada documento.

(B) […]

(C) […]

(D) […]

(E) […]

(F) Previa autorización del Tribunal de Apelaciones, cuando el apéndice o el documento que se incluirá en este sea voluminoso, su reproducción sea onerosa o, por excepción, no se pueda presentar electrónicamente según la Regla 2.1, la parte podrá presentar una sola copia de estos en un disco compacto (CD) o en un dispositivo USB. Se identificará con el epígrafe abreviado y el número del expediente, si lo tuviera. Su contenido deberá estar en formato "pdf" (Portable Document Format) únicamente, por lo que no se aceptará otro formato. Podrá también solicitar la elevación de los autos originales en lugar de la presentación de documentos o escritos voluminosos.

.     .      .     .      .      .      .      .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para incorporar que en el índice se deberá hacer referencia a la entrada del documento en el expediente electrónico cuando estén disponibles en el SUMAC del Tribunal de Primera Instancia. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto

constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

Se enmienda el inciso (F) con el fin de autorizar la presentación del apéndice en un disco compacto o dispositivo USB en aquellos casos cuya presentación electrónica del apéndice sería onerosa debido a que el expediente físico del Tribunal de Primera Instancia o el expediente administrativo es voluminoso. Esta autorización también aplicará a la presentación del apéndice de los recursos que, por excepción, no se puedan presentar electrónicamente, según dispone la Regla 2.1 (*Normas de interpretación sobre la presentación electrónica*).

.     .     .     .     .     .     .     .     .

*Regla 79 — Órdenes en auxilio de jurisdicción*

.     .     .     .     .     .     .     .     .

(E) Cualquier solicitud de orden bajo esta regla se ajustará, en cuanto a su forma y contenido, a las disposiciones de las Reglas 68 y 70; llevará el mismo epígrafe del caso principal; deberá notificarse a las demás partes y a cualquier persona contra quien se solicita un remedio mediante el método que asegure que estas queden notificadas de la solicitud simultáneamente con su presentación, y hará constar la notificación en la propia solicitud. Si se presenta la solicitud de orden el mismo día en que se presenta el recurso, la notificación simultánea de dicha solicitud incluirá la notificación del recurso con su apéndice. A los fines de la notificación simultánea a la que se refiere esta regla, podrán utilizarse los métodos de notificación personal, por teléfono o por correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente de su presentación.

(F) […]

.     .     .     .     .     .     .     .     .

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (C) para aclarar que el tribunal tiene discreción para emitir, a iniciativa propia, una orden en auxilio de jurisdicción, aun cuando una solicitud al respecto pueda incumplir con uno o más requisitos de este Reglamento, cuando no se trate de disposiciones de carácter jurisdiccional.

Estas enmiendas tendrán vigencia inmediata.

Notifíquese por correo electrónico al Director Administrativo de los Tribunales, al Juez Administrador del Tribunal de Apelaciones, a la Secretaria del Tribunal de Apelaciones, a la Directora de la Oficina de Comunicación, al Director de la Oficina de Prensa, a la Directora de la Oficina de Educación y Relaciones con la Comunidad, al Director Ejecutivo de la Academia Judicial Puertorriqueña y a la Directora del Secretariado de la Conferencia Judicial y Notarial.

Publíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada Rivera Pérez emitió una expresión de conformidad a la cual se le unió la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Feliberti Cintrón y el Juez Asociado señor Candelario López:

> La entrada en vigor del Sistema Unificado de Manejo y Administración de Casos en el Tribunal de Apelaciones (SUMAC TA) requirió la revisión de todas las disposiciones del Reglamento del Tribunal de Apelaciones. Las enmiendas aprobadas entraron en vigor a partir del 16 de junio de 2025. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025). Posteriormente, y como parte de los talleres formativos, la comunidad jurídica compartió varias inquietudes y sugerencias que dieron paso a las enmiendas que hoy aprobamos.
>
> Entre las reglas enmendadas se encuentra el inciso (B)(1) de la Regla 7, el cual dispone la forma en que se asignarán los casos a los respectivos paneles. La referida norma, hoy aprobada, claramente establece como **único criterio para su asignación la fecha y hora de la presentación.** Esta enmienda representa un cambio importante en la asignación de los recursos instados ante el Tribunal de Apelaciones por lo cual considero meritorio contextualizar su relevancia.
>
> El 4 de noviembre de 2021, se emitió la Orden Administrativa OAJP-2021-086, la cual tuvo el efecto de cambiar la asignación de los recursos a partir del 10 de enero de 2022, creando la norma de casos relacionados. Esta directriz estableció que todo recurso que surja de un caso ante el Tribunal de Primera Instancia, o de un trámite administrativo, el cual, a su vez, haya generado un recurso de revisión apelativa anterior, se asignará al panel al cual se asignó el recurso anterior. Además, dispuso que si al momento de la

asignación del recurso ulterior los jueces y juezas del Panel que habían atendido el recurso anterior aún laboran en el Tribunal de Apelaciones, pero ya no son parte del mismo panel, estos se constituirán en un "Panel Especial" para considerar y adjudicar dicho recurso. Esta norma de asignación fue establecida con el objetivo de garantizar la continuidad y eficiencia en la solución de casos ante el foro intermedio, y así asegurar que "el trámite apelativo no sea en detrimento de la pronta solución del caso ante el Tribunal de Primera Instancia". Véase OAJP-2021-086, pág. 4. No obstante, la realidad es que esta normativa no solo atenta contra el criterio único de asignación de fecha y hora de presentación, sino que, además, no contribuye a la disposición equitativa que pretende la regla. Por el contrario, esta norma dio paso a más inhibiciones y, por ende, la creación de múltiples paneles especiales. Incluso, al presente, no existe evidencia o data empírica que demuestre la efectividad de esta normativa de casos relacionados. En cambio, ha creado desequilibrio en la asignación de casos. De hecho, lo que es fácilmente constatable es que esta disposición ha provocado la creación de numerosos paneles especiales y una distribución de trabajo inequitativa.

Además, la norma de casos relacionados no consideró el efecto que puede tener en las partes el análisis de las distintas controversias que pudieran surgir dentro de un mismo caso, las cuales, en virtud de esta norma, son atendidas por un mismo panel que ha tenido contacto previo con la prueba. Por tanto, más allá de tratarse de un asunto meramente cuantitativo, es imprescindible analizar esta norma desde una perspectiva cualitativa, a la luz de los principios básicos del debido proceso de ley.

Por otro lado, se ha señalado que la asignación de recursos utilizando la directriz de casos relacionados ayuda a evitar que unos paneles revisen o dejen sin efecto determinaciones de paneles anteriores en un mismo caso. Sin embargo, considero importante puntualizar que, en nuestro ordenamiento jurídico, existe la doctrina conocida como la "ley del caso", la cual es una manifestación de que las adjudicaciones deben tener fin y su propósito es velar por el trámite ordenado de

los litigios. *Rosso Descartes v. BGF*, 187 DPR 184, 192 (2012). De esta forma, las partes pueden conducirse en el pleito sobre directrices judiciales confiables y certeras. *Núñez Borges v. Pauneto Rivera*, 130 DPR 749, 754 (1992). En virtud de esta doctrina, es la norma que **los planteamientos que han sido adjudicados en el ámbito judicial, a través de un dictamen firme, constituyen la ley del caso y, por eso, sus determinaciones y asuntos decididos obligan tanto al tribunal inferior, como al que las dictó, impidiendo que puedan ser reexaminados.** *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018); *Cacho Pérez v. Hatton Gotay y otros*, 195 DPR 1, 8-9 (2016), *Rosso Descartes v. BGF,* supra; *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606-607 (2000). Como vemos, la doctrina de la "ley del caso" propicia la estabilidad y certeza en las decisiones emitidas, tanto en el litigio ante el Tribunal de Primera Instancia, como en la disposición de los recursos considerados por los distintos paneles que componen el Tribunal de Apelaciones. Al amparo de esta doctrina, un Panel no puede reexaminar lo resuelto por otro. Además, nuestro reglamento dispone que, en asuntos donde existe un conflicto entre decisiones previas del Tribunal de Apelaciones, las partes pueden acudir mediante el recurso de apelación. Véase, Regla 18 inciso (b) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXII-B.

En virtud de lo anterior, hoy pautamos, al enmendar la Regla 7(B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que el único criterio que debe permear al momento de asignar los recursos es **la fecha y hora de la presentación.** Solo podrá saltarse este orden en los casos de inhibiciones, recusaciones y no intervenciones. De igual manera, quedan exceptuados de esta normativa los recursos de personas confinadas e indigentes presentados por derecho propio. En suma, la enmienda alcanzada propende al equilibrio en la carga de trabajo y asegura la uniformidad en los procedimientos.

La Jueza Presidenta Oronoz Rodríguez emitió un voto particular disidente al cual se le unió el Juez Asociado señor Colón Pérez.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:

Enmiendas al Reglamento del          EM-2025-03
Tribunal de Apelaciones


La Jueza Presidenta ORONOZ RODRÍGUEZ emitió un Voto particular disidente al cual se le unió el Juez Asociado señor Colón Pérez


En San Juan, Puerto Rico, a 19 de diciembre de 2025.

Es un principio ampliamente reconocido que, en la medida en que sea viable, un mismo panel del Tribunal de Apelaciones debe atender los diversos recursos que genere un mismo caso. Este principio brinda uniformidad, eficiencia y rapidez a la administración judicial, pues permite que los planteamientos ulteriores sean considerados por jueces y juezas que ya conocen el tracto procesal del caso y que están en mejor posición para comprender las controversias que subsisten.

Precisamente por estas razones, disiento de la determinación de este Tribunal que dispone que los casos del Tribunal de Apelaciones se asignen "siguiendo

como criterio único la fecha y la hora de su presentación", pues ese criterio de asignación prescinde de consideraciones esenciales que brindan coherencia institucional y manejo eficiente en los asuntos apelativos.

La rigidez normativa que hoy se adelanta carece de base legal alguna y no guarda relación con la experiencia práctica. Por el contrario, se aparta de las mejores prácticas en la administración judicial, al imponer una regla inflexible que limita innecesariamente la capacidad del Tribunal de Apelaciones para atender eficientemente su carga de trabajo y asegurar coherencia en sus decisiones.

La experiencia de los últimos cuatro (4) años, producto de la Orden Administrativa OAJP2021-086, demuestra que el sistema de asignación hasta hoy vigente, bajo el cual un mismo panel del Tribunal de Apelaciones es llamado a atender los recursos sucesivos de un mismo caso, resulta ser el más óptimo y eficiente para su funcionamiento, en beneficio de las partes a quienes dicho foro debe proveer un servicio rápido y de excelencia.

Nótese, por ejemplo, que tras los primeros dos (2) años de implementación de este sistema (2021-2022 y 2022-2023), la cantidad de casos pendientes ante el Tribunal de Apelaciones se redujo dramáticamente, alcanzando "la cifra de recursos pendientes […] más baja que hemos tenido desde los inicios del Tribunal en el 1995". Véase, *Anuario Estadístico del Tribunal de Apelaciones, Año Fiscal 2021- 2022 y 2022-2023*, pág. 27. La explicación es sencilla: el

panel que conoce mejor los hechos base, el tracto procesal y las controversias prevalecientes se encuentra en la mejor posición para atender el asunto con eficiencia y rapidez.

Es altamente deseable que un mismo panel pase juicio, tantas veces como sea necesario, sobre los asuntos relacionados con un mismo caso. No existe fundamento jurídico ni razón de política pública para sostener lo contrario.

Por su propia naturaleza, el trabajo de un(a) juez(a) de apelaciones necesariamente conlleva adjudicar, más de una vez, en el mismo caso o en diferentes casos, controversias similares o idénticas, ya sea en términos fácticos o jurídicos. Ello se ha considerado enteramente compatible con la función judicial, pues el trabajo judicial previo <u>no</u> constituye una justificación válida para inhibirse de trabajo judicial posterior.[1] Sino fuera así, toda moción de reconsideración tendría que referirse a un panel enteramente distinto al que resolvió el caso.

Si un panel del Tribunal de Apelaciones ya ha pasado juicio sobre una controversia en un caso específico, no existe justificación para negarle continuidad al trabajo del panel original y asignar un recurso ulterior relacionado a

---

[1] Véase, *Liteky v. United States*, 510 US 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *US v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005); *Omega Eng. v. Omega*, 432 F.3d 437 (2d Cir. 2005); *United States v. Ayala*, 289 F.3d 16 (1st Cir. 2002); *US v. Widgery*, 778 F.2d 325, 328 (7th Cir. 1985); *Hepperle v. Johnston*, 590 F.2d 609 (5th Cir. 1979); *Weber v. Garza*, 570 F.2d 511 (5th Cir. 1978); *Lessard v. City of Allen Park*, 249 F. Supp. 2d 871, 876-880 (E.D. Mich. 2003); *Obert v. Republic Western Ins. Co.*, 190 F.Supp.2d 279 (D.R.I. 2002).

un panel distinto. Esto genera el riesgo de que una misma controversia sea resuelta de manera distinta en el mismo caso, además de imponer una carga adicional e innecesaria a jueces y juezas que se verían obligados y obligadas a reexaminar asuntos ya analizados y adjudicados por otro panel.

Así pues, no solamente es válido que un mismo panel pase juicio, de ser necesario, más de una vez, sobre una misma controversia en un caso, sino que ello es lo más deseable en términos de una eficiente y coherente administración de la justicia.

En este contexto, la asignación mediante la cual un mismo panel era el llamado a atender los recursos sucesivos de un mismo caso constituyó la solución más eficaz para brindar coherencia institucional en los dictámenes del Tribunal de Apelaciones. De hecho, la experiencia demostró que la doctrina de la "ley del caso" resultaba insuficiente para prevenir conflictos prácticos cuando distintos paneles atendían recursos relacionados, ya que dicha doctrina no constituye un "límite al poder de los tribunales" ni es de "aplicación absoluta".[2] Incluso, su efecto es limitado cuando un panel deniega expedir un auto de *certiorari*, lo que permitió que un panel siguiente adoptara una postura distinta, sin que propiamente ello implicara una violación de la doctrina de la ley del caso.

---

[2] *Mgmt. Adm. Servs. Corp. v. ELA*, 152 DPR 599, 608 (2000).

Esta limitación ha quedado evidenciada en nuestras decisiones recientes, en las que nos hemos visto en la necesidad de intervenir para corregir determinaciones contradictorias emitidas por el foro apelativo intermedio en un mismo caso. Por ejemplo, así ocurrió en *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022), en el cual este Tribunal tuvo que intervenir luego de que un panel desestimara un recurso por prematuro, y otro panel desestimara el recurso por tardío.

En fin, considero que el sistema de asignación debió mantenerse según implantado en la Orden Administrativa OAJP2021-086, pues ha servido bien al País, aligerando la resolución de recursos en el Tribunal de Apelaciones y proveyendo mayor uniformidad y coherencia a los dictámenes de dicho foro. Su eliminación resulta injustificada e innecesaria, por lo cual respetuosamente disiento del curso de acción que hoy se sigue.

Maite D. Oronoz Rodríguez
Jueza Presidenta

**REGLAMENTO DEL TRIBUNAL DE APELACIONES
(IN RE REGLAMENTO DEL TRIBUNAL DE APELACIONES, RESOLUCIÓN ER-2004-10,
APROBADA EL 21 DE JULIO DE 2004, SEGÚN ENMENDADO)\***

\* *In re Enmdas. Regl. TA*, Resolución ER-2017-07, aprobada el 19 de julio de 2017, 198 DPR 626 (2017); *In re Enmdas. Reglamento TA*, Resolución ER-2018-03, aprobada el 23 de febrero de 2018, 199 DPR 850 (2018); *In re Aprobación Enmdas. Regl. TA*, Resolución ER-2025-01, aprobada el 24 de abril de 2025, 215 DPR \_\_\_ (2025); y la Resolución de 19 de diciembre de 2025, ER-2025-03.

# REGLAMENTO DEL TRIBUNAL DE APELACIONES

## TABLA DE CONTENIDO

**PARTE I   EL TRIBUNAL** ...........................................................................................................1

Regla 1 — Título; autoridad para adoptarlas ...............................................................1

Regla 2 — Interpretación; propósitos .........................................................................1

Regla 2.1 — Normas de interpretación sobre la presentación electrónica .................................2

Regla 3 — Organización y sello ...................................................................................3

Regla 4 — Administración ...........................................................................................4

Regla 5 — El Secretario o la Secretaria .......................................................................7

Regla 6 — Término de operaciones del tribunal ..........................................................12

Regla 7 — Funcionamiento ..........................................................................................13

Regla 8 — Trámite de los recursos ..............................................................................17

Regla 9 — Inhibición; recusación; no intervención .....................................................17

Regla 10 — Decisión en los méritos .............................................................................19

Regla 11 — Forma de las decisiones; publicación y divulgación..................................20

Regla 12 — Informes sobre la labor rendida ................................................................21

Regla 12.1 — Norma de interpretación de las disposiciones sobre notificación y forma ......................22

**PARTE II  APELACIONES DE SENTENCIAS EN CASOS CIVILES**

Regla 13 — Término para presentar la apelación .........................................................23

Regla 14 — Presentación y notificación.......................................................................27

Regla 15 — Certificación de notificación .....................................................................30

Regla 16 — Contenido del escrito de apelación en casos civiles...................................31

Regla 17 — Apelaciones conjuntas o consolidadas ......................................................35

Regla 18 — Efecto de la presentación del escrito de apelación en casos civiles .....................................36

Regla 19 — Reproducción de la prueba oral.................................................................37

Regla 20 — Transcripción; exposición narrativa estipulada; .......................................37

Regla 21 — Alegato suplementario..............................................................................38

Regla 22 — Alegato de la parte apelada.......................................................................38

**PARTE III    APELACIONES DE SENTENCIAS EN CASOS CRIMINALES**

Regla 23 — Término para presentar la apelación .........................................................39

Regla 24 — Presentación y notificación al tribunal......................................................40

Regla 25 — Apelaciones conjuntas o consolidadas ................................................................42

Regla 26 —Contenido del escrito de apelación en casos criminales ...................................43

Regla 27 — Efecto de la presentación de un escrito de apelación en un caso criminal ........................45

Regla 28 — Contenido de los alegatos en casos criminales ..................................................45

Regla 29 — Trámite para la reproducción de la prueba oral en apelaciones y "certiorari" criminales
................................................................................................................................47

Regla 30 — Solicitud de fianza en apelación .........................................................................48

Regla 30.1 — Apelaciones de confinados y de indigentes......................................................48

**PARTE IV**    *CERTIORARI*

Regla 31 — En general ..............................................................................................................49

Regla 32 — Término para presentar el recurso de "certiorari"...........................................49

Regla 33 — Presentación y notificación...................................................................................51

Regla 34 — Contenido de la solicitud de "certiorari" ...........................................................54

Regla 35 — Efecto de la presentación de la solicitud de "certiorari" .................................58

Regla 36 — Mociones y escritos posteriores ...........................................................................59

Regla 37 — Oposición a la expedición del auto de "certiorari" ...........................................60

Regla 38 — Órdenes de mostrar causa; expedición del auto de "certiorari" ............................61

Regla 39 — Alegatos..................................................................................................................62

Regla 40 — Criterios para la expedición del auto de "certiorari"........................................63

**PARTE V** *CERTIORARI* **DE CASOS ORIGINADOS EN LA COMISIÓN ESTATAL DE ELECCIONES**

Regla 41 — En general ..............................................................................................................63

Regla 42 — Término para presentar el recurso .....................................................................65

Regla 43 — Presentación y notificación...................................................................................66

Regla 44 — Forma de la solicitud de certiorari en casos originados en la Comisión Estatal de Elecciones
................................................................................................................................68

Regla 45 — Efectos de la presentación de la solicitud de "certiorari" y de su expedición ....................68

Regla 46 — Oposición a la expedición del auto de "certiorari" ...........................................69

Regla 47 — Mociones y escritos posteriores ...........................................................................70

Regla 48 — Notificación de los escritos..................................................................................70

Regla 49 — Trámite coetáneo a la decisión sobre expedición del auto de "certiorari"; notificación....72

Regla 50 — Autos originales .....................................................................................................73

Regla 51 — Disposición del recurso.........................................................................................74

Regla 52 — Reconsideración; mandatos...................................................................................75

Regla 53 — Disposiciones generales ..................................................................................76

**PARTE VI**    *HÁBEAS CORPUS Y MANDAMUS*

Regla 54 — Aplicabilidad ...............................................................................................76

Regla 55 — Contenido del escrito de hábeas corpus o mandamus; tramitación del recurso ................77

**PARTE VII**    **REVISIÓN DE DECISIONES ADMINISTRATIVAS**

Regla 56 — En general ....................................................................................................80

Regla 57 — Término para presentar el recurso de revisión............................................80

Regla 58 — Presentación y notificación del recurso de revisión....................................81

Regla 59 — Contenido del recurso de revisión ...............................................................83

Regla 60 — Competencia.................................................................................................87

Regla 61 — Efectos de la presentación del recurso de revisión; comparecencia del Estado; bienes fungibles.........................................................................................................87

Regla 62 — Mociones y escritos posteriores ..................................................................88

Regla 63 — Alegato en oposición de la parte recurrida .................................................89

Regla 64 — Órdenes de comparecencia...........................................................................90

Regla 65 — Resolución del recurso .................................................................................91

Regla 66 — Reproducción de la prueba oral....................................................................91

Regla 67 — Procedimiento de recurso de revisión especial ...........................................92

**PARTE VIII**    **REGLAS APLICABLES A TODOS LOS RECURSOS**

Regla 68 — Mociones.......................................................................................................94

Regla 69 — Firma de las alegaciones, mociones y otros escritos; sanciones ..........................95

Regla 70 — Forma de los escritos; copias........................................................................97

Regla 71 — Notificaciones ...............................................................................................99

Regla 72 — Plazos para presentar escritos; prórrogas ...................................................100

Regla 73 — Alegatos de la parte apelada, recurrida o interventora...............................101

Regla 74 — Apéndices .....................................................................................................102

Regla 75 — Índices...........................................................................................................104

Regla 76 — Reproducción de la prueba oral....................................................................105

Regla 77 — Legajo ...........................................................................................................108

Regla 78 — Solicitud para litigar in forma pauperis ......................................................110

Regla 79 — Órdenes en auxilio de jurisdicción...............................................................110

Regla 80 — Vistas orales, sesiones e informes................................................................112

Regla 80.1 — Consolidación de Recursos........................................................................113

Regla 81 — Comparecencia como amicus curiae ..................................................................115

Regla 82 — Sustitución de partes ..........................................................................................116

Regla 83 — Desistimiento y desestimación...........................................................................116

Regla 83.1 — Dictamen sin fundamentos adecuados...........................................................118

Regla 84 — Moción de reconsideración; mandatos .............................................................119

Regla 85 — Costas y sanciones ..............................................................................................121

Regla 86 — Corrección de autos ...........................................................................................122

Regla 87 — Disposiciones diversas .......................................................................................122

Regla 88 — Cláusula derogatoria ..........................................................................................122

Regla 89 — Vigencia...............................................................................................................123

# REGLAMENTO DEL TRIBUNAL DE APELACIONES

## PARTE I      EL TRIBUNAL

*Regla 1 − Título; autoridad para adoptarlas*

Estas reglas se conocerán y se citarán como reglamento del Tribunal de Apelaciones, y regirán los procedimientos ante dicho tribunal.

Estas reglas las adopta el Tribunal Supremo conforme a la autoridad concedídale por el Art. V de la Constitución del Estado Libre Asociado de Puerto Rico y lo dispuesto en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada.

*Comentario*:

Se ajusta el lenguaje de esta regla a las disposiciones de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

*Regla 2 − Interpretación; propósitos*

Estas reglas se interpretarán de modo que propicien un sistema de justicia que provea acceso para atender los reclamos de la ciudadanía, que sea sensible a la realidad particular de los distintos componentes de nuestra sociedad y que informe a la ciudadanía sobre sus derechos y responsabilidades, conforme a los propósitos dispuestos en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

A tales fines, este Reglamento está dirigido a:

(1) Ofrecer acceso fácil, económico y efectivo al tribunal, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos.

(2) Promover la efectiva, rápida y uniforme adjudicación de casos complejos, procedimientos especiales o asuntos que ameriten atención particular.

(3) Implantar el principio rector de que las controversias judiciales se atiendan en los méritos y no se desestimen los recursos por defectos de forma o de notificación que no afecten los derechos de las partes.

(4) Facilitar la comparecencia efectiva de ciudadanos y ciudadanas por derecho propio e *in forma pauperis.*

(5) Establecer mecanismos y sistemas eficientes para la clasificación de recursos, el movimiento de los casos y el término de su resolución.

(6) Promover el uso de la tecnología para propiciar la atención ágil y diligente de las controversias judiciales y los procesos administrativos ante el Tribunal de Apelaciones.

*Comentario*:

Esta regla sustituye la Regla 2 del Reglamento del Tribunal de Circuito de Apelaciones de 1996 (Reglamento del TCA de 1996).

Las disposiciones de esta regla han sido adoptadas según los propósitos enunciados en la Exposición de Motivos y en las disposiciones pertinentes de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 sobre los fines y propósitos que la guían (Arts. 1.002, 4.002, 4.004 y 5.008), así como en las normas jurisprudenciales del Tribunal Supremo interpretativas del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se añade un inciso (6) con el fin de incluir la tecnología como uno de los propósitos de este Reglamento. De esta forma, se armoniza la presentación y notificación electrónica de documentos mediante el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*Regla 2.1 — Normas de interpretación sobre la presentación electrónica*

Cónsono con los propósitos de este Reglamento se establece que, a partir de la implementación del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), todos los recursos y demás escritos, así como las resoluciones y decisiones judiciales, deberán presentarse y tramitarse a través de esta plataforma electrónica o cualquier otra que le sustituya, según autorizada por el Juez Presidente o la Jueza Presidenta del Tribunal Supremo. La presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones. De igual forma, para fines de la presentación electrónica de documentos, una firma electrónica equivaldrá a una firma en manuscrito o de puño y letra.

Se exceptúa de lo anterior: (1) aquellos documentos que no puedan presentarse electrónicamente mediante el SUMAC por tratarse de una persona litigante que se represente por derecho propio, hasta tanto se implemente la tecnología necesaria para esto y se tomen las medidas administrativas correspondientes; (2) todo documento u objeto que, por su propia naturaleza, por ley o por orden judicial no pueda presentarse electrónicamente; (3) aquellos documentos que por problemas técnicos asociados a la plataforma electrónica no puedan presentarse electrónicamente. Estos documentos u

objetos se presentarán físicamente en la Secretaría del Tribunal de Apelaciones, salvo que por orden judicial o administrativa se disponga de otra manera.

La presentación electrónica de documentos ante el Tribunal de Apelaciones cumplirá con lo dispuesto en las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos, según enmendadas.

Los recursos y demás escritos presentados previo a la implementación del SUMAC continuarán su trámite en papel y permanecerán en sus expedientes físicos originales.

*Comentario: Enmiendas del 2025:*

Las disposiciones de esta regla han sido adoptadas en virtud de la autoridad concedida al Juez Presidente o a la Jueza Presidenta del Tribunal Supremo por la Regla 67.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 67.6, y por la Regla 254 de Procedimiento Criminal, 34 LPRA Ap. II, R. 254, según enmendadas por la Ley Núm. 148-2013 y la Ley Núm. 149-2013, respectivamente.

Cualquier referencia a la discreción que posee la Jueza Presidenta o el Juez Presidente del Tribunal Supremo para autorizar la utilización de una plataforma electrónica distinta al SUMAC debe entenderse extensiva a cualquier funcionario(a) en quien este(a) delegue dicha facultad, incluido(a) el Director Administrativo o la Directora Administrativa de los Tribunales.

Como norma general, la presentación electrónica de documentos en el SUMAC constituirá la presentación de documentos en el Tribunal y en la Secretaría. El SUMAC equivaldrá a la Secretaría del Tribunal de Apelaciones. No obstante, se reconocen algunas excepciones para permitir la presentación no electrónica.

Por último, se establece que aquellos recursos y demás escritos presentados previo a la implementación del SUMAC continuarán su trámite en papel y permanecerán en sus expedientes físicos originales.

*Regla 3 – Organización y sello*

(A) Este tribunal intermedio apelativo se conocerá como el Tribunal de Apelaciones de Puerto Rico, se compondrá del número de jueces y juezas dispuesto por ley, su sede y su Secretaría estarán en la ciudad de San Juan y se organizará conforme a lo dispuesto por la ley y este Reglamento.

(B) El sello del Tribunal de Apelaciones de Puerto Rico será similar al adoptado para el Tribunal Supremo, sustituyéndose el nombre de este por el de aquel. El sello digital será

equivalente al sello de goma del Tribunal de Apelaciones.

*Comentario*:

Esta regla corresponde a la Regla 3 del Reglamento del TCA de 1996. Dispone también el nuevo nombre del Tribunal de Apelaciones, según lo dispone el Art. 2.001 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

Todas las disposiciones de este Reglamento como los de otros cuerpos reglamentarios y leyes, deberán adoptar el cambio de nombre y sustituir "Tribunal de Circuito de Apelaciones" por "Tribunal de Apelaciones".

*Comentario: Enmiendas del 2025:*

Con el fin de atemperar el Reglamento del Tribunal de Apelaciones a los procesos de la presentación y notificación electrónica de documentos mediante el SUMAC, se enmienda el inciso (B) para hacer constar que el sello digital del Tribunal de Apelaciones será equivalente al sello de goma. La enmienda realizada consideró la Circular Núm. 32 del Año Fiscal 2022-2023 que fue aprobada por el Director Administrativo de los Tribunales para establecer las disposiciones administrativas necesarias para el uso de la firma y el sello digital en el Poder Judicial de Puerto Rico.

*Regla 4 − Administración*

(A) A tenor del Poder Constitucional que le confiere el Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, el Juez Presidente o la Jueza Presidenta designará a un Juez Administrador o una Jueza Administradora, y aquellos Jueces Administradores Auxiliares y Juezas Administradoras Auxiliares que sean necesarios, quienes desempeñarán sus cargos a discreción del Juez Presidente o Jueza Presidenta y serán responsables de la administración y el buen funcionamiento del Tribunal de Apelaciones.

(B) En cuanto a lo no provisto en estas reglas o en cualesquiera otras reglas y reglamentos aplicables para el funcionamiento administrativo del Tribunal de Apelaciones, el Juez Presidente o la Jueza Presidenta, o por su delegación, el Director Administrativo o la Directora Administrativa de los Tribunales, o el Juez Administrador o la Jueza Administradora, dictarán las órdenes y las reglas de aplicación general.

En cualquier asunto relacionado con la administración del personal del Tribunal de Apelaciones, estas reglas se consideran supletorias al Reglamento de Administración del Sistema de Personal de la Rama Judicial.

(C) La designación del Juez Administrador o la Jueza Administradora y de cualquier Juez Administrador Auxiliar o Jueza Administradora Auxiliar será por el término de dos años,

a menos que el Juez Presidente o la Jueza Presidenta disponga otra cosa.

(D) El Juez Presidente o la Jueza Presidenta podrá relevar de sus funciones administrativas al Juez Administrador o a la Jueza Administradora, o a cualquier Juez Administrador Auxiliar o Jueza Administradora Auxiliar, cuyo término no haya vencido, a solicitud de estos o cuando, a su juicio, las necesidades del servicio lo exijan así.

(E) El Juez Administrador o la Jueza Administradora, asistido o asistida por el Juez Administrador Auxiliar o la Jueza Administradora Auxiliar, será responsable, por delegación del Juez Presidente o de la Jueza Presidenta, de la gestión administrativa del Tribunal de Apelaciones. El Juez Administrador o la Jueza Administradora tendrá, entre otras, las funciones siguientes:

(1) Hacer que se cumplan los sistemas y procedimientos administrativos establecidos por el Tribunal Supremo, por el Juez Presidente o la Jueza Presidenta, o por el Director Administrativo o la Directora Administrativa de los Tribunales.

(2) Establecer y hacer cumplir los procedimientos administrativos relativos a las áreas susceptibles de reglamentación uniforme para el Tribunal de Apelaciones para las cuales no se haya dispuesto en este Reglamento o por norma del Tribunal Supremo, del Juez Presidente o de la Jueza Presidenta, o de la Oficina de Administración de los Tribunales. El Juez Administrador o la Jueza Administradora lo deberá notificar inmediatamente al funcionario o a la funcionaria, o a la entidad correspondiente.

(3) Estar sujeto a y colaborar con la Oficina de Administración de los Tribunales en la implantación de toda medida administrativa que se disponga para fines del desarrollo y mejoramiento del sistema.

(4) Desempeñar las funciones y responsabilidades administrativas que le sean delegadas por el Juez Presidente o la Jueza Presidenta, o por el Director Administrativo o la Directora Administrativa de los Tribunales.

(5) Hacer recomendaciones al Tribunal Supremo, al Juez Presidente o a la Jueza Presidenta y al Director Administrativo o a la Directora Administrativa de los Tribunales sobre todo asunto dirigido a facilitar, acelerar y uniformar los sistemas y procedimientos administrativos en el Tribunal de Apelaciones.

(6) Coordinar la utilización de los recursos humanos y fiscales asignados al Tribunal de Apelaciones, de forma que propenda a la eficiencia del sistema.

(7) Adoptar las medidas administrativas internas que sean necesarias para proveer un acceso fácil, económico y efectivo al tribunal, y para agilizar el trámite de los casos y la pronta disposición de los asuntos judiciales.

(8) Permitir la comparecencia efectiva y económica de partes que comparezcan por derecho propio o *in forma pauperis* mediante procedimientos y mecanismos especiales, incluyendo la preparación de formularios a tales fines.

(9) Rendir los informes periódicos requeridos por el Juez Presidente o la Jueza Presidenta, por el Tribunal Supremo o por el Director Administrativo o la Directora Administrativa de los Tribunales.

(10) Distribuir y supervisar, con sujeción a este Reglamento y a las normas que sobre este particular adopte el Juez Presidente o la Jueza Presidenta, los asuntos judiciales y la carga de trabajo entre los paneles.

(11) Designar Jueces y Juezas sustitutos o reasignar recursos a otros paneles para atender los asuntos judiciales cuando sea necesario por razón de inhibiciones, recusaciones, vacaciones, enfermedad o ausencia de un Juez o una Jueza, de acuerdo con lo dispuesto por este Reglamento.

(12) Establecer planes de trabajo especiales, en casos de renuncia, jubilación o retiro de un Juez o de una Jueza, para hacer viable la atención de todos los asuntos pendientes. Tales planes de trabajo podrán incluir el relevo del Juez o de la Jueza del trabajo en panel por un término que no exceda de treinta días laborables.

(13) Diseñar informes para recopilar información sobre la labor del Juez o de la Jueza, los paneles, el tiempo transcurrido en la resolución de los casos y la forma de su disposición.

(14) Dictar las órdenes necesarias para la solución rápida de los casos que no han recibido una determinación final en el término de dos años de presentados.

*Comentario*:

Esta regla corresponde a la Regla 4 del Reglamento del TCA de 1996. Las disposiciones en cuanto a la administración directa del Tribunal de Apelaciones por el Juez Presidente o la Jueza Presidenta, o por el Director Administrativo o la Directora Administrativa de los Tribunales, obedecieron al establecimiento inicial de este tribunal. Por lo tanto, se atemperan las disposiciones de administración a las circunstancias actuales, teniendo siempre la facultad el Juez Presidente o de la Jueza Presidenta de designar como Juez Administrador o Jueza Administradora a la persona que entienda deba administrar el tribunal, quien desempeñará el cargo a su discreción.

Los subincisos (7), (8), (12) y (14) del inciso (E) de esta regla incorporan responsabilidades y funciones del Juez Administrador o de la Jueza Administradora, a fin de adoptar las guías de la nueva ley de la Judicatura, esto es, proveer acceso fácil y económico al tribunal. Así también, permitir que se atiendan los asuntos judiciales con mayor eficiencia

y efectividad, asunto cubierto también en la Regla 8.

Específicamente, los subincisos (7) y (8) acogen la directriz del Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, de que las reglas que adopte el Tribunal Supremo deberán permitir el acceso fácil, económico y efectivo al Tribunal de Apelaciones y permitir la comparecencia efectiva de partes que comparezcan por derecho propio e *in forma pauperis.*

*Regla 5 — El Secretario o la Secretaria*

La Secretaria o el Secretario o del Tribunal de Apelaciones será responsable del buen manejo de su oficina con la ayuda del personal bajo su supervisión. Su oficina estará abierta al público desde las ocho y treinta de la mañana hasta las cinco de la tarde. Ahora bien, la Secretaría siempre se considerará abierta para fines de la presentación electrónica de escritos y para la expedición de cualquier resolución, sentencia o mandamiento. Además, la Secretaria o el Secretario podrá ampliar el horario de apertura de su oficina al público o implantar un horario extendido mediante cualquier mecanismo apropiado para permitir la presentación de escritos que no puedan ser tramitados electrónicamente, de forma que las partes hagan efectiva su comparecencia, en protección de sus derechos. La Secretaria o el Secretario estará autorizada o autorizado para aumentar las horas de oficina a todos los empleados y las empleadas, o a algunos de ellos, cuando así lo requiera el trabajo del tribunal. La Secretaria o el Secretario estará a cargo de las funciones siguientes:

(A) Recibir y archivar todo documento que se presente y guardar todos los expedientes físicos con la debida seguridad. También estará a cargo de velar por la exactitud del expediente electrónico.

(B) Estampar la fecha y la hora de presentación en todos los documentos que se presenten en papel, de conformidad con lo dispuesto en la Regla 2.1 de este Reglamento. Para los casos tramitados por la vía electrónica, la plataforma incluirá de modo automático un timbre con la fecha y la hora de presentación de los documentos.

(C) Velar por que todos los escritos que se presenten al tribunal cumplan con las disposiciones de este Reglamento. Cuando cualquier escrito no cumpla con dichas disposiciones, no se realice la presentación electrónica correctamente o ante la insuficiencia del pago de aranceles, cuando aplique, la Secretaria o el Secretario informará el hecho a la parte que presente el escrito, a su abogado o abogada para que, de no tratarse de exigencias jurisdiccionales, tenga oportunidad para corregir la deficiencia a la brevedad posible. La Secretaria o el Secretario no tendrá autoridad para rechazar documento alguno por incumplimiento con requisitos impuestos por ley o por reglamento, salvo cuando no vengan acompañados de los aranceles establecidos por ley,

no se subsane dentro de los términos jurisdiccionales y de cumplimiento estricto dispuestos por ley y este reglamento, o no se acredite la aplicabilidad de una exención arancelaria mediante la solicitud correspondiente.

(D) Sujeto a las indicaciones del Juez Administrador o de la Jueza Administradora, establecer sistemas para recopilar datos de los casos a su entrada al sistema recogiendo, entre otras, información sobre su naturaleza, la materia y el asunto de que trata, la Región Judicial de donde proviene, la agencia, la instrumentalidad o el organismo recurrido y si la comparecencia es por derecho propio o *in forma pauperis.*

(E) Llevar un registro de cada caso o asunto que se presente ante el tribunal de acuerdo con su naturaleza y con el formato que para este propósito seleccione el Juez Administrador o la Jueza Administradora. Toda la información a que se refiere el inciso (D), documento, incidente procesal, órdenes y decisiones formarán parte del registro del caso.

(F) Producir los informes del registro de casos que sean necesarios para la distribución de los recursos por Región Judicial, materia o características de los casos, o para preparar la información estadística que le requiera el Juez Administrador o la Jueza Administradora.

(G) Cancelar inmediatamente el pago de derechos arancelarios o hacer constar que la parte está exenta del pago de derechos arancelarios, según aplique. Asimismo, llevar el registro de aranceles pagados en recursos presentados tanto ante el Tribunal de Primera Instancia como en el Tribunal de Apelaciones, y preparar los informes que se le requieran por tal concepto.

(H) Notificar a las partes de toda decisión del tribunal y dejar constancia de la fecha de su registro y de su notificación a las partes.

(I) Preparar y expedir, bajo su firma y con el sello del tribunal, los mandamientos requeridos mediante sentencia o resolución que ordene a determinada persona cumplir con lo dispuesto por el tribunal. Igualmente, expedir el mandamiento al alguacil o a la alguacila para que este o esta notifique a determinada persona o personas cualquier decisión del tribunal. Tanto la firma digital como el sello digital serán equivalentes a la firma en manuscrito y al sello de goma del Tribunal de Apelaciones.

(J) En el caso de los expedientes físicos, archivar y conservar, en su debido orden, todos los pronunciamientos del tribunal y cualquier otro documento bajo su custodia. También, en el caso de los expedientes electrónicos, velar por la exactitud de estos.

(K) Incluir en los expedientes las copias de los recursos presentados ante el Tribunal Supremo como secuela de la decisión de un caso en el Tribunal de Apelaciones y el correspondiente mandato, así como informar prontamente a los Paneles

correspondientes sobre la disposición final de los recursos presentados ante el Tribunal Supremo.

(L) En el caso de los expedientes físicos, mantener dentro del tribunal el expediente original bajo su custodia o cualquier documento que forme parte de dicho expediente, excepto por orden del Panel de Jueces o Juezas que atiende el caso en particular.

(M) Expedir copias certificadas de los expedientes y documentos públicos bajo su custodia mediante una solicitud y previo el pago de los derechos que fija la ley. Asimismo, viabilizar la expedición de copias certificadas de los documentos que obran en el expediente electrónico.

(N) Preparar un calendario de las vistas orales y otras vistas que el tribunal decida celebrar.

(O) Custodiar el sello de goma del tribunal. Todos los documentos firmados por la Secretaria o el Secretario, en original o digital, que tengan estampado el sello de goma o el digital, se considerarán auténticos.

(P) Preparar informes estadísticos, entre otros, sobre el movimiento de los casos, la carga de trabajo por Panel y por juez o jueza, el tiempo transcurrido en la resolución de los casos y sobre los recursos desestimados y la causa de su desestimación.

(Q) Notificar al Juez Administrador o a la Jueza Administradora la relación de los casos que, en el término de dos años a partir de su presentación, no han recibido una determinación final.

(R) Cargar oportunamente a la plataforma digital los recursos y otros escritos presentados físicamente en la Secretaría por problemas técnicos asociados a esta plataforma; por tratarse de litigantes por derecho propio, hasta tanto se implemente la tecnología que permita que estas partes presenten sus escritos directamente en la plataforma y se tomen las medidas administrativas necesarias para esto; o por haber sido autorizado por el tribunal.

(S) Desempeñar todas las demás funciones que se le asignen.

*Comentario*:

Esta regla corresponde a la Regla 5 del Reglamento del TCA de 1996.

Los incisos (B), (C), (D), (F), (G), (H), (J), (K), (L), (M) y (N) del Reglamento del TCA de 1996 fueron reorganizados para agruparlos según el tema o asunto que tratan, de modo que todos los incisos de la regla sigan un orden temático. Se revisó el inciso (B) para

disponer que las deficiencias en los escritos que no traten sobre exigencias jurisdiccionales, puedan ser corregidas por el abogado o la abogada, o por la parte presentante, en un tiempo razonable. El lenguaje adoptado es cónsono con lo dispuesto en el Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 de reducir el número de recursos desestimados por defectos de forma o de notificación y de proveer oportunidad razonable para la corrección de dichos defectos. Acorde con esto, se mantiene la disposición de la regla anterior al efecto de que el Secretario o la Secretaria no tendrá autoridad para rechazar documento alguno por incumplimiento con los requisitos de ley o de reglamento.

Por otro lado, la regla añade nuevos incisos y disposiciones para recoger los propósitos que motivaron la aprobación de la ley, específicamente en cuanto a los propósitos y objetivos del Tribunal de Apelaciones. A esos efectos, la regla establece medidas que permiten un acceso fácil, inmediato, económico y efectivo a los ciudadanos y las ciudadanas con reclamos válidos y garantizan una solución rápida y económica de los casos. Estas son:

1. La Secretaría tendrá un horario de 8:30 a.m. a 5:00 p.m., lo cual permite que esté abierta al público durante el mediodía. El Secretario o la Secretaria podrá también ampliar el horario de apertura al público o implantar un horario extendido para permitir la presentación de escritos y la comparecencia efectiva de las partes (párrafo introductorio de la regla).

2. Se establece un sistema de recopilación de datos sobre la Región Judicial o agencia de procedencia, materia y asunto del caso, entre otros, además de si la comparecencia es por derecho propio o *in forma pauperis* (incisos (D) y (E)). El Secretario o la Secretaria, por su parte, deberá producir los informes de dicho registro que sean necesarios para la distribución de los recursos, materia o características de los casos, según lo dispuesto en el Art. 4.007 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (inciso (F)).

3. El Secretario o la Secretaria deberá preparar informes sobre el tiempo transcurrido en la resolución de los casos y sobre los recursos desestimados, y la causa de su desestimación, entre otros informes estadísticos (inciso (P)). Dichos informes tienen como propósito implantar los principios y objetivos de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 sobre una solución rápida de los casos (Art. 1.002) y de reducir al mínimo el número de recursos desestimados (Art. 4.004).

4. El Secretario o la Secretaria deberá notificar al Juez Administrador o a la Jueza Administradora la relación de los casos que al término de dos años de su presentación no hayan recibido una determinación final (inciso (Q)). Este inciso se adopta en cumplimiento con el Art. 5.008 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

Se añade también un inciso (G) para que la Secretaria o el Secretario lleve un registro de los aranceles pagados en el procedimiento apelativo en casos que sean presentados tanto ante el Tribunal de Primera Instancia (TPI) como directamente en el Tribunal de Apelaciones, y prepare los informes que se le requieran por tal concepto. La regla anterior no disponía sobre el registro de aranceles, ya que al momento de su adopción no se habían aprobado las enmiendas a la Ley de Aranceles que establecieron el pago de aranceles para los recursos de apelación, *certiorari* y revisión administrativa, y los demás escritos y documentos que se presentan ante el tribunal apelativo. Este Reglamento aclara también en la Regla 14 el proceso de cancelación de aranceles cuando el recurso se presenta en el TPI, asunto que ha sido objeto de confusión y de diferentes normas administrativas.

Finalmente, se establece en un inciso separado el deber de la Secretaria o del Secretario de desempeñar todas las demás funciones que se le asignen, disposición que antes estaba recogida en el inciso (A) de la regla anterior.

*Comentario: Enmiendas del 2025:*

Con el fin de atemperar el Reglamento del Tribunal de Apelaciones a los procesos de la presentación y notificación electrónica de documentos mediante el SUMAC, se enmendaron varios incisos de la Regla 5 para que se refleje la presentación de recursos en formato electrónico por el SUMAC, sin descartar las funciones tradicionales de la Secretaría, que son propias de la presentación de recursos y escritos judiciales.

En primer lugar, el texto enmendado reconoce que la entrada en vigor del SUMAC configura la existencia de un tribunal electrónico que siempre se considera abierto para fines de la presentación electrónica de escritos. Esto significa que la plataforma se mantendrá hábil las veinticuatro horas del día, los siete días de la semana.

Asimismo, se enmendaron varios incisos de la regla, para que reflejen la realidad de una Secretaría que manejaría tanto expedientes en papel como expedientes electrónicos. Las enmiendas son las siguientes:

1. En el inciso (A) se codifica la obligación de la Secretaria o del Secretario de velar por la exactitud del expediente electrónico.

2. En el inciso (B) se añade un texto en el que se considera, por un lado, la obligación de la Secretaria o del Secretario de estampar la fecha y la hora de presentación en los escritos que se presenten en papel, así como la automatización de este proceso en los casos que se presenten a través del SUMAC.

3. En el inciso (C) se incorpora la potestad de la Secretaria o del Secretario para rechazar documentos cuando no vengan acompañados de los aranceles establecidos por ley, norma que se estableció al disponerse el arancel único de presentación. La sección 6 de la

Ley Núm. 17 de 11 de marzo de 1915, según enmendada, Ley de Aranceles de Puerto Rico, 32 LPRA sec. 1482, dispone expresamente que la persona que se disponga a entablar cualquier acción de naturaleza civil o recurso en Puerto Rico y que no pueda pagar los derechos arancelarios correspondientes, puede presentar una declaración jurada en la que acredite su incapacidad de satisfacer dicho pago, tras lo cual el juez o la jueza a cargo del caso adjudicará si procede autorizar la presentación sin el pago del arancel único. Consecuentemente, debe inferirse que, si la persona presentante no satisface el pago del arancel único y tampoco presenta la declaración jurada acreditativa de su incapacidad de pago, la Secretaria o el Secretario tiene la potestad de rechazar el documento.

4. En el inciso (G) se consigna la obligación de la Secretaria o del Secretario de cancelar el pago de derechos arancelarios.

5. En el inciso (I) se hace constar que tanto la firma digital como el sello digital serán equivalentes a la firma en manuscrito y al sello de goma del Tribunal de Apelaciones.

6. En el inciso (M) se garantiza la expedición de copias certificadas electrónicas de los documentos que obran en los expedientes electrónicos.

7. En el inciso (O) se refleja que la obligación de custodiar el sello del Tribunal de Apelaciones incluye tanto los documentos presentados en papel en los casos cuyo expediente sea físico, como los archivos en formato digital que se presentan en los casos que han sido incoados de forma electrónica.

8. Se añade un inciso (R) en el que se codifica la obligación de la Secretaria o del Secretario de cargar al SUMAC los recursos o escritos presentados físicamente en la Secretaría por litigantes por derecho propio, por partes autorizadas por el Tribunal de Apelaciones o en la eventualidad de que la plataforma electrónica enfrente problemas técnicos.

9. Finalmente, el inciso (R) original sobre la obligación de desempeñar cualquier otra función que se le asigne, se renombró como el inciso (S).

*Regla 6 — Término de operaciones del tribunal*

El Tribunal de Apelaciones operará de forma continua durante todo el año. Los jueces y las juezas podrán disfrutar sus vacaciones en forma compatible con las necesidades del servicio.

*Comentario*:

Esta regla corresponde a la Regla 6 del Reglamento del TCA de 1996.

A los fines de ampliar el acceso al tribunal, se modifica la regla que disponía un receso

por dos meses, a la luz de la realidad vigente de que el Tribunal de Apelaciones opera de forma continua todo el año.

*Regla 7 – Funcionamiento*

(A) Paneles

(1) El Tribunal de Apelaciones funcionará en paneles de no menos de tres jueces y juezas, y no más de siete jueces y juezas, designados(as) por el Juez Presidente o la Jueza Presidenta según lo dispuesto por este Reglamento. Las sesiones y vistas podrán celebrarse en la sede del Tribunal de Apelaciones, en el Centro Judicial de la Región Judicial correspondiente del Tribunal de Primera Instancia donde se originó el asunto bajo su consideración, o en cualquier otro lugar dispuesto por el Panel que tenga a su cargo el asunto, siempre en coordinación con el Juez Administrador o la Jueza Administradora.

(2) El Juez Presidente o la Jueza Presidenta designará a los Presidentes y las Presidentas de Paneles en orden estricto de antigüedad entre los jueces y las juezas disponibles. El Juez Administrador o la Jueza Administradora deberá presidir el Panel en que participe, el cual siempre será el "Panel I del Tribunal de Apelaciones". El resto de los Paneles serán presididos por el juez o la jueza de mayor antigüedad en estricto orden de la totalidad de los y las miembros del tribunal, excepto cuando el juez o la jueza rechace la designación o cuando sea removido por justa causa. En esas situaciones, lo sustituirá el próximo juez o jueza con más antigüedad. Los Jueces Presidentes y las Juezas Presidentas de Panel se asignarán del "Panel II" en adelante, en orden descendente de antigüedad.

(3) El Juez Presidente o la Jueza Presidenta designará Paneles para que atiendan aquellos casos que se les asignen con independencia de la Región Judicial en que se originen.  A cada Panel se le asignará una identificación, que no estará delimitada por Región Judicial. El proceso para completar la composición de los Paneles será aleatorio. Consistirá en la celebración de un sorteo en que se colocarán en una tómbola todos los nombres de los jueces y las juezas del Tribunal de Apelaciones que no presiden Paneles. Deberá levantarse un acta notarial sobre este proceso. Este sorteo será abierto al público. Luego de la celebración del primer sorteo, se deberá realizar una redistribución anual de los Paneles del Tribunal de Apelaciones, excepto los Presidentes y las Presidentas de Panel a los que alude el inciso anterior. En la redistribución anual deberá seguirse el proceso aleatorio antes descrito.

(4) Conforme sus prerrogativas constitucionales, recogidas en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el Juez Presidente o la Jueza Presidenta podrá asignar según disponga el Pleno del Tribunal Supremo, por reglamento, por virtud de requerimientos del servicio, jueces y juezas del Tribunal de Apelaciones para laborar en el Tribunal de Primera Instancia, jueces y juezas del Tribunal de Primera Instancia

para laborar en el Tribunal de Apelaciones o de designarlos individualmente para atender un caso o asunto, o cualquier encomienda relacionada con el Poder Judicial.

(B) Asignación de casos

(1) Una vez constituidos los Paneles se asignarán los casos siguiendo como criterio único la fecha y la hora de su presentación. Solo podrá saltarse el orden establecido en casos de inhibiciones, recusaciones y no intervenciones. El Presidente o la Presidenta de cada Panel, a su vez, asignará sin dilación los recursos a sus miembros utilizando como criterio único la fecha y la hora de presentación, independientemente sea un Panel Regular o Especial o sean casos nuevos o relacionados. La asignación de cada caso al interior de cada Panel será proporcional entre sus miembros y comenzará con el juez o la jueza de mayor antigüedad. Los casos de personas confinadas e indigentes presentados por derecho propio se asignarán proporcionalmente a los Paneles, independientemente de la fecha y la hora de su presentación.

La Secretaria o el Secretario del Tribunal de Apelaciones llevará un listado aparte para la asignación de casos nuevos en los que se presente una moción en auxilio de jurisdicción u otra moción urgente junto con el nuevo recurso. Estos casos se asignarán a los Paneles siguiendo como criterio único la fecha y la hora de su presentación y de conformidad con cualquier orden administrativa del Juez Presidente o de la Jueza Presidenta. Solo podrá saltarse el orden establecido en casos de inhibiciones, recusaciones o no intervenciones.

En caso de que un juez o una jueza se inhiba, recuse o no intervenga en un caso del Panel al que pertenece, el Juez Administrador o la Jueza Administradora deberá designar un Panel Especial para atender el asunto. El Panel estará compuesto por los jueces o las juezas restantes y uno o una que el Juez Administrador o la Jueza Administradora designe. Esta designación se hará por orden invertido de antigüedad, comenzando con el juez o la jueza de menor antigüedad que no forme parte del Panel del juez sustituido o de la jueza sustituida y terminando con el juez o la jueza de mayor antigüedad.[1]

En cuanto a la composición de los Paneles especiales que se constituyen durante el periodo de verano, también deberá respetarse el principio de antigüedad en cuanto a la Presidencia de estos.

Los jueces y las juezas del Panel que atendieren un asunto o recurso, continuarán constituidos en Panel hasta su resolución, sin perjuicio de sus responsabilidades en otros Paneles.

(2) Todos los jueces y todas las juezas de cada Panel intervendrán en el despacho y

---

[1] La designación de jueces y juezas para sustituir en Paneles especiales se inspira en la Regla 4 (b) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B.

resolución de los asuntos sometidos. Los jueces y las juezas podrán acordar por escrito, con la aprobación del Juez Administrador o de la Jueza Administradora, que se emitan resoluciones de despacho por mayoría. La expedición de un auto discrecional requerirá el voto de los jueces y las juezas. Las decisiones se identificarán como originadas en el Panel que las emite, haciendo constar los jueces y las juezas que lo componen.

(3) Las mociones de reconsideración se resolverán por el Panel compuesto por los mismos jueces y juezas que emitieron la decisión, asignándose la atención de estas a un juez distinto o a una jueza distinta de quien suscribió la orden, resolución o sentencia.

(4) En situaciones procesales no previstas por las Reglas de Procedimiento Civil, de Procedimiento Criminal o por el Reglamento del Tribunal de Apelaciones, dicho foro apelativo encauzará el trámite de los casos en la forma que a su juicio sirva mejor los intereses de todas las partes, cuando esto no afecte los derechos de estas.

(5) El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía.

*Comentario*:

Esta regla corresponde a la Regla 7 del Reglamento del TCA de 1996.

Esta regla dispone la organización, el funcionamiento y la asignación de casos del Tribunal de Apelaciones. Se basa en las disposiciones de los Arts. 4.002, 4.007 y 5.005 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

(A) En conformidad con la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el Tribunal de Apelaciones funcionará en Paneles de no menos de tres jueces y juezas, y no más de siete jueces y juezas designados por el Juez Presidente o la Jueza Presidenta para atender los casos originados en las Regiones Judiciales. Se sustituye en virtud de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 el concepto de "Circuitos" por "Región Judicial", que es la forma en que está dividida la Rama Judicial para la atención de los casos.

La regla provee parámetros para la identificación de estos casos que podrán comprender casos complejos, procedimientos de leyes especiales o asuntos que ameriten atención particular, como los casos presentados *in forma pauperis* o por derecho propio.

La disposición que contempla la asignación de jueces y juezas del Tribunal de Apelaciones para laborar en el Tribunal de Primera Instancia proviene de la Regla 7(A)(4)

del Reglamento del TCA de 1996, incorporada también en el Art. 2.009 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

La asignación de casos se efectuará por el Juez Presidente o la Jueza Presidenta, según lo dispuesto por la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, quien aprobará normas internas a tales efectos.

A tenor del principio de justicia apelativa accesible, justa y eficiente, se reitera la facultad del Tribunal de Apelaciones para prescindir de términos no jurisdiccionales y de escritos en aras de dar el mayor acceso al tribunal.

*Comentario: Enmiendas del 2025:*

En términos generales esta regla se enmienda para atemperarla a lo dispuesto en la Orden Administrativa OAJP-2018-035, en virtud de la cual la Jueza Presidenta dispuso que la composición de los paneles del Tribunal de Apelaciones se determinará anualmente de forma aleatoria. No debe interpretarse que la entrada en vigor del SUMAC en el Tribunal de Apelaciones deja sin efecto o altera en alguna medida lo dispuesto en la OAJP-2018-035 o cualquiera otra que pueda emitirse con posterioridad sobre la designación de la composición de los paneles en el Tribunal de Apelaciones.

En el inciso (A)(1), se aclara que las vistas orales se celebrarán donde disponga el tribunal, en la sede del Tribunal de Apelaciones, en alguna instalación del Tribunal de Primera Instancia o en cualquier otro lugar en que el Juez Presidente o la Jueza Presidenta del Panel disponga, siempre que se coordine anticipadamente con el Juez Administrador o la Jueza Administradora.

En el inciso (B)(1), se enmendó la segunda oración para añadir que, el orden de fecha y hora de presentación de los casos establecido como criterio único para su asignación, también podrá saltarse en cuanto a los recursos que versen sobre naturaleza penal que hayan sido previamente atendidos por un Panel. Asimismo, se enmienda la tercera oración para especificar que el Presidente o la Presidenta de cada Panel Regular o Especial, según aplique, también utilizará la fecha y la hora de presentación como criterio único al asignar los casos entre las y los miembros del Panel. Se añade también que el Presidente o la Presidenta de cada Panel asignará cada caso al interior de cada Panel de manera proporcional entre sus miembros y comenzará con el Juez o la Jueza de mayor antigüedad. De otra parte, se establece que es la Secretaria o el Secretario del Tribunal de Apelaciones quien llevará un listado aparte para la asignación de casos nuevos en los que se presente una moción en auxilio de jurisdicción u otra moción urgente junto con el nuevo recurso. Por último, se aclara que la asignación de casos también tiene que ajustarse a las órdenes vigentes del Juez Presidente o de la Jueza Presidenta.

*Regla 8 − Trámite de los recursos*

(A) El trámite previo al perfeccionamiento y sometimiento de los recursos por las partes se mantendrá bajo supervisión estricta y continua. El Juez Administrador o la Jueza Administradora supervisará y asegurará que cada Presidente o Presidenta de Panel establezca los controles y métodos de supervisión necesarios para asegurar la pronta sumisión y disposición de los recursos asignados, el cumplimiento con las normas de trámite, disposición y productividad, y la evitación de dilaciones que entorpezcan la marcha de la justicia. Se establecerá un sistema de información adecuado que facilite el examen del movimiento de los casos y la disposición de los recursos.

(B) El tiempo promedio para decisión y dictamen de los casos sometidos ante la consideración de un Panel no excederá de sesenta días. Excepto en casos de extrema complejidad, el tiempo máximo no excederá de noventa días.

(C) Si dentro del término de dos años de presentado un caso no ha recibido una determinación final, el Presidente o la Presidenta del Panel informará al Juez Administrador o a la Jueza Administradora la justificación para la tardanza en su resolución.

(D) Toda reconsideración será resuelta en un término no mayor de treinta días, contados a partir del momento en que la moción quede finalmente sometida.

*Comentario*:

Esta regla corresponde a la Regla 8 del Reglamento del TCA de 1996.

La regla dispone para la más eficiente y rápida disposición de los recursos.

El inciso (C) recoge lo dispuesto en el Art. 5.008 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, para la atención de casos pendientes ante el tribunal por más de dos años.

En el inciso (D) se aclaró el lenguaje, en atención a que las mociones de reconsideración actualmente interrumpen el término para acudir al Tribunal Supremo, por lo que no es necesario acogerla para resolverla. En la Regla 84(B), sobre mociones de reconsideración, se define cuándo estas quedan sometidas.

*Regla 9 − Inhibición; recusación; no intervención*

(A) Los jueces y las juezas que componen el Tribunal de Apelaciones deberán inhibirse y podrán ser recusados y recusadas por las causas que establecen la ley y los Cánones de Ética Judicial. Los jueces y las juezas deberán enviar al Juez Administrador o a la Jueza

Administradora un listado con el nombre de las entidades, y los abogados y las abogadas en cuyos casos o asuntos no participarán por causa de inhibición.

(B) Toda moción de recusación deberá presentarse por escrito y bajo juramento, exponiendo los hechos en que se funda, tan pronto el o la presentante advenga en conocimiento de las razones que la motivan.

(C) Se dará traslado de la moción de recusación al Juez recusado o a la Jueza recusada. Este o esta podrá inhibirse *motu proprio*. Si decide no inhibirse, referirá el asunto al Juez Administrador o a la Jueza Administradora, pudiendo consignar por escrito las razones para su decisión. El Juez Administrador o la Jueza Administradora asignará la moción de recusación a otro Panel del Tribunal de Apelaciones para su resolución final.

(D) Si procediera la inhibición o recusación de un Juez o una Jueza en un caso, el Juez Administrador o la Jueza Administradora sustituirá al Juez inhibido o recusado, o a la Jueza inhibida o recusada.

(E) Cuando un o una miembro de un Panel no pueda intervenir en la decisión de algún asunto, el Juez Administrador o la Jueza Administradora asignará otro Juez u otra Jueza para la consideración del recurso, conforme al orden establecido en la Regla 7 (B) (1) de este Reglamento.

(F) Siempre que la inhabilidad de intervenir en un asunto surja por inhibición *motu proprio* de uno o una de los miembros del Panel, el Juez o la Jueza deberá expresar los motivos específicos de la inhibición en una resolución escrita, la cual será notificada a las partes.

(G) En todo caso en que, por inhibición, recusación o no intervención de un Juez o una Jueza, se emita una Orden Administrativa en la que se reasigne el recurso a otro Panel o se sustituya el Juez o la Jueza, se notificará la Orden Administrativa a las partes.

*Comentario*:

Esta regla corresponde a la Regla 9 del Reglamento del TCA de 1996.

Se incorpora el requisito de que la resolución escrita de inhibición y la Orden Administrativa del Juez Administrador o de la Jueza Administradora a que se refiere esta regla se notifiquen a las partes. El procedimiento aquí establecido simplifica la labor administrativa de este tribunal, reduciendo la creación de Paneles especiales cuando se inhibe un juez o una jueza, pudiéndose en tales casos sustituirse al juez inhibido o a la jueza inhibida. Esta regla presenta un criterio para asignar casos y no para sustituir jueces o juezas.

*Comentario: Enmiendas del 2025:*

En el inciso (A) se añade que los jueces y las juezas del Tribunal de Apelaciones, además de indicar los abogados y las abogadas, deberán incluir en la lista el nombre de las entidades en cuyos casos o asuntos no participarán por causa de inhibición.

Se aclara el alcance de la obligación judicial de resolver los casos ante sí cuando no haya razón válida para inhibirse de su adjudicación, especialmente en consideración a la vigencia de la Orden Administrativa del 4 de noviembre de 2021 (OAJP-2021-086).

*Regla 10 — Decisión en los méritos*

(A) El Panel correspondiente del Tribunal de Apelaciones resolverá los recursos ante su consideración mediante una resolución o sentencia, la cual incluirá una exposición de los fundamentos que apoyen su determinación, y cuando la naturaleza del recurso lo requiera, incluirá una relación de hechos, una exposición y un análisis de los asuntos planteados, o las conclusiones de derecho.

(B) El Juez o la Jueza que tenga el caso asignado o a quien como resultado del voto del Panel para la decisión del recurso le corresponda redactar la resolución o sentencia, circulará su ponencia dentro del término de treinta días naturales desde la fecha del voto.

(C) Circulada la ponencia a los y las integrantes del Panel, lo que se hará en forma simultánea, estos y estas tendrán un término de diez días para expresar su interés en exponer su criterio por separado. En caso de que el voto particular sea fundamentado, se tendrá un término de quince días calendario para circular el escrito que exponga la posición del juez o la jueza. Expirado el plazo de diez días o de quince días para expresarse por separado, toda ponencia que cuente con una mayoría de votos se certificará de inmediato.

(D) Las decisiones del Tribunal de Apelaciones las certificará la Secretaria o el Secretario. En toda decisión deberá constar la anuencia de los jueces y las juezas que componen el Panel o de la mayoría de estos, así como la concurrencia o disidencia de alguno en el resultado. En tales casos, se hará constar la concurrencia o disidencia del Juez o de la Jueza al final del dictamen. De emitirse por escrito un voto concurrente, disidente o particular, este será notificado junto con dicha decisión. Se entenderá que un voto concurrente, sin explicación, significa que el juez o la jueza está conforme con las partes dispositivas de la ponencia, pero no necesariamente con las demás porciones de esta.

(E) Cuando la votación del panel produzca un empate, permanecerá vigente la determinación cuya revisión se solicitó.

*Comentario*:

Esta regla corresponde a la Regla 10 del Reglamento del TCA de 1996.

Se elimina el inciso (D) anterior, sobre términos de la sesión, en virtud de lo dispuesto en la Regla 6, que trata de la operación continua del tribunal. El inciso (D) de esta regla requiere que en toda decisión que se certifique por la Secretaria o el Secretario conste la anuencia de la mayoría de los jueces y las juezas que componen el Panel; además, que cualquier voto concurrente, disidente o particular será notificado conjuntamente con dicha decisión. De esta manera, quedan claros los procesos de revisión de la decisión y se evitan dilaciones innecesarias en la adjudicación.

*Comentario: Enmiendas del 2025:*

Se aclara el alcance y el significado de un voto concurrente sin opinión escrita. Asimismo, se añade un inciso (E) para aclarar que, cuando se produzca un empate entre los(as) miembros del Panel, prevalece lo determinado por el foro revisado.

*Regla 11 — Forma de las decisiones; publicación y divulgación*

(A) El Tribunal de Apelaciones resolverá los casos atendidos en sus méritos mediante los vehículos procesales de sentencia y resolución.

(B) El término "sentencia" se refiere a la determinación final del tribunal en los méritos o por desestimación o desistimiento en cuanto a la apelación ante sí, en cuanto al recurso de revisión judicial que se atenderá como cuestión de derecho o en cuanto al recurso discrecional en el cual el tribunal ha expedido el auto solicitado.

(C) La desestimación de cualquier otro recurso por falta de jurisdicción, la determinación final del tribunal cuando este deniega discrecionalmente el auto solicitado, la disposición de otros recursos mediante el archivo por desistimiento, con o sin perjuicio, o como sanción, se denomina "resolución". Cuando el tribunal determine que la Regla 52.1 de las de Procedimiento Civil le impide expedir un auto de *certiorari*, no procederá la desestimación del recurso, sino que se denegará su expedición mediante la correspondiente Resolución, la cual no será necesario fundamentar.

(D) Las sentencias y resoluciones del Tribunal de Apelaciones estarán fundamentadas, podrán ser publicadas y podrán ser citadas con carácter persuasivo.

*Comentario*:

Esta regla corresponde a la Regla 11 del Reglamento del TCA de 1996 y a la Regla 43.1 de Procedimiento Civil.

Conforme la nueva Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, la determinación final en los recursos de revisión judicial será mediante sentencia, ya que se atenderán como cuestión de derecho.

*Comentario: Enmiendas del 2025*:

Ante las prácticas divergentes de los distintos paneles del tribunal, se aclara que, cuando el auto de *certiorari* no se puede expedir por virtud de lo dispuesto en la Regla 52.1 de las de Procedimiento Civil, lo procedente es denegar la expedición del auto, a diferencia de desestimar el recurso. Esto es lo más cónsono con el lenguaje y el propósito de la referida regla, la cual expresamente dispone que "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión".

*Regla 12 — Informes sobre la labor rendida*

(A) Cada juez o jueza del Tribunal de Apelaciones mantendrá una relación del estado de los asuntos pendientes ante su consideración y someterá mensualmente al Juez Administrador o a la Jueza Administradora, con copia al Presidente o a la Presidenta de Panel, un informe de labor dentro de los primeros diez días del mes siguiente. El Informe contendrá, entre otros, una relación de casos y asuntos asignados, los resueltos, la forma de su disposición, los pendientes de resolución al final del mes, la fecha en que los casos queden sometidos, el tiempo de sometidos y cualquier otra información que se incorpore en el impreso que a esos efectos se prepare por el Juez Administrador o la Jueza Administradora.

(B) Cada Presidente o Presidenta de Panel someterá aquellos informes sobre la labor de los Paneles que le sean requeridos por el Juez Administrador o la Jueza Administradora, entre estos, sobre el movimiento de los casos, las mociones de reconsideración y los casos desestimados.

(C) El Juez Administrador o la Jueza Administradora someterá al Juez Presidente o a la Jueza Presidenta los informes estadísticos sobre la labor rendida y el estado del Tribunal de Apelaciones con la frecuencia que este o esta tenga a bien requerirle.

*Comentario*:

Esta regla corresponde a la Regla 12 del Reglamento del TCA de 1996.

Con el propósito de tener información sobre el movimiento de los casos y de que pueda tenerse más efectiva supervisión de su manejo, esta regla, en su inciso (B), dispone para la preparación de informes por los Presidentes o Presidentas de Paneles, incluyendo

información sobre el tiempo de sometidos los casos, las mociones de reconsideración y los casos desestimados. Esta información es necesaria para el seguimiento del término en que se toma la decisión final y para determinar la forma de resolución de los casos por el Tribunal de Apelaciones. Véanse las Reglas 8 y 12.1.

*Regla 12.1 − Norma de interpretación de las disposiciones sobre notificación y forma*

Las disposiciones sobre los requisitos de notificación a las partes y al tribunal, y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones, en las Reglas de Procedimiento Civil, en las Reglas de Procedimiento Criminal para los recursos de apelación, *certiorari* y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. Por causa debidamente justificada, el Tribunal de Apelaciones deberá proveer una oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes.

*Comentario*:

Se añade esta regla, que proviene del Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el cual dispone:

> El Tribunal Supremo aprobará las reglas internas que regirán los procedimientos y la organización del Tribunal de Apelaciones, las cuales tendrán como propósito principal proveer un acceso fácil, económico y efectivo a dicho Tribunal. El reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes, y reglas que permitan la comparecencia efectiva de apelantes por derecho propio y en *forma pauperis*.

La disposición adoptada acoge también las normas jurisprudenciales del Tribunal Supremo en casos de decisiones desestimatorias del Tribunal de Apelaciones.

Esta regla sirve de guía en cuanto a los requisitos y términos de notificación y forma incluidos en este Reglamento. La determinación de si se afectan o no los derechos de las partes es de naturaleza judicial.

## PARTE II    APELACIONES DE SENTENCIAS EN CASOS CIVILES

Esta parte gobernará el trámite de las apelaciones de sentencias en casos civiles al Tribunal de Apelaciones.

*Regla 13 − Término para presentar la apelación*

(A) Presentación de la apelación

Las apelaciones contra las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia, a menos que alguna ley especial aplicable disponga un término distinto. El archivo en autos de copia de la notificación de tales sentencias será equivalente a la fecha de envío de la notificación por la plataforma electrónica designada.

En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado.

A los fines del archivo en autos al que se refiere esta regla, la fecha de envío de la notificación de la sentencia por la plataforma electrónica será equivalente al archivo en autos de copia de la notificación. De haberse notificado por correo postal, si la fecha de archivo en autos de copia de la notificación de la sentencia es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

(B) Notificación del recurso a las partes

(1) Cuándo se hará

La parte apelante notificará el recurso apelativo y los apéndices dentro del término dispuesto para la presentación del recurso, siendo este un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.

(2) Cómo se hará

La presentación electrónica de un recurso de apelación constituirá la notificación que debe efectuarse entre abogados y abogadas. Una vez se presente el recurso apelativo, la plataforma emitirá una notificación que indicará el nombre y la dirección de correo electrónico de la representación legal que fue notificada de la presentación del recurso. Será responsabilidad de la parte apelante corroborar que la información que surja de esta notificación automática sea correcta.

Será deber de la parte apelante notificar el recurso de apelación a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida según las disposiciones legales aplicables.

Cuando la notificación electrónica no sea viable, la parte apelante notificará el recurso de apelación debidamente sellado con la fecha y la hora de su presentación mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. Podrá, además, realizar la notificación mediante correo postal ordinario, entrega personal o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original y sujeto a lo dispuesto en estas reglas.

La notificación por correo postal se remitirá a los abogados o las abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de este o esta surja del registro que a esos efectos lleve el Secretario o la Secretaria del Tribunal Supremo.

La notificación por entrega personal se hará poniendo el documento en las manos de los abogados o las abogadas que representen a las partes, en las de la parte, según sea el caso, o entregarse en la oficina de los abogados o las abogadas a cualquier persona a cargo de esta. De no estar la parte o las partes representadas por abogado o abogada, la entrega se hará poniendo el documento en las manos de la parte propiamente. De no estar presente la parte, la entrega se hará en el domicilio, o a la dirección de la parte según surja de los autos, o a cualquier persona de edad responsable que se encuentre en esta.

La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o las abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia.

(3) Constancia de la notificación

Se considerará que la fecha de la notificación a las partes es la que conste en el comprobante de presentación indicando que el recurso fue sometido en la plataforma electrónica.

Cuando sea necesario notificar por correo postal, la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes.

Se considerará que la fecha de la notificación a las partes es la que conste del documento expedido por la empresa privada que demuestre la fecha en que esta recibió el documento para ser entregado a su destinatario o destinataria.

La notificación efectuada por correo postal, entrega personal, o correo electrónico, será válida si no hubiere controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario o destinataria. Se entenderá que las partes que incluyan la dirección de su correo electrónico en los autos del caso ante el Tribunal de Primera Instancia consienten a ser notificadas por estos medios.

Cualquier parte o su abogado o abogada podrá darse por notificada haciéndolo así constar al tribunal.

*Comentario*:

Esta regla corresponde a la Regla 13 de Reglamento del TCA de 1996.

El término para la presentación del escrito de apelación permanece inalterado. El cómputo del término de presentación se ajusta a lo dispuesto en la Regla 46 de Procedimiento Civil cuando la fecha del archivo en autos de una copia de la notificación y la de su depósito en el correo sean distintas.

Cónsono con lo dispuesto en la Regla 69(B), se dispone que la firma de la parte o su abogado o abogada en el recurso constituye la certificación de haberse efectuado la notificación del recurso en la fecha indicada. La norma aplica a todos los recursos.

En cuanto a su notificación a las partes, se dispone que deberá hacerse dentro del término de presentar el recurso, pero para los efectos de la notificación es un término de estricto cumplimiento. La notificación del recurso debe incluir los apéndices bajo cualquiera de los medios de notificación, incluidos los electrónicos.

La regla anterior sólo contempla tres medios para efectuar la notificación, a saber, por correo certificado con acuse de recibo, mediante un servicio similar de entrega personal con acuse de recibo y la entrega personal. En caso de entrega personal, se requiere

certificar al tribunal apelativo la forma y las circunstancias de tal diligenciamiento dentro de las cuarenta y ocho horas siguientes.

En cuanto a los medios para efectuar la notificación, el subinciso (2) añade el correo ordinario, el telefax y el correo electrónico como mecanismos válidos para notificar el escrito a las partes, siempre que el documento notificado sea copia fiel y exacta del documento original. Si no existiere controversia con estos dos últimos medios, se incorporan al procedimiento apelativo algunos de los adelantos tecnológicos de mayor uso hoy día. En este caso, las partes a ser notificadas deben haber provisto tales números al TPI y este hecho debe surgir de los autos del caso ante dicho foro. Otro componente nuevo de la regla es el subinciso (3), que regula expresamente la forma en la cual se hará constar la notificación por los diferentes medios disponibles. Se dispone expresamente que la inclusión de la información sobre los medios electrónicos ante el TPI, según surge de los autos, constituirá la anuencia de las partes a ser notificadas por estos medios.

En resumen, el texto del inciso (B) de la regla amplía los medios para efectuar la notificación del escrito de apelación y su apéndice.

Debe tenerse presente que conforme la Regla 12.1 el tribunal, por causa debidamente justificada, deberá proveer una oportunidad razonable a las partes para permitir la corrección de cualquier defecto en la notificación que no afecte los derechos de las partes.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para que refleje que el archivo en autos de copia de la notificación de las sentencias dictadas en casos civiles por el Tribunal de Primera Instancia será equivalente a la fecha de envío de la notificación por el SUMAC, según dispuesto en las Directrices Administrativas para la Presentación y Notificación Electrónica de Documentos mediante el Sistema Unificado de Manejo y Administración de Casos.

Se modifica el inciso (B)(2) para establecer que la presentación electrónica de una apelación constituirá la notificación que debe efectuarse entre abogados y abogadas, toda vez que la plataforma permitirá incluir la información de contacto de la representación legal de la parte apelada. En estos casos, la plataforma electrónica generará una notificación que incluirá la información de la representación legal que haya sido notificada de la presentación del recurso.

Por otro lado, en el segundo párrafo del inciso (B)(2), se establece que la parte apelante debe notificar el recurso apelativo a las partes que litigan por derecho propio o a cualquier otra parte que no fuera notificada automáticamente por la plataforma digital. En los supuestos en que sea necesario notificar físicamente, permanece el lenguaje original de esta regla. No obstante, se elimina la referencia al telefax por estar en desuso.

En cuanto al inciso (B)(3), se enmienda para disponer que la presentación electrónica de un recurso genera un comprobante que indica que fue sometido en el SUMAC. La fecha que aparezca en tal comprobante se considerará la fecha de notificación. La constancia de la notificación cuando sea necesario hacerlo por correo postal, permanece inalterada.

En el caso de los(as) abogados(as), se enfatiza la importancia de que mantengan su información de contacto actualizada en el Registro Único de Abogados y Abogadas (RUA), de conformidad con la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI–B, R. 9(j). Esta obligación, no solo se encuentra codificada en el Reglamento del Tribunal Supremo, sino que constituye una obligación ética cuya infracción puede acarrear sanciones disciplinarias. Véase *In re Pratts Barbarossa*, 199 DPR 594 (2018).

*Regla 14 − Presentación y notificación*

(A) La apelación se formalizará con la presentación del escrito de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación de la apelación. Por lo tanto, la fecha de presentación de la apelación no se retrotraerá a la fecha en que se cargó electrónicamente el documento si son distintas. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Si el recurso apelativo se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación del recurso. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de un recurso apelativo en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte apelante será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del recurso, una copia de la cubierta o primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(B) Cuando la presentación física del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, la apelación se formalizará con la presentación del original del escrito de apelación en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada junto con el arancel correspondiente.

Si se presenta el original del recurso de apelación de modo físico en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y la hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.

(C) Cuando sea necesario presentar el recurso de apelación en la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, la Secretaría del tribunal apelado retendrá una copia del escrito de apelación, sin apéndice, y la parte apelante notificará a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación, el original del escrito con el arancel cancelado, debidamente sellado por la Secretaría de la sede del Tribunal de Primera Instancia, con la fecha y la hora de presentación. En este caso, de enviarse por correo, la fecha del depósito del original en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Apelaciones. El término dispuesto aquí será de cumplimiento estricto.

(D) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación se presentarán solamente en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En este caso, también podrán enviarse por correo, pero si tuviesen términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes, y en la moción o escrito se certificará la forma en que se hizo la notificación. Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el Registro Único de Abogados y Abogadas (RUA).

*Comentario*:

Esta regla corresponde a la Regla 14 del Reglamento del TCA de 1996.

En lugar de la copia a entregarse al tribunal apelado se entregará sólo copia de la cubierta o de la primera página debidamente sellada. Estos cambios propician economía al ciudadano en el proceso apelativo. Los cambios sobre la página a entregar al tribunal apelado se han incorporado en las reglas sobre otros recursos, mociones y escritos. El original del escrito de apelación podrá presentarse, como hasta ahora, en la Secretaría del Tribunal de Apelaciones, en cuyo caso la notificación al TPI será dentro de las setenta y

dos horas siguientes a la presentación del escrito de apelación, o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, permaneciendo en este caso la presentación del escrito al Tribunal de Apelaciones en cuarenta y ocho horas.

Otro cambio es que, de presentarse el escrito en el tribunal apelado, la Secretaría de ese tribunal cancelará el arancel de presentación en el original. De este modo se asegura el cumplimiento con el requisito de aranceles al momento de la presentación y se evita que los sellos no cancelados se extravíen antes de que lleguen al tribunal apelativo. El envío al Tribunal de Apelaciones del escrito original con el arancel cancelado recae sobre la parte apelante debidamente sellada con la fecha y la hora de presentación. La Secretaría del tribunal apelado retendrá una copia del escrito, la que constituirá su notificación del recurso. La Secretaría del Tribunal de Apelaciones será la que prepare el informe de sellos cancelados, incluyendo los cancelados por el TPI en recursos del Tribunal de Apelaciones, según la Regla 5(G).

Si la parte apelante opta por presentar el escrito directamente en la Secretaría del Tribunal de Apelaciones, tendrá un término de setenta y dos horas, en lugar de cuarenta y ocho horas, para notificar al tribunal apelado. La práctica indica que no es necesario notificar al TPI todo el escrito y sus apéndices, pues lo necesario es que se tenga constancia de la presentación del recurso dentro del término para apelar.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para consignar la presentación electrónica del recurso mediante el SUMAC. También se aclara que la fecha que se considerará propiamente como la fecha de presentación del recurso será la fecha del pago de los derechos arancelarios, cuando esta sea distinta a la fecha en que se cargaron los documentos al SUMAC. Asimismo, se consigna que la plataforma electrónica emitirá un comprobante de que se acredita la presentación exitosa del recurso en la plataforma electrónica, el cual reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta que se concrete el pago de los derechos arancelarios.

Se establece cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias que se presente un recurso de apelación mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma creará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, si no existe un expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito, debidamente sellada con la fecha y la hora de su presentación, dentro del término dispuesto en el inciso (A).

En consideración a lo exceptuado por la Regla 2.1 de nueva creación se mantiene el requisito de presentar ante la Secretaría del Tribunal de Apelaciones un original del

recurso y su apéndice correspondiente cuando sea necesario presentar el recurso físicamente. Se elimina el requisito de presentar tres copias del recurso.

Se modifica el inciso (B) para disponer que la parte apelante deberá satisfacer el requisito de notificación del recurso al Tribunal de Primera Instancia, en el expediente electrónico o físico, según corresponda.

Se mantiene el inciso (C) para disponer cómo presentar, cuando sea necesario conforme a las disposiciones de la Regla 2.1 de este Reglamento, el recurso de apelación físicamente en el Tribunal de Apelaciones o ante la Secretaría del Tribunal de Primera Instancia apelado.

Por su parte, el inciso (D) se modifica bajo el entendido de que, también en conformidad con la Regla 2.1 de este Reglamento, el SUMAC y la Secretaría del Tribunal de Apelaciones son equivalentes. En concordancia, toda vez que la regla general es la presentación electrónica, se mantiene parte del lenguaje original para establecer qué debe ocurrir cuando la presentación se realiza, a manera de excepción, de forma física. Se elimina el requisito de presentar tres copias de las mociones y cualesquiera otros escritos posteriores.

*Regla 15 − Certificación de notificación*

La parte apelante certificará al Tribunal de Apelaciones en el escrito de apelación el método mediante el cual notificó a las partes y el cumplimiento con el término dispuesto para esto. Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el RUA.

La parte apelante podrá certificar al tribunal en una moción suplementaria cualquier cambio en cuanto a la certificación original, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación. El término dispuesto aquí será de cumplimiento estricto.

*Comentario*:

Esta regla corresponde a la Regla 15 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

En el caso de los(as) abogados(as), aun cuando la presentación del recurso se realice de forma electrónica, estos(as) mantienen el deber de incluir en el escrito la manera en que se realizó la notificación.

*Regla 16 — Contenido del escrito de apelación en casos civiles*

El escrito de apelación contendrá:

(A) Cubierta

La primera hoja del recurso constituirá la cubierta e indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) *Epígrafe*

El epígrafe del escrito de apelación contendrá el nombre de las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "apelante" y "apelado" o "apelada".

(2) *Información sobre abogados o abogadas y partes*

Se incluirá el nombre, la dirección postal, el teléfono, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, y del abogado o de la abogada de la parte apelada; o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes, si estas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) *Información del caso*

Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, la Sala que emitió la decisión, el número ante dicha Sala, la naturaleza del recurso, la materia y el asunto.

(B) Índice

Inmediatamente después, habrá un índice detallado de la solicitud de conformidad con lo dispuesto en la Regla 75 de este Reglamento.

(C) Cuerpo

(1) Todo escrito de apelación contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

    (a) En la comparecencia, el nombre de las partes apelantes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la sentencia cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Sala del Tribunal de Primera Instancia que la dictó y la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación. La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluso las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación.

(D) Número de páginas

El escrito de apelación no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas, conforme a lo dispuesto en la Regla 70(D).

(E) Apéndice

(1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un apéndice que contendrá una copia literal de:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de esta;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia física o electrónicamente, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a este;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.

(2) El Tribunal de Apelaciones, a petición de la parte apelante en el escrito de apelación, en moción o *motu proprio*, podrá permitir a la parte apelante la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de la presentación del escrito de apelación, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

La omisión de incluir los documentos del apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.

(3) Cuando la parte apelante interese que se considere en apelación cualquier prueba admitida que no sea de fácil reproducción, solicitará su elevación mediante una moción, la que deberá presentar con su escrito inicial. Cuando la parte apelante plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado una copia de la prueba ofrecida y no admitida.

*Comentario*:

Esta regla corresponde a la Regla 16 del Reglamento del TCA de 1996.

La regla incorpora cambios sustanciales. Establece una nueva cubierta que, además de la información sobre las partes y sus respectivos abogados o abogadas, contiene información sobre la Región Judicial de donde procede el caso, su naturaleza, materia y asunto, e información sobre si la parte comparece por derecho propio. Así, desde su presentación, el Tribunal de Apelaciones recopilará información esencial necesaria para la clasificación del caso y su posterior asignación, manejo y seguimiento.

La presentación de los documentos en el apéndice queda sujeta a las excepciones dispuestas tanto en la Regla 13(E)(2) como en la Regla 74.

Otro cambio importante es el referente al apéndice del recurso que deja de tener carácter jurisdiccional, siguiendo el mandato de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Arts. 4.002 y 4.004) de que se eliminen las barreras reglamentarias que han impedido impartir justicia apelativa a los ciudadanos con reclamos válidos y de que se reduzcan al mínimo el número de recursos desestimados por defectos de forma y notificación. El apéndice se presentará, como norma general, dentro del término para la presentación del recurso, pero se faculta al Tribunal de Apelaciones a permitir su presentación en una fecha posterior. Además, no se desestimará automáticamente un recurso apelativo por la omisión de documentos en el apéndice, ya que se permite la presentación posterior de cualquier documento omitido en el apéndice, a petición del apelante en el escrito, en moción o por actuación del tribunal, dentro del término de quince días a partir de la resolución del tribunal que autoriza a la parte los documentos omitidos, salvaguardando así los derechos de las partes a la justicia apelativa. Además, a tenor de la Regla 12.1, el tribunal dará oportunidad a las partes de corregir cualquier defecto de forma del recurso.

Las directrices jurisprudenciales del Tribunal Supremo sentaron pauta para las normas estatutarias específicas de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 que dan base a los cambios incorporados a esta regla. Véase, entre otros, *Román et als. v. Román et als.*, 158 D.P.R. 163 (2002).

Se eliminan, por repetitivos, los requisitos sobre el apéndice que están incluidos en la Regla 74.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso A (2) para hacer énfasis en la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de apelación en casos civiles. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Además, se elimina la referencia a la obligación de incluir el número de colegiación, en conformidad con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, 19[1] DPR 791 (2014).

En concordancia con lo requerido en el Reglamento del Tribunal Supremo de Puerto Rico en torno a la información sobre abogados o abogadas, se requerirá el número del Tribunal Supremo — es decir, el número asignado en el RUA — del abogado o de la abogada de la parte apelante o de la parte apelada, según proceda. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g) (1) (B), y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

En el inciso (A)(3) se suprime la exigencia a la parte apelante de incluir en la cubierta del recurso el número que se le asigne al caso en el Tribunal de Apelaciones, únicamente en los casos en que el expediente sea electrónico. De este modo se atempera la regla a la automatización del proceso de asignar los números de caso que supone la presentación de los recursos mediante el SUMAC.

Se modifica en términos generales el lenguaje del inciso (B) para atemperarlo a los cambios de la Regla 75.

Se modifica el lenguaje del inciso (C)(1)(c) para fortalecer la obligación de las partes de notificar al tribunal sobre casos relacionados presentados en el Tribunal de Apelaciones y en el Tribunal Supremo, lo cual ahora incluye la obligación continua de informar al respecto en cualquier momento posterior a la presentación del recurso en que se advenga en conocimiento del caso relacionado.

De otra parte, se enmendó el inciso (D) para aumentar a treinta y cinco el número máximo de páginas de que deberá constar el recurso, cuando el expediente sea electrónico. Resultaba necesario aumentar la cantidad de páginas, de modo proporcional, ya que la Regla 70(A) también se enmendó con el propósito de reducir el tamaño del papel que la parte apelante utilizará para el recurso, de ocho y media pulgadas de ancho por catorce pulgadas de largo (8.5" x 14") a ocho y media pulgadas de ancho por once pulgadas de largo (8.5" x 11").

Por último, el inciso (E)(1)(c) se enmienda para que refleje la necesidad de que las mociones emitidas por el foro apelado que formarán parte del apéndice del recurso tengan constancia de la fecha y la hora de presentación ante dicho foro, ya sea según esta consta en los documentos que son presentados vía el SUMAC, o bien el timbre de la Secretaría en el caso de los expedientes que no constan en el SUMAC por haber sido creados antes de su entrada en vigor.

*Regla 17 — Apelaciones conjuntas o consolidadas*

Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueren tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y

podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones, expedida por iniciativa propia, a solicitud de parte o por estipulación de quienes sean partes en distintas apelaciones, de conformidad con el procedimiento establecido en la Regla 80.1 de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 17 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se incorpora una referencia a la nueva Regla 80.1.

*Regla 18 — Efecto de la presentación del escrito de apelación en casos civiles*

(A) Suspensión

Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de esta, de la cual se apela, o a las cuestiones comprendidas en esta, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones, pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación.

(B) Cuándo no se suspenderá

No se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere la venta de bienes susceptibles de pérdida o deterioro. En ese caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el Tribunal de Apelaciones dicte sentencia.

No se suspenderán los efectos de una decisión apelada, salvo una orden en contrario expedida por el Tribunal de Apelaciones, por iniciativa propia o a solicitud de parte, cuando esta incluya cualesquiera de los remedios siguientes:

(1) una orden de *injunction*, de *mandamus* o de hacer o desistir;

(2) una orden de pago de alimentos;

(3) una orden sobre custodia o relaciones filiales.

*Comentario*:

Esta regla corresponde a la Regla 18 del Reglamento del TCA de 1996.

*Regla 19 — Reproducción de la prueba oral*

(A) Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta por parte del tribunal apelado, deberá reproducir la prueba oral, de conformidad con lo dispuesto en la Regla 76 de este Reglamento. Cuando promueva la disposición rápida y eficiente del recurso, el Tribunal de Apelaciones podrá relevar a las partes de reproducir la prueba oral, y requerir que sometan la regrabación del procedimiento en el tribunal apelado, detallando las porciones de la grabación concernientes al error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de esta.

(B) La parte apelante deberá acreditar, dentro del término de diez días siguientes a la presentación de la apelación, que el método de reproducción de la prueba oral que utilizará es el que propicia la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.

(C) El tribunal podrá imponer costas y sanciones a la parte o a su abogado o abogada de determinar que obstaculizaron el logro de la reproducción de la prueba oral y ocasionaron retraso en cuanto a la solución del recurso. Asimismo, podrá imponer sanciones a cualquier parte o a su abogado en los casos en que intencionalmente se le haya hecho una representación incorrecta al Tribunal de Apelaciones sobre el contenido de la prueba testifical.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales el lenguaje del inciso (A) para atemperarlo a los cambios de la Regla 76 y a la eliminación de la Regla 76.1. También se enmienda para permitir que el Tribunal de Apelaciones autorice a las partes la presentación de la regrabación del proceso judicial en sustitución de la reproducción de la prueba oral cuando promueva la disposición rápida y eficiente del recuso.

*Regla 20 — Transcripción; exposición narrativa estipulada;*

La reproducción de la prueba oral se hará conforme las disposiciones de la Regla 76.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales el lenguaje de esta Regla para atemperarlo a los cambios de la Regla 76 y a la eliminación de la Regla 76.1.

*Regla 21 − Alegato suplementario*

Cuando se cuestione la apreciación de la prueba hecha por el Tribunal de Primera Instancia, la parte apelante podrá presentar un alegato suplementario treinta días después de la presentación de la exposición estipulada o narrativa de la prueba, o de la transcripción, con el propósito de hacer referencia a las porciones de la exposición o de la transcripción que sean relevantes a sus señalamientos de error. La parte apelante indicará al tribunal, al presentar la exposición o transcripción de prueba, que presentará un alegato suplementario.

*Comentario*:

Esta regla corresponde a la Regla 21 del Reglamento del TCA de 1996.

Se añade que conjuntamente con la presentación de la exposición narrativa o estipulada, o la transcripción, el apelante debe indicar al tribunal que presentará un alegato suplementario.

*Regla 22 − Alegato de la parte apelada*

La parte apelada deberá presentar su alegato dentro de los treinta días siguientes a la presentación del escrito de apelación. Dicho alegato podrá incluir un apéndice con aquellos documentos no incluidos por la parte apelante en su apéndice que estime necesarios y pertinentes para la atención de los errores planteados.

En aquellos casos en que una porción de la prueba oral presentada ante el Tribunal de Primera Instancia va a ser traída ante la consideración del Tribunal de Apelaciones, los treinta días para presentar el alegato de la parte apelada comenzarán a contarse desde que se presente la reproducción de la prueba oral.

Cuando la parte apelante presente el alegato suplementario que se dispone en la Regla 21, la parte apelada podrá presentar un alegato de réplica dentro de los treinta días siguientes, a los únicos efectos de refutar lo expuesto en aquel.

El alegato de la parte apelada cumplirá con las exigencias dispuestas en la Regla 73 de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 22 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales el lenguaje del segundo párrafo para atemperarlo a los cambios de la Regla 76 y a la eliminación de la Regla 76.1.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

## PARTE III    APELACIONES DE SENTENCIAS EN CASOS CRIMINALES

Esta parte gobernará el trámite de las apelaciones de sentencia en casos criminales ante el Tribunal de Apelaciones.

*Regla 23 − Término para presentar la apelación*

(A) Presentación de la apelación

La apelación de cualquier sentencia final dictada en un caso criminal originado en el Tribunal de Primera Instancia se presentará dentro del término de treinta días siguientes a la fecha en que la sentencia haya sido dictada. Este término es jurisdiccional, pero si dentro del término indicado se presentare una moción de nuevo juicio fundada en las Reglas 188(e) y 192 de Procedimiento Criminal, o una moción de reconsideración fundada en la Regla 194 de Procedimiento Criminal, según enmendada, el escrito de apelación podrá presentarse dentro de los treinta días siguientes a aquel en que se notificare al acusado o a la acusada la orden del tribunal que deniega la moción de nuevo juicio o adjudica la moción de reconsideración.

(B) Notificación de la apelación

La presentación electrónica del recurso de apelación constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito. Una vez se presente el recurso apelativo, la plataforma electrónica emitirá una notificación que indicará el nombre y la dirección de correo electrónico de los abogados o las abogadas que fueron notificados(as) de la presentación del recurso. Será responsabilidad de la parte apelante corroborar que la información que surja de esta notificación automática sea correcta.

Cuando la notificación electrónica no sea viable, la notificación de la presentación del escrito de apelación al Fiscal de Distrito o a la Fiscal de Distrito, y al Procurador General o a la Procuradora General, se efectuará mediante entrega personal, por correo certificado con acuse de recibo o mediante un servicio similar de entrega por una compañía privada

con acuse de recibo, dentro del término de treinta días dispuesto para la presentación del recurso, siendo este un término de cumplimiento estricto.

La fecha y la hora de depósito en el correo, de envío por correo certificado o por servicio similar de entrega con acuse de recibo, se tomará como la fecha y la hora de la notificación.

La notificación podrá efectuarse por los otros medios en la forma y bajo los requisitos dispuestos en la Regla 13(B) de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 23 del Reglamento del TCA de 1996.

Se incorporan los medios de notificación y sus requisitos dispuestos para las apelaciones civiles. El término de la notificación al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o a la Procuradora General será de cumplimiento estricto, en lugar de jurisdiccional.

*Comentario: Enmiendas del 2025:*

Se modifica el inciso (B) para establecer que la presentación electrónica de una apelación constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito, ya que la plataforma electrónica permitirá incluir la información de contacto de los abogados y las abogadas. En estos casos, la plataforma generará una notificación que incluirá la información de quienes se les notificó la presentación del recurso.

*Regla 24 − Presentación y notificación al tribunal*

(A) La apelación se formalizará con la presentación del escrito de apelación en la Secretaría del Tribunal de Apelaciones.

Si el recurso apelativo se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación del recurso. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de un recurso apelativo en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte apelante será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las cuarenta y ocho horas siguientes a la presentación del recurso, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí

será de cumplimiento estricto.

(B) Cuando la presentación física del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, la apelación se formalizará con la presentación del original del escrito de apelación en la Secretaría del Tribunal de Apelaciones. La parte apelante será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que dictó la sentencia, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

La apelación podrá formalizarse también con la presentación del escrito de apelación en el Tribunal de Primera Instancia que dictó la sentencia. En ese caso, la parte apelante deberá notificar a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación, ya sea mediante entrega personal o por correo, el original del escrito de apelación debidamente sellado con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(C) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de apelación se presentarán solamente en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En este caso, también podrán enviarse por correo, pero si tuviesen términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del Tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes en el recurso, y en la moción o en el escrito se certificará la forma en que se hizo la notificación. No será necesaria la notificación al Fiscal de Distrito o a la Fiscal Distrito de tales mociones y escritos posteriores, salvo que el tribunal o una regla aplicable disponga lo contrario.

Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el RUA.

*Comentario*:

Esta regla corresponde a la Regla 24 del Reglamento del TCA de 1996.

Por la naturaleza de este recurso, se mantienen inalterados los términos de notificación del recurso al Tribunal de Primera Instancia.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para que refleje que, como norma general, la presentación del recurso de apelación criminal debe hacerse mediante el SUMAC. De este modo se atempera la regla a la presentación electrónica del recurso mediante esa plataforma. Además, se dispone cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias en que se presente un recurso de apelación mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma generará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, cuando se trate de un recurso apelativo de una determinación en un procedimiento judicial sin expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito, debidamente sellada con la fecha y la hora de su presentación, dentro del término dispuesto en el inciso (A).

Por otra parte, se enmienda el inciso (B) para que refleje la posibilidad excepcional de presentar la apelación criminal de modo físico, ya sea en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que emitió la sentencia apelada. Se elimina el requisito de presentar tres copias del recurso.

Por último, el inciso (C) se enmienda con el único propósito de aclarar que solamente en los casos en que se trate de un expediente físico, las mociones o escritos posteriores a la apelación deben presentarse en original. Se elimina el requisito de presentar tres copias de las mociones y cualesquiera otros escritos posteriores.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 25 — Apelaciones conjuntas o consolidadas*

Si dos o más personas tuvieren derecho a apelar una sentencia y sus derechos fueran tales que la acumulación fuere factible, podrán presentar un escrito de apelación conjunto y podrán comparecer subsiguientemente como una sola parte apelante. Las apelaciones de una sentencia podrán ser consolidadas por orden del Tribunal de Apelaciones expedida por iniciativa propia o a solicitud de parte, de conformidad con el procedimiento establecido en la Regla 80.1 de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 25 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se incorpora referencia a la nueva Regla 80.1.

*Regla 26 — Contenido del escrito de apelación en casos criminales*

(A) Cubierta

La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso y el nombre, la dirección postal, el teléfono, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviere representada por un abogado o una abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, la dirección del correo electrónico, si la tuviere, y teléfonos.

(B) Epígrafe

El escrito de apelación en casos criminales contendrá en el epígrafe el nombre o nombres de las partes apelantes en el orden en que aparecían en el Tribunal de Primera Instancia, y se les identificará como apelante o apelantes, y al Estado como apelado.

(C) Cuerpo

(1) Se hará constar el nombre de las partes apelantes en la comparecencia.

(2) Se hará una referencia a la sentencia de la cual se apela, la Sala del Tribunal de Primera Instancia que la dictó y la fecha en que lo hizo o la fecha de notificación de la resolución de una moción que hubiera interrumpido el plazo apelativo dispuesto en las Reglas de Procedimiento Criminal.

(3) Se identificará cualquier otro recurso sobre el mismo caso o asunto que se encuentre pendiente a la fecha de presentación.

(4) Se incluirá un señalamiento breve y conciso de los errores en que se fundamenta la apelación.

(5) Se informará si la persona convicta se encuentra en libertad bajo fianza, en probatoria o recluida en una institución penal.

(D) Número de páginas

El escrito de apelación no excederá de tres páginas cuando el expediente sea físico y de

seis páginas cuando el expediente sea electrónico, exclusive de la cubierta y la certificación de notificación, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

*Comentario*:

Esta regla corresponde a la Regla 26 del Reglamento del TCA de 1996.

Se incorpora la solicitud expresa de información sobre comparecencia por derecho propio.

De acuerdo con las disposiciones del Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 y de la Regla 12.1, deberá proveerse oportunidad para la corrección de defectos de forma y notificación.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (A) para hacer constar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de apelación en casos criminales. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, *supra*. En conformidad con lo requerido en el Reglamento del Tribunal Supremo de Puerto Rico en lo que respecta a la información sobre abogados o abogadas, se requerirá el número del Tribunal Supremo (es decir, el número asignado en el RUA) del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General, según proceda. De esta forma, se hace referencia al número asignado en el RUA. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g) (1) (B), y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (D) para aumentar el número máximo de páginas que debe tener el recurso de apelación criminal, de tres a seis, cuando el expediente sea electrónico. Esto, para atemperar la Regla a la enmienda de la Regla 70(A), la cual se enmendó a su vez con el propósito de reducir el tamaño del papel que la parte apelante utilizará para el recurso, de ocho y media pulgadas de ancho por catorce pulgadas de largo (8.5" x 14") a ocho y media pulgadas de ancho por once pulgadas de largo (8.5" x 11").

*Regla 27 — Efecto de la presentación de un escrito de apelación en un caso criminal*

(A) Suspensión de la ejecución de la sentencia

La presentación de un escrito de apelación, respecto a una sentencia condenatoria en un caso criminal originado en el Tribunal de Primera Instancia, suspenderá la ejecución de la sentencia únicamente en la situación en que el Tribunal de Primera Instancia o el Tribunal de Apelaciones haya fijado la fianza en apelación y esta haya sido debidamente prestada.

(B) Cuándo no suspenderá

Una apelación no suspenderá los efectos de una sentencia condenatoria cuando

(1) no se admita la prestación de fianza en apelación;

(2) una ley especial disponga que no se suspenderá, o

(3) la sentencia contenga una orden que disponga que la persona convicta quede en libertad a prueba. Mientras se resuelve la apelación, el tribunal sentenciador conservará su facultad para modificar las condiciones de la libertad a prueba o para revocarla.

*Comentario*:

Esta regla corresponde a la Regla 27 del Reglamento del TCA de 1996.

*Regla 28 — Contenido de los alegatos en casos criminales*

(A) Presentación del alegato de la parte apelante

La parte apelante presentará su alegato dentro del término de treinta días de haberse elevado el expediente de apelación, salvo que el Tribunal de Apelaciones disponga de otra forma.

(B) Cubierta

La cubierta contendrá solamente la Región Judicial de donde procede el recurso, el epígrafe del caso, el nombre, la dirección postal, el teléfono, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General. Si la parte apelante no estuviere representada por un abogado o una abogada, deberá indicar que comparece por derecho propio e incluir su dirección postal, dirección del correo electrónico, si la tuviera, y teléfonos.

(C) Cuerpo

(1) Todo alegato contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) El nombre de la parte apelante o apelantes y el número o números de los casos respecto a los cuales se apela.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y competencia del Tribunal de Apelaciones, la sentencia de la cual se apela, indicando el nombre del Juez o de la Jueza, el número del caso, la sala del tribunal y la fecha en que se dictó la sentencia.

(c) Una relación fiel y concisa de los hechos del caso.

(d) Un señalamiento de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.

(e) Una discusión de los errores planteados, incluyendo las citas y el análisis de las autoridades legales pertinentes.

(f) La súplica.

(g) Una certificación acreditativa del envío de copia del alegato al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o a la Procuradora General.

(D) Número de páginas

El alegato y la réplica del Procurador General o de la Procuradora General no excederán de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive del índice, del apéndice y de la certificación de notificación, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(E) Alegato de El Pueblo

El alegato de réplica deberá cumplir con los requisitos de forma de la Regla 73. El Pueblo lo presentará al Tribunal de Apelaciones dentro de un plazo de treinta días contados a partir de la fecha de presentación del alegato de la otra parte. Si la parte apelada o recurrida no está de acuerdo con la relación de hechos efectuada por la parte apelante o peticionaria, así lo hará constar e incluirá la propia. Si cuestiona, sobre la base de cualquier fundamento, la autoridad del Tribunal de Apelaciones para conceder el remedio solicitado, discutirá tal asunto por separado. En el alegato de réplica solo se

discutirán los asuntos planteados por la parte apelante o peticionaria.

*Comentario*:

Esta regla corresponde a la Regla 28 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (B) para puntualizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los alegatos criminales. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, a tenor con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, *supra*. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número asignado en el RUA) del abogado o de la abogada de la parte apelante, los del fiscal o de la fiscal que intervino en el caso y los del Procurador General o de la Procuradora General, según proceda. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g) (1) (B), y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (B) para suprimir la referencia al número de fax como información que debe obrar en la cubierta por encontrarse en desuso.

El inciso (D) se modificó para propósitos de aumentar de veinticinco a treinta y cinco páginas el número máximo de páginas que deben tener los alegatos en una apelación criminal cuando el expediente sea electrónico.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 29 − Trámite para la reproducción de la prueba oral en apelaciones y "certiorari" criminales*

(A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de *certiorari* es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, deberá reproducir dicha prueba de conformidad con lo dispuesto en la Regla 76 de este Reglamento.

(B) La parte apelante o peticionaria deberá, en el término de diez días de la presentación de la Apelación, acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.

*Comentario*:

Esta regla corresponde a la Regla 29 del Reglamento del TCA de 1996.

Al igual que en las apelaciones civiles, se consolidan las disposiciones sobre reproducción de la prueba oral mediante exposición estipulada y exposición narrativa en la Regla 76.1.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales el lenguaje del inciso (A), y se eliminó el inciso (C), ello con el fin de atemperar la Regla a los cambios a la Regla 76 y a la eliminación de la Regla 76.1.

*Regla 30 — Solicitud de fianza en apelación*

Después de convicta una persona acusada, si esta entablare un recurso de apelación o de *certiorari* ante el Tribunal de Apelaciones, la solicitud de fianza en apelación se regirá por las disposiciones de la Regla 198 de Procedimiento Criminal, según enmendada.

*Comentario*:

Esta regla corresponde a la Regla 30 del Reglamento del TCA de 1996.

*Regla 30.1 — Apelaciones de confinados y de indigentes*

(A) Cuando la parte apelante se encontrara recluida en una institución penal o institución de otra naturaleza bajo custodia del Sistema Correccional y apelare por derecho propio la apelación se formalizará con la entrega del escrito de apelación dentro del término para apelar a la autoridad que lo tiene bajo custodia. Dicha autoridad vendrá obligada a presentar inmediatamente el escrito de apelación en la Secretaría del tribunal que dictó la sentencia y copia de este en el tribunal sentenciador o en el Tribunal de Apelaciones, en cuyo caso remitirá esta copia al tribunal apelado. Al recibo del escrito de apelación, el Secretario o la Secretaria del tribunal sentenciador o del Tribunal de Apelaciones lo notificará al Fiscal de Distrito o a la Fiscal de Distrito y al Procurador General o a la Procuradora General.

(B) Si el confinado o confinada entregara el escrito de apelación a los funcionarios o funcionarias de la institución con tiempo para ser recibido en el tribunal apelado o en el Tribunal de Apelaciones antes de vencer el término para apelar, y dichos funcionarios o funcionarias dejan de darle curso, tal entrega equivale a una presentación del escrito de apelación dentro del término para iniciar el recurso y a la notificación al Fiscal o a la Fiscal y al Procurador General o a la Procuradora General.

*Comentario*:

Los incisos (A) y (B) corresponden sustancialmente a la Regla 195 de Procedimiento Criminal. Se amplía su alcance para que cubra a confinados o personas recluidas en instituciones de otra naturaleza además de la penal.

## PARTE IV   *CERTIORARI*

*Regla 31 — En general*

El recurso de *certiorari* se formalizará mediante la presentación de una solicitud de *certiorari* dentro de los términos y en la forma provista por la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 y este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 31 del Reglamento del TCA de 1996.

*Regla 32 — Término para presentar el recurso de "certiorari"*

(A) El recurso de *certiorari* para revisar las sentencias en los casos de condena por alegación de culpabilidad se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha en que se haya dictado la sentencia recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es jurisdiccional.

(B) El recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntaria dictadas por el Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es jurisdiccional.

(C) El recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto.

*Comentario*:

Esta regla corresponde a la Regla 32 del Reglamento del TCA de 1996.

En la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 no se especifican las categorías de *certiorari* que pueden presentarse ante el Tribunal de Apelaciones en virtud de leyes especiales como se disponía en la anterior ley, sino que se indica que el Tribunal de Apelaciones tendrá competencia para revisar cualquier asunto según determinado por ley especial. Ese lenguaje general cubre los asuntos especificados en esta regla a ser revisados mediante *certiorari*, así como cualesquiera otros que se determine por ley especial (Art. 4.006(e) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003).

En cuanto al punto de partida para el cómputo de treinta días a que se refiere el apartado (D), ha de tenerse presente la norma jurisprudencial de nuestro Tribunal Supremo a los efectos de que no es indispensable que exista un volante de notificación de la Secretaría del Tribunal de Primera Instancia para constatar la jurisdicción del Tribunal de Apelaciones cuando se recurre de un dictamen contenido en una minuta. El término transcurre a partir de la notificación de la minuta. *Pueblo v. Rodríguez Ruiz*, 157 D.P.R. 288 (2002). Además, en cuanto a dicho inciso (D), se recoge la norma jurisprudencial de que el mecanismo para que el Tribunal de Apelaciones revise las sentencias finales dictadas en laudos de arbitraje por el Tribunal de Primera Instancia es el *certiorari*. *Hosp. del Maestro v. U.N.T.S.*, 151 D.P.R. 934 (2000).

Finalmente, debe tenerse presente, en cuanto a los términos dispuestos en esta regla, la disposición de la Regla 46 de Procedimiento Civil y de la Regla 13 de este Reglamento a los efectos de que, si la fecha de archivo en autos de una copia de la notificación de la sentencia, resolución u orden es distinta a la del depósito en el correo, el término se calculará a partir del depósito en el correo. La parte peticionaria deberá acreditar con el recurso la fecha en que se efectuó la notificación.

*Comentario: Enmiendas del 2025:*

Se suprime el inciso (B). La Ley Núm. 81 de 30 de agosto de 1991, según enmendada, Ley de Municipios Autónomos del Estado Libre Asociado de 1991, fue expresamente derogada en virtud de la Ley Núm. 107-2020, Código Municipal de Puerto Rico, su Artículo 18.006 fue derogado en virtud del Plan de Reorganización Núm. 2-2012, el cual suprimió la Comisión para Ventilar Querellas Municipales y delegó sus funciones a la Oficina del Panel sobre el Fiscal Independiente. Consecuentemente, se renombran los incisos (C) y (D) como (B) y (C).

Se aclara la redacción del inciso (C) en términos generales, y se incluye expresamente que las órdenes de protección se revisan mediante este mecanismo de conformidad con *Pizarro v. Nicot*, 151 DPR 944 (2000).

*Regla 33 — Presentación y notificación*

(A) Manera de presentar el recurso

El recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones se formalizará con la presentación del escrito en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación del recurso de *certiorari*. Por lo tanto, la fecha de presentación del recurso no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Si la solicitud de *certiorari* se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación del recurso. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de una solicitud de *certiorari* en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte peticionaria será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya dictado la determinación recurrida, dentro de las cuarenta y ocho horas siguientes a la presentación del recurso, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

Cuando la presentación física del recurso de *certiorari* sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, el recurso se formalizará con la presentación del original del escrito en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada junto con el arancel correspondiente.

Cuando el recurso de *certiorari* se presente de modo físico en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte peticionaria deberá notificar con copia de la cubierta o de la primera página del recurso, debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido dentro de las

setenta y dos horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto. De presentarse el recurso de *certiorari* en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión, la Secretaría del tribunal recurrido retendrá una copia del escrito de *certiorari* y la parte peticionaria notificará a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado debidamente sellado por la Secretaría del tribunal recurrido, con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

(B) Notificación del recurso a las partes

La presentación electrónica de un recurso de *certiorari* constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales. Una vez se presente el recurso, la plataforma electrónica emitirá una notificación que indicará el nombre y la dirección de correo electrónico de los abogados o las abogadas que fueron notificados(as) de la presentación del recurso. Será responsabilidad de la parte peticionaria corroborar que la información que surja de esta notificación automática sea correcta.

Será deber de la parte peticionaria notificar el recurso de *certiorari* a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida según las disposiciones legales aplicables.

Cuando la notificación electrónica no sea viable, la parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o a la Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de este o esta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari*. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a estos o estas, o a cualquier persona a cargo de la oficina. De no estar la parte representada por

abogado o abogada, se entregará en el domicilio o dirección de la parte o de las partes, según esta surja de los autos, a cualquier persona de edad responsable que se encuentre en esta. En caso de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho horas. El término dispuesto aquí será de cumplimiento estricto.

La notificación podrá efectuarse por los otros medios, en la forma y bajo los requisitos dispuestos en la Regla 13(B) de este Reglamento.

Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el RUA.

*Comentario*:

Esta regla corresponde a la Regla 33 del Reglamento del TCA de 1996, dispone que cuando el recurso se presente en el Tribunal de Apelaciones, sólo se notifica con copia de la cubierta o de la primera página del recurso debidamente sellada, dentro de las setenta y dos horas siguientes, permaneciendo el término de cuarenta y ocho horas para la presentación al Tribunal de Apelaciones del recurso, cuando éste se presente ante el Tribunal de Primera Instancia. En este último caso, la copia que se entregue al tribunal apelado no tiene que llevar el apéndice, en aras de hacer más económico el proceso.

Se incorporan los medios de notificación y sus requisitos dispuestos para las apelaciones civiles.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aclarar que, como norma general, la presentación del recurso de *certiorari* deberá hacerse mediante el SUMAC junto con el pago del arancel correspondiente, cuando aplique. Cuando sea necesaria la presentación física, se elimina el requisito de presentar tres copias del recurso.

Además, se dispone cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias en que se presente un recurso de *certiorari* mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma creará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, cuando se trate de un recurso de *certiorari* de un procedimiento judicial sin expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito, debidamente sellada con la fecha y la hora de su presentación dentro del término dispuesto en el inciso (A).

También, se modifica el inciso (B) para establecer que la presentación electrónica de un recurso de *certiorari* constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito, ya que la plataforma electrónica permitirá incluir la información de contacto de los abogados y las abogadas. En estos casos, la plataforma generará una notificación que incluirá la información de quienes fueron notificados(as) de la presentación del recurso.

Por otro lado, en el segundo párrafo del inciso (B) se establece que la parte peticionaria debe notificar el recurso de *certiorari* a las partes que litigan por derecho propio o a cualquier otra parte que no fuera notificada automáticamente por la plataforma digital.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 34 — Contenido de la solicitud de "certiorari"*

El escrito de *certiorari* contendrá:

(A) Cubierta

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) Epígrafe

El epígrafe del escrito de *certiorari* contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrida".

(2) Información sobre abogados o abogadas y partes

Se incluirá el nombre, la dirección postal, el teléfono, la dirección del correo electrónico, y el número del Tribunal Supremo del abogado o de la abogada de la parte peticionaria y del abogado o abogada de la parte recurrida, o el nombre, la dirección postal, la dirección de correo electrónico, si la tuvieran, y el teléfono de las partes si estas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) Información del caso

Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, la Sala que resolvió la controversia objeto de revisión, el número ante dicha Sala, y la naturaleza, la materia y el asunto.

(B) Índice

Inmediatamente después, habrá un índice detallado de la solicitud, conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) Cuerpo

(1) Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

(a) En la comparecencia, el nombre de las partes peticionarias.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.

(2) No se permitirá la presentación de un memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de la solicitud de *certiorari*.

(3) En caso de que en la solicitud de *certiorari* se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76.

De tratarse de una solicitud de *certiorari* para revisar sentencias en casos de condena por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29.

(D) Número de páginas

La solicitud de *certiorari* no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D) del Reglamento.

(E) Apéndice

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes, a saber:

(i) en casos civiles, la demanda principal, la de coparte o de tercero y reconvención, con sus respectivas contestaciones;

(ii) en casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.

(e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de *certiorari*, en moción o *motu proprio* a la parte peticionaria, la presentación de los documentos del apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de *certiorari*, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.

*Comentario*:

Esta regla corresponde a la Regla 34 del Reglamento del TCA de 1996.

Contiene las siguientes modificaciones: se amplía la información requerida en la cubierta para identificar debidamente la naturaleza (*certiorari* civil o *certiorari* criminal), materia (daños y perjuicios; cobro de dinero) y asunto (resolución denegatoria de sentencia sumaria; incidente descubrimiento de prueba); se hace referencia a la Regla 76.1, en la cual se uniformó lo referente a la exposición estipulada o exposición narrativa para todos los recursos; se permite la presentación de los documentos del apéndice con posterioridad a la presentación del escrito de *certiorari*, a petición del peticionario o por actuación del tribunal, dentro del término de quince días a partir de la resolución del tribunal que autoriza a la parte la inclusión de dichos documentos.

El apéndice estará sujeto a lo dispuesto en la Regla 34(E)(2) y en la Regla 74. Se eliminan por repetitivos los requisitos sobre el apéndice que están incluidos en la Regla 74.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (A) (2) para enfatizar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en todo escrito de *certiorari*. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, a tenor con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, *supra*. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número de RUA) del abogado o abogada de la parte peticionaria o de la parte recurrida, según proceda. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g) (1) (B),

y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

En el inciso (A)(2) se elimina la referencia al telefax por estar en desuso. Además, en el inciso (A)(3) se suprimió el requisito de incluir en la cubierta del recurso el número que se le asigne al caso en el Tribunal de Apelaciones, únicamente en los casos en que el expediente sea electrónico. De este modo se atempera la regla a la automatización del proceso de asignar los números de caso que supone la presentación de los recursos mediante el SUMAC.

El inciso (B) se modifica en términos generales para atemperarlo a los cambios de la Regla 75.

El lenguaje del inciso (C)(1)(c) se modifica para fortalecer la obligación de las partes de notificar al tribunal sobre casos relacionados, conforme se hizo en la Regla 16.

Se modifica en términos generales el lenguaje del inciso (C)(3) a la luz de los cambios a la Regla 76 y de la eliminación de la Regla 76.1.

Por último, se enmendó el inciso (D) para aumentar el límite en el número de páginas, de veinticinco a treinta y cinco cuando el expediente sea electrónico. Esto, en consideración a que la Regla 70(A) se enmendó para reducir el tamaño del papel.

*Regla 35 — Efecto de la presentación de la solicitud de "certiorari"*

(A) En casos civiles

(1) La presentación de una solicitud de *certiorari* no suspenderá los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones. La expedición del auto de *certiorari* suspenderá los procedimientos en el Tribunal de Primera Instancia, salvo que el Tribunal de Apelaciones disponga lo contrario.

(2) Si la resolución recurrida dispusiera la venta de cosas susceptibles de pérdida o deterioro, el Tribunal de Primera Instancia podrá ordenar que estas se vendan y que se deposite su importe hasta que el Tribunal de Apelaciones resuelva el recurso.

(3) No se suspenderán los efectos de una decisión recurrida, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones, que incluya cualquiera de los remedios siguientes:

(a) una orden de *injunction*, de *mandamus* o de hacer o desistir;

(b) una orden de pago de alimentos;

(c) una orden sobre custodia o relaciones filiales.

(B) En casos criminales

La presentación de una solicitud de *certiorari* para que se revise una sentencia condenatoria suspenderá la ejecución de la sentencia una vez prestada fianza, excepto cuando la sentencia recurrida disponga que la parte convicta quede en libertad a prueba, no se admita la prestación de fianza o una ley especial disponga que esta no se suspenderá. Mientras se sustancia el recurso de *certiorari*, el tribunal sentenciador conservará su facultad para modificar las condiciones de la libertad a prueba o para revocarla.

*Comentario*:

Esta regla corresponde a la Regla 35 del Reglamento del TCA de 1996.

*Regla 36 − Mociones y escritos posteriores*

Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de *certiorari* se presentarán solamente en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En este caso, también podrán enviarse por correo, pero, de tener términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del Tribunal.

Tales mociones y escritos serán notificados simultáneamente a las partes y se certificará en la moción o escrito la forma en que se hizo la notificación. No será necesaria la notificación de tales mociones y escritos posteriores al Fiscal de Distrito o a la Fiscal de Distrito, salvo que el tribunal o una regla aplicable disponga lo contrario.

*Comentario*:

Esta regla corresponde a la Regla 36 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Esta regla se enmienda con el fin de atemperarla a los procesos de la presentación y notificación electrónica de documentos mediante el SUMAC. Cuando la presentación

física sea necesaria, se elimina el requisito de presentar tres copias de las mociones y cualesquiera otros escritos posteriores.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 37 – Oposición a la expedición del auto de "certiorari"*

(A) Dentro de los diez días siguientes a la notificación de la solicitud de *certiorari*, las demás partes podrán presentar memorandos en oposición a la expedición del auto. Tales memorandos no excederán de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(B) El apéndice, si se incluye, solo contendrá copias de documentos que forman parte del expediente original del Tribunal de Primera Instancia y documentos que sean pertinentes a la controversia.

(C) Los documentos se organizarán en orden cronológico. Si se trata de un expediente físico, todas las páginas del apéndice se numerarán consecutivamente. Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento. En el caso de los expedientes electrónicos, el apéndice contendrá un índice que indicará la entrada del documento en el expediente en que aparece cada documento. Los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada (ejemplo: Ent. #123) y la(s) página(s) del documento al que se hace referencia.

(D) No será necesario incluir en el apéndice de un memorando en oposición un documento que ya ha sido incluido en el apéndice de un escrito anterior dentro del mismo caso. En tal situación, toda referencia posterior a dicho documento indicará la página y el apéndice correspondientes.

*Comentario*:

Esta regla corresponde a la Regla 37 del Reglamento del TCA de 1996. Se elimina la segunda oración de la Regla 37(B), por estar comprendido su texto en la Regla 34(E)(2). El inciso (B) aclara que los documentos que se incluyan en la oposición deben ser los pertinentes a la controversia.

*Comentario: Enmiendas del 2025:*

Esta regla se enmendó para aumentar el número límite de las páginas que deberá

contener el escrito de oposición a la expedición del *certiorari*, de veinticinco a treinta y cinco cuando el expediente sea electrónico. Esto, en consideración a que la Regla 70(A) se enmendó para reducir el tamaño del papel. Se enmienda el inciso (C) para que el texto refleje la distinción entre cómo debe prepararse el apéndice y su índice correspondiente tanto en los casos en que el expediente sea electrónico como en los casos en que sea físico. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 38 – Órdenes de mostrar causa; expedición del auto de "certiorari"*

El Tribunal de Apelaciones tendrá facultad para emitir órdenes de mostrar causa luego de presentada la solicitud de *certiorari* y antes de decidir si se expide o no el auto. En tales casos, el procedimiento será el siguiente:

(A) Una vez notificada a las partes y al Tribunal de Primera Instancia, cuando lo determine el Tribunal de Apelaciones, la resolución que contiene la orden de mostrar causa, la parte que deba mostrar causa expondrá su posición dentro del término dispuesto en la resolución. Los escritos presentados no excederán de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a los dispuesto en la Regla 70(D).

(B) Cualquier moción posterior a dichos escritos en la que se discuta el recurso en sus méritos, o la orden para mostrar causa, podrá ser presentada solo si el Tribunal de Apelaciones lo autoriza previamente.

(C) Expirado el plazo para presentar el escrito de mostración de causa, el Tribunal de Apelaciones podrá decidir si expide o no el auto, o si lo resuelve mediante sentencia o resolución fundamentada, según fuere el caso. Si el tribunal decide expedir el auto, podrá optar por resolver a base de los escritos presentados o seguir el procedimiento dispuesto en la Regla 39.

*Comentario*:

Esta regla corresponde a la Regla 38 del Reglamento del TCA de 1996.

La notificación al TPI de la copia de la resolución sólo se efectuará cuando lo determine el Tribunal de Apelaciones, puesto que este trámite de notificación mandatoria no resulta práctico.

*Comentario: Enmiendas del 2025:*

Se enmendó el inciso (A) para aumentar, cuando el expediente sea electrónico, a treinta y cinco el número máximo de páginas de que deberá constar el recurso. Resultaba necesario aumentar la cantidad de páginas, de modo proporcional, toda vez que la Regla 70(D) también se enmendó con el propósito de reducir el tamaño del papel que la parte apelante utilizará para el recurso, de ocho y media pulgadas de ancho por catorce pulgadas de largo (8.5" x 14") a ocho y media pulgadas de ancho por once pulgadas de largo (8.5" x 11").

Se dispone que, bajo el trámite del inciso (A), el recurso quedará perfeccionado con la presentación del escrito de mostrar causa, sin la necesidad de una réplica por la parte peticionaria.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 39 — Alegatos*

(A) El escrito inicial de *certiorari* será considerado como el alegato de la parte peticionaria. La parte recurrida deberá presentar su alegato no más tarde de los treinta días siguientes a la notificación de la expedición del auto.

(B) Cuando la parte peticionaria presente un alegato suplementario por haber mediado reproducción de la prueba oral, lo que deberá indicar previamente al tribunal conjuntamente con esta, la parte recurrida podrá presentar un alegato de réplica dentro de los treinta días siguientes, a los únicos efectos de refutar lo expuesto por la peticionaria en su alegato suplementario.

(C) Los términos aquí dispuestos son prorrogables a solicitud de parte o por iniciativa propia del Tribunal de Apelaciones.

*Comentario*:

Esta regla corresponde a la Regla 39 del Reglamento del TCA de 1996.

Se dispone que el escrito inicial será el alegato de la parte peticionaria, sustituyéndose "podrá ser" por "será" a tenor con la política de la simplificación y celeridad de los

procedimientos ante el Tribunal de Apelaciones. La parte peticionaria deberá indicar al tribunal, al presentar la reproducción de la prueba oral, que presentará un alegato suplementario.

*Regla 40 – Criterios para la expedición del auto de "certiorari"*

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*Comentario*:

Esta regla corresponde a la Regla 40 del Reglamento del TCA de 1996.

## PARTE V   *CERTIORARI* DE CASOS ORIGINADOS EN LA COMISIÓN ESTATAL DE ELECCIONES

*Regla 41 – En general*

El recurso de *certiorari* para revisar las sentencias del Tribunal de Primera Instancia en

revisión de las resoluciones, determinaciones u órdenes que emita la Comisión Estatal de Elecciones por virtud del Art. 13.3 de la Ley Núm. 58-2020, Código Electoral de Puerto Rico de 2020, se formalizará mediante la presentación de una solicitud de *certiorari* dentro de los términos y en la forma provista por esta Parte.

El recurso de *certiorari* para revisar las sentencias del Tribunal de Apelaciones por el Tribunal Supremo, dictadas al amparo de esta Parte, se regirá por los términos y procedimientos dispuestos en la Regla 21 del Reglamento del Tribunal Supremo.

*Comentario*:

Esta regla corresponde a la Regla 41 del Reglamento del TCA de 1996.

El Art. 1.017 de la Ley Electoral de Puerto Rico, Ley Núm. 4 de 20 de diciembre de 1977, según enmendada, dispone para la revisión ante el Tribunal de Apelaciones de las sentencias dictadas por el Tribunal de Primera Instancia en los procedimientos al amparo del Art. 1.016 de la Ley Electoral de Puerto Rico. La anterior Ley de la Judicatura incluyó este recurso en la parte de competencia del Tribunal de Apelaciones, por lo que se entendió innecesario especificarlo en la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, disponiéndose en su lugar que el Tribunal de Apelaciones entenderá en cualquier otro asunto determinado por ley especial (Art. 4.006(e)). La Regla 32 de este Reglamento especifica los recursos de *certiorari*, incluyendo el dispuesto en esta Parte.

Mediante los procedimientos establecidos a tenor de la Ley Electoral de Puerto Rico, las resoluciones, determinaciones u órdenes de la Comisión Estatal de Elecciones (C.E.E.) se revisan mediante juicio *de novo* en el Tribunal de Primera Instancia. Estas se revisan ante el Tribunal de Apelaciones mediante *certiorari*.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 dispone en su Art. 3.002(d) que el Tribunal Supremo revisará mediante un recurso de *certiorari*, a ser expedido discrecionalmente, las sentencias y resoluciones del Tribunal de Apelaciones en el término dispuesto en las reglas procesales o en leyes especiales. La Regla 21 del Reglamento del Tribunal Supremo contiene las disposiciones especiales aplicables al recurso de *certiorari*, a ser presentado ante el Tribunal Supremo, para revisar las sentencias dictadas por el Tribunal de Apelaciones en virtud de lo dispuesto en el Art. 1.017 de la Ley Electoral de Puerto Rico, *supra*.
*Comentario: Enmiendas del 2025:*

Esta regla se enmendó con el fin de atemperarla a los procesos de la presentación electrónica de documentos mediante el SUMAC. También se enmendó para atemperar el texto de la regla a la aprobación de la Ley Núm. 58-2020, Código Electoral de Puerto Rico de 2020, que representa el estado de derecho vigente en materia electoral en Puerto Rico.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 42 — Término para presentar el recurso*

El recurso de *certiorari* para revisar las sentencias del Tribunal de Primera Instancia, descrito en la Regla 41 de este Reglamento, se formalizará mediante la presentación de una solicitud dentro del término jurisdiccional de diez días, contados a partir del archivo en autos de copia de la notificación de la sentencia recurrida. Cuando se presentare una moción de reconsideración ante el Tribunal de Primera Instancia, dicho término comenzará a contar desde el archivo en autos de copia de la notificación de la resolución que resuelve la moción de reconsideración.

La solicitud de *certiorari* constituirá el alegato de la parte peticionaria, a no ser que el Tribunal de Apelaciones provea otra cosa en conformidad con las Reglas 51 y 53 de este Reglamento.

El Tribunal de Apelaciones tendrá un término de diez días para resolver el caso ante su consideración.

El recurrente podrá presentar una moción de reconsideración ante el Tribunal de Apelaciones dentro del mismo término de diez días que tiene para acudir en revisión al Tribunal Supremo, siempre que se notifique a cualquier parte adversamente afectada durante el referido término. Dicha moción de reconsideración interrumpirá el término para acudir al Tribunal Supremo. El Tribunal de Apelaciones tendrá cinco días para resolver y dirimir esta. Si no la resolviere en dicho término, se entenderá que fue rechazada de plano, y las partes podrán acudir en revisión judicial a un tribunal de mayor jerarquía. Solo se tendrá derecho a una moción de reconsideración.

Dentro de los treinta días anteriores a una elección, el término para presentar el escrito de revisión ante el Tribunal de Apelaciones será de cuarenta y ocho horas. La parte promovente tendrá la responsabilidad de notificar dentro de dicho término copia del escrito de revisión al Tribunal del cual se recurre y a cualquier otra parte afectada. El Tribunal deberá resolver dicha revisión dentro de un término no mayor de cinco días, contados a partir de la presentación del caso. En estos casos no existirá el derecho a reconsideración.

Para todo asunto o controversia que surja dentro de los cinco días previos a la celebración de una elección, el término para presentar el escrito de revisión será de veinticuatro horas, y deberá notificarse en el mismo día de su presentación y resolverse no más tarde del día siguiente a su presentación. La parte promovente tendrá la responsabilidad de notificar

en el mismo día de su presentación copia del escrito de revisión al tribunal del cual se recurre y a cualquier otra parte afectada y resolverse no más tarde del día siguiente a su presentación. En estos casos no existirá el derecho a reconsideración.

*Comentario*:

Esta regla corresponde a la Regla 42 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se enmienda esta regla para atemperar el texto a la aprobación de la Ley Núm. 58-2020, Código Electoral de Puerto Rico de 2020, que representa el estado de derecho vigente en materia electoral en Puerto Rico.

*Regla 43 − Presentación y notificación*

(A) Manera de presentar el recurso

Las solicitudes de *certiorari* que se sometan a la consideración del Tribunal de Apelaciones se formalizarán con la presentación del escrito en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación de la solicitud de *certiorari*. Por lo tanto, su fecha de presentación no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que la solicitud fue sometida. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Si la solicitud de *certiorari* se presenta en formato electrónico mediante el SUMAC y a nivel de primera instancia el caso cuenta con expediente electrónico, la plataforma generará automáticamente una entrada en el expediente del caso del Tribunal de Primera Instancia que notificará la presentación de la solicitud. Esa entrada será suficiente para cumplir con el requisito de notificación al foro inferior. No obstante, si se tratara de un recurso de *certiorari* en un caso que no cuente con expediente electrónico a nivel de primera instancia, la parte peticionaria será responsable de notificar a la Secretaría del Tribunal de Primera Instancia que haya emitido la determinación recurrida, dentro de las cuarenta y ocho horas siguientes a la presentación del recurso, una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación. El término dispuesto aquí será de cumplimiento estricto.

Cuando la presentación física de la solicitud de *certiorari* sea necesaria conforme a lo

dispuesto en la Regla 2.1 de este Reglamento, la solicitud se formalizará con la presentación del original de esta en la Secretaría del Tribunal de Apelaciones o en la Secretaría del tribunal recurrido.

Cuando la solicitud de *certiorari* se presente en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, con una copia de esta debidamente numerada y sellada con la fecha y la hora de presentación.

Cuando la solicitud se presente de modo físico en la Secretaría del tribunal recurrido, la parte peticionaria deberá notificar a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, con la original de esta debidamente sellada por la Secretaría del tribunal recurrido y con la fecha y la hora de presentación.

Los términos dispuestos aquí son de cumplimiento estricto.

(B) Notificación del recurso entre las partes

La notificación electrónica de una solicitud de *certiorari* constituirá la notificación que debe efectuarse entre abogados y abogadas de récord, siempre y cuando hayan comparecido al caso, o en su defecto, a las partes.

Cuando la notificación electrónica no sea viable, la parte peticionaria notificará la solicitud de *certiorari* debidamente sellada con la fecha y la hora de presentación, a los abogados o abogadas de récord o, en su defecto, a las partes, de forma simultánea a su presentación. Cuando la solicitud haya sido presentada en la Secretaría del Tribunal de Apelaciones, esta contendrá el número de presentación. La notificación se efectuará de acuerdo con lo dispuesto en la Regla 48 de este Reglamento.

Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el RUA.

*Comentario*:

Esta regla corresponde a la Regla 43 del Reglamento del TCA de 1996.

En relación con los métodos de notificación, la regla se refiere a la Regla 48 de este Reglamento.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aclarar que, como norma general, la presentación de la solicitud de *certiorari* deberá hacerse mediante el SUMAC junto con el pago del arancel correspondiente. Se dispone cómo será el proceso de notificación al Tribunal de Primera Instancia en las instancias que se presente un recurso de *certiorari* mediante el SUMAC. En los casos en que existe un expediente electrónico en el Tribunal de Primera Instancia, la plataforma creará automáticamente una entrada en ese expediente que notificará la presentación del recurso a ese foro. Sin embargo, si no existe un expediente electrónico a nivel de primera instancia, se requiere presentar ante la Secretaría del Tribunal de Primera Instancia una copia de la cubierta o de la primera página del escrito debidamente sellada con la fecha y la hora de su presentación dentro del término dispuesto en el inciso (A).

Se modifica el inciso (B) para establecer que la presentación electrónica de una solicitud de *certiorari* constituirá la notificación que debe efectuarse entre abogados y abogadas, así como al Procurador General o a la Procuradora General y al Fiscal de Distrito o a la Fiscal de Distrito, toda vez que la plataforma electrónica permitirá incluir la información de contacto de los abogados y las abogadas. En estos casos, la plataforma generará una notificación que incluirá la información de quienes fueron notificados o notificadas de la presentación de la solicitud.

Por otro lado, en el segundo párrafo del inciso (B), se establece que la parte peticionaria debe notificar la solicitud de *certiorari* a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida, según las disposiciones legales aplicables.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 44 — Forma de la solicitud de certiorari en casos originados en la Comisión Estatal de Elecciones*

La forma de la solicitud de *certiorari* se regirá, en lo pertinente, por las disposiciones contenidas en la Regla 34 de este Reglamento.

*Comentario*:

Esta regla Corresponde a la Regla 44 del Reglamento del TCA de 1996.

*Regla 45 — Efectos de la presentación de la solicitud de "certiorari" y de su expedición*

(A) La presentación de una solicitud de *certiorari* no suspenderá los efectos de la sentencia ni los procedimientos ante el Tribunal de Primera Instancia, salvo una orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones.

(B) La expedición del auto de *certiorari* suspenderá los efectos de la sentencia y los procedimientos en el Tribunal de Primera Instancia, salvo lo dispuesto en el inciso (C) de esta regla o cuando mediare una orden en contrario expedida por el Tribunal de Apelaciones, *motu proprio* o a petición de parte.

(C) Cuando la sentencia recurrida incluya una orden de *injunction*, de *mandamus* o de hacer o desistir, no se suspenderán los efectos de dicha sentencia, salvo una orden en contrario expedida *motu proprio* o a solicitud de parte por el Tribunal de Apelaciones.

*Comentario*:

Esta regla corresponde a la Regla 45 del Reglamento del TCA de 1996.

*Regla 46 — Oposición a la expedición del auto de "certiorari"*

(A) Términos para presentarla

(1) Dentro de los diez días siguientes a la notificación de la solicitud de *certiorari*, las demás partes deberán presentar memorandos en oposición a la expedición del auto. Estos se considerarán para todos los efectos como los alegatos de los recurridos, a no ser que otra cosa provea el Tribunal de Apelaciones en conformidad con las Reglas 51 y 53 de este Reglamento.

(2) Cuando la solicitud de *certiorari* se presentare dentro de los treinta días anteriores a un evento electoral, las partes recurridas deberán presentar memorandos en oposición a la expedición del auto, dentro de los cinco días siguientes a la notificación de la solicitud. Estos se considerarán, para todos los efectos, como los alegatos de los recurridos, a no ser que otra cosa provea el Tribunal de Apelaciones en conformidad con las Reglas 51 y 53 de este Reglamento.

(3) Cuando la solicitud de *certiorari* se presentare dentro de los cinco días anteriores a un evento electoral, las partes recurridas deberán presentar memorandos en oposición a la expedición del auto al día siguiente de la notificación de la solicitud, los cuales se considerarán, para todos los efectos, como los alegatos de los recurridos.

(B) Forma y contenido del escrito de oposición

(1) La forma y el contenido del escrito de oposición, en lo pertinente, se regirá por las disposiciones contenidas en la Regla 37 de este Reglamento.

(C) Notificación

La parte recurrida notificará el escrito de oposición a las demás partes de acuerdo con lo dispuesto en la Regla 48 de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 46 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 47 − Mociones y escritos posteriores*

Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de *certiorari* se presentarán solamente con autorización previa del tribunal en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En su orden que autoriza la presentación de dichos escritos, el tribunal dispondrá la forma en que los escritos deberán ser presentados y notificados a las partes. En todo caso, la notificación a las partes será simultánea con la presentación del escrito y en la moción o escrito se certificará la forma en que se hizo la notificación, lo cual se efectuará de acuerdo con lo dispuesto en la Regla 48 de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 47 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se enmienda la regla para aclarar que la presentación de mociones y escritos posteriores autorizados por el Tribunal de Apelaciones deberá realizarse conforme a lo dispuesto en la Regla 2.1 de este Reglamento. Cuando la presentación electrónica mediante el SUMAC no sea posible, se mantiene el requisito de presentar físicamente el escrito original en la Secretaría del Tribunal de Apelaciones. Se elimina el requisito de presentar tres copias.

*Regla 48 − Notificación de los escritos*

La presentación electrónica de un escrito constituirá la notificación que debe efectuarse

entre abogados y abogadas. Una vez se presente el escrito, la plataforma electrónica emitirá una notificación que indicará el nombre y la dirección de correo electrónico de los abogados o las abogadas que fueron notificados(as) de la presentación del escrito. Será responsabilidad de la parte que presente el escrito corroborar que la información que surja de esta notificación automática sea correcta.

Será deber de la parte que presenta el escrito notificarlo a las partes que litigan por derecho propio o a cualquier otra parte que sea requerida, según las disposiciones legales aplicables.

Cuando la notificación electrónica no sea viable, el escrito notificado deberá estar debidamente sellado con la fecha y la hora de su presentación. La notificación se realizará mediante correo certificado con acuse de recibo, mediante un servicio similar de entrega personal por empresa privada con acuse de recibo, mediante entrega personal o correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.

La parte certificará, por sí o por conducto de su representación legal, el hecho de la notificación en el propio escrito. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes, pero la parte deberá asegurarse que la entrega se verifique al día siguiente. Cuando se efectúe por correo, se remitirá la notificación a los abogados o las abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada. Cuando se envíe a las partes, se remitirá a la dirección postal que surja del último escrito que conste en el expediente del caso. De estar la parte representada por abogado o abogada, la notificación se hará a la dirección postal o de correo electrónico que surja del RUA a cargo del Secretario o de la Secretaria del Tribunal Supremo.

La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a estos o estas o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado o abogada, se entregará poniendo el documento en las manos de la parte que litiga por derecho propio cuya dirección de correo electrónico no consta en el expediente. De no estar presente la parte, la entrega se hará en el domicilio, o a la dirección de la parte según surja de los autos, o a cualquier persona de edad responsable que se encuentre en esta. En caso de entrega personal, se certificará la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas veinticuatro horas.

Cuando la notificación del escrito vaya a ser efectuada dentro de los treinta días anteriores a un evento electoral, se efectuará solo personalmente o por correo electrónico, y siempre con notificación por teléfono.

Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida

la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el RUA.

*Comentario*:

Esta regla corresponde a la Regla 48 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2017:*

Se enmienda la Regla 48 con el propósito de añadir el método de envío por correo electrónico como opción para las notificaciones de los escritos entre las partes, siempre que el documento notificado sea copia fiel y exacta del documento original. Además, se incluye referencia precisa en cuanto a que la dirección que se usará para las partes será aquella que surja del expediente. Sin embargo, al notificar a los abogados y a las abogadas, se usará la dirección postal o del correo electrónico que surja del RUA. Véase Regla 9 (j) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

Se enmienda la regla para reflejar el modo en que la parte que presente un escrito cumplirá con el requisito de notificación a las partes bajo ambos escenarios, el modo físico y el formato electrónico. En los supuestos en que sea necesario notificar físicamente, permanece el lenguaje original de esta regla. No obstante, se elimina la referencia al telefax por estar en desuso. Se amplían los medios de notificación para incluir la notificación por correo electrónico.

En el caso de los(as) abogados(as), se enfatiza la importancia de que mantengan su información de contacto actualizada en el RUA, de conformidad con la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI–B, R. 9(j). Esta obligación, no solo se encuentra codificada en el Reglamento del Tribunal Supremo, sino que constituye una obligación ética cuya infracción puede acarrear sanciones disciplinarias. Véase In re *Pratts Barbarossa*, 199 DPR 594 (2018).

*Regla 49 − Trámite coetáneo a la decisión sobre expedición del auto de "certiorari"; notificación*

(A) El Tribunal de Apelaciones tendrá facultad para emitir órdenes de mostrar causa luego de presentada la solicitud de *certiorari* y antes de decidir si se expide o no el auto. En estos casos, el tribunal dispondrá en la orden el procedimiento que deberán seguir las partes en el trámite de mostración de causa. A no ser que otra cosa disponga el tribunal en su orden, la orden de mostrar causa no tendrá efecto alguno sobre la obligación de la parte recurrida en cuanto al término para presentar la oposición a la solicitud.

(B) No obstante lo expresado en el inciso anterior, en todo caso el tribunal podrá expedir el auto solicitado sin ulteriores procedimientos en cualquier momento luego de la presentación de la solicitud de *certiorari.*

(C) El Tribunal de Apelaciones decidirá sobre la expedición del recurso en un término no mayor de cinco días, contados a partir de la fecha en que se presente el último escrito relacionado con la orden de mostrar causa o luego de presentada la oposición del recurrido, según sea el caso.

(D) La decisión del Tribunal de Apelaciones sobre la expedición del auto de *certiorari* será notificada a las partes y al tribunal recurrido en conformidad con lo dispuesto en la Regla 71(B) de este Reglamento.

*Comentario*:

Esta regla corresponde a la Regla 49 del Reglamento del TCA de 1996.

*Comentario*: *Enmiendas del 2017:*

Se enmienda el inciso (D) para atemperarlo a los cambios establecidos en la Regla 71(B).

*Regla 50 − Autos originales*

(A) En cualquier momento después de la presentación de la solicitud de *certiorari*, de entenderlo necesario para decidir si expide el recurso o para resolver el recurso en sus méritos, el Tribunal de Apelaciones podrá ordenar a la Secretaría del Tribunal de Primera Instancia que remita los autos originales de los casos que, por su antigüedad, no fueron tramitados electrónicamente en el Tribunal de Primera Instancia. Esta disposición no aplica a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y el personal autorizado del Tribunal de Apelaciones.

(B) Cuando el Tribunal de Apelaciones ordene la remisión de los autos, la Secretaría del Tribunal de Apelaciones deberá notificar por teléfono o a través de la dirección del correo electrónico a la Secretaría del Tribunal de Primera Instancia dicha orden. La Secretaría del Tribunal de Primera Instancia deberá remitir los autos, certificados, a la Secretaría del Tribunal de Apelaciones en un término no mayor de cinco días a partir de la notificación, salvo que por razones justificadas el tribunal disponga un término distinto.

*Comentario*:

Esta regla corresponde a la Regla 50 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (A) con el propósito de establecer que la solicitud de autos originales del Tribunal de Primera Instancia no será de aplicación a los casos tramitados electrónicamente. Nótese que en estos casos el expediente electrónico constituye el expediente original y está disponible electrónicamente para jueces y juezas y el personal autorizado del Tribunal de Apelaciones, a través del SUMAC.

Se modifica el inciso (B) para añadir la opción de notificar la solicitud de autos originales al Tribunal de Primera Instancia por vía electrónica. Además, se amplía el término a cinco días, en aras de reconocer un término razonable para el manejo de expedientes.

*Comentario: Enmiendas del 2025:*

Esta regla se enmendó con el fin de aclarar que la solicitud de autos originales al Tribunal de Primera Instancia por parte de la Secretaría del Tribunal de Apelaciones procede en relación con casos que, por su antigüedad, no fueron tramitados electrónicamente en el Tribunal de Primera Instancia.

*Regla 51 — Disposición del recurso*

(A) Una vez se haya expedido el auto de *certiorari*, el Tribunal de Apelaciones podrá ordenar la presentación de escritos adicionales, la celebración de vistas orales o cualquier otra providencia que entienda necesaria y tienda a la más rápida disposición del recurso.

(B) El Tribunal de Apelaciones deberá emitir su decisión en cuanto al recurso en un término no mayor de diez días, contados a partir del momento en que el recurso quede finalmente sometido.

No obstante, cuando se trate de un caso presentado al Tribunal de Primera Instancia dentro de los treinta días anteriores a un evento electoral, el Tribunal de Apelaciones deberá emitir su decisión en cuanto a la petición de *certiorari* en un término no mayor de cinco días contados a partir de que el recurso quede finalmente sometido; cuando se trate de un caso presentado al Tribunal de Primera Instancia dentro de los cinco días previos a la celebración de un evento electoral, el Tribunal de Apelaciones deberá emitir su decisión en cuanto a la petición de *certiorari* dentro del término de veinticuatro horas contado a partir de que la decisión quede finalmente sometida.

(C) Se archivará en autos copia de la notificación del dictamen dentro de las veinticuatro horas de haberse emitido la decisión. Esta notificación a las partes se hará por vía telefónica y por vía electrónica el mismo día del archivo. Posterior a la notificación, la Secretaría del Tribunal de Apelaciones deberá notificar la decisión en conformidad con

lo dispuesto en la Regla 71(B) de este Reglamento.
*Comentario*:

Esta regla corresponde a la Regla 51 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (C) para aclarar que la Secretaría debe realizar la notificación de la decisión a las partes, por vía electrónica mediante el SUMAC, el mismo día del archivo.

*Regla 52 — Reconsideración; mandatos*

(A) En todo caso, la parte adversamente afectada por la decisión del Tribunal de Apelaciones podrá presentar una moción de reconsideración dentro del término improrrogable de quince días, a contarse desde la fecha del archivo en autos de copia de la notificación de la sentencia.

(B) El Tribunal de Apelaciones deberá decidir sobre la reconsideración en un término no mayor de cinco días a partir de la fecha de su presentación. Se archivará en autos copia de la notificación del dictamen dentro de las veinticuatro horas de haberse emitido la decisión. Esta notificación a las partes se hará en conformidad con lo dispuesto en la Regla 71(B) de este Reglamento.

(C) Cada parte podrá presentar solo una moción de reconsideración.

(D) La Secretaria o el Secretario enviará el mandato al Tribunal de Primera Instancia, junto con todo el expediente original, cuando este haya sido elevado. Esto ocurrirá: (i) una vez transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, o (ii) en cualquier momento anterior a dicha fecha, o a la fecha en que advenga final y firme la decisión, cuando, a iniciativa propia o a solicitud de parte, así lo ordene el Tribunal de Apelaciones por causa justificada.

*Comentario*:

Esta regla corresponde a la Regla 52 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (B) para atemperarlo a los cambios establecidos en la Regla 71 (B).

*Comentario: Enmiendas del 2025:*

Se modifica el inciso (D) para aclarar que el tribunal tiene la potestad de remitir el mandato en cualquier momento, aun antes de advenir final y firme la decisión recurrida. Esto con el fin de que, en las circunstancias que así lo ameriten, el Tribunal de Primera Instancia pueda continuar inmediatamente con el trámite ante sí. Por supuesto, la parte adversamente afectada por esta acción tiene disponible (i) solicitar al Tribunal de Primera Instancia que se abstenga de continuar el procedimiento mientras no advenga final y firme la decisión del Tribunal de Apelaciones, así como (ii) recurrir al Tribunal Supremo y, en auxilio de su jurisdicción, para solicitar que se paralice la continuación del trámite ante el Tribunal de Primera Instancia.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 53 — Disposiciones generales*

(A) En todo caso, el Tribunal de Apelaciones podrá, en atención a las circunstancias del caso ante su consideración, variar los términos y procedimientos dispuestos en esta Parte V para, en bien de la justicia, asegurar una tramitación y disposición más eficiente de este, sin menoscabar los derechos sustantivos de las partes.

(B) Las disposiciones contenidas en la Parte V de este Reglamento regirán solo la presentación y disposición de los recursos de *certiorari* en casos originados en la Comisión Estatal de Elecciones en conformidad con lo dispuesto en la Regla 41 de este Reglamento.

(C) Los asuntos no tratados en esta Parte que estén dispuestos en otras Partes de este Reglamento, aplicarán a la tramitación de los recursos de *certiorari* para revisar sentencias emitidas por el Tribunal de Primera Instancia en casos originados en la Comisión Estatal de Elecciones en tanto no conflijan con la celeridad que ameritan la atención y disposición de los casos en los que están involucrados derechos electorales.

*Comentario*:

Esta regla corresponde a la Regla 53 del Reglamento del TCA de 1996.

## PARTE VI   *HÁBEAS CORPUS* Y *MANDAMUS*

*Regla 54 — Aplicabilidad*

Los procedimientos de *hábeas corpus* y *mandamus* se regirán por la reglamentación procesal civil, por las leyes especiales pertinentes y por estas reglas.

*Comentario*:

Esta regla corresponde a la Regla 54 del Reglamento del TCA de 1996.

*Regla 55 — Contenido del escrito de hábeas corpus o mandamus; tramitación del recurso*

(A) Cualquier petición para que el tribunal expida un recurso de *hábeas corpus* o *mandamus* contendrá numeradas, en el orden que aquí se dispone, las partes siguientes:

      (1) Las citas de las disposiciones legales que establecen la jurisdicción del tribunal y la Región Judicial a la que corresponde el recurso en conformidad con la ley y el inciso (G) de esta regla.

      (2) Un breve resumen de los hechos.

      (3) Un señalamiento breve y conciso de las controversias de derecho planteadas en la petición y de las disposiciones de la ley y de la jurisprudencia aplicables.

      (4) Un argumento de las controversias planteadas.

      (5) La súplica.

(B) En los casos en que el recurso de *hábeas corpus* o *mandamus* plantee alguna cuestión que trate sobre la comisión de algún error por un tribunal, relacionado con la suficiencia o apreciación de la prueba oral, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76 de este Reglamento.

(C) La cubierta de la petición contendrá solamente el epígrafe, el cual identificará a la parte peticionaria y a las partes contrarias como demandadas, y el nombre, la dirección postal, el teléfono, la dirección del correo electrónico y el número del Tribunal Supremo del abogado o de la abogada de la parte peticionaria, si hubiera. Inmediatamente después, habrá un índice detallado de la petición que se ajustará a lo dispuesto en la Regla 75.

(D) Cualquier documento que se deba traer a la atención del Tribunal de Apelaciones en esta etapa del procedimiento, se unirá al final de la petición como apéndice.

(E) La petición no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el Tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(F) No se permitirá la presentación de un memorando de autoridades por separado, por

lo que la argumentación y los fundamentos de derecho deberán ser incluidos en el mismo cuerpo de la petición.

(G) La petición se presentará en la Secretaría del Tribunal de Apelaciones y será asignada por el Juez Administrador o la Jueza Administradora, o el Juez Administrador Auxiliar o Jueza Administradora Auxiliar, según las normas previamente establecidas. Se considerará impropia la presentación de una petición directamente a un Juez o una Jueza del Tribunal de Apelaciones, excepto en casos de extrema urgencia cuando ni el tribunal ni la Secretaria o el Secretario estuvieren disponibles. En tales casos, ese Juez o esa Jueza podrá ejercitar individualmente los poderes que le confiere la ley, pero cuando proceda deberá referir el caso al Panel correspondiente por conducto de la Secretaria o del Secretario.

(H) La resolución del Juez o de la Jueza que haya atendido el recurso en tales casos estará sujeta a revisión por el Panel correspondiente o el designado por el Juez Presidente o la Jueza Presidenta a esos fines. Siempre que esto fuere solicitado por una parte interesada dentro de los diez días después del archivo en autos de la notificación de la resolución, dicho Panel revisará la resolución del Juez o de la Jueza y dictará lo que en derecho proceda.

(I) En todo caso en que el Tribunal de Apelaciones considere que no se justifica el ejercicio de su jurisdicción, ordenará el traslado a la Sala del Tribunal de Primera Instancia que corresponda. Tal orden no se considerará en forma alguna una adjudicación en los méritos.

(J) La parte peticionaria emplazará a todas las partes a tenor con las disposiciones de las Reglas de Procedimiento Civil y de las leyes pertinentes. Cuando se trate de un recurso de *mandamus* dirigido contra un Juez o una Jueza para que este o esta cumpla con un deber ministerial con relación a un caso que esté pendiente ante su consideración, el peticionario no tendrá que emplazar al Juez o a la Jueza de acuerdo con las disposiciones pertinentes de las Reglas de Procedimiento Civil. En estos casos, bastará con que el peticionario notifique al Juez o a la Jueza con copia del escrito de *mandamus* en conformidad con lo dispuesto en la Regla 13(B) de este Reglamento. También deberá notificar a las otras partes en el pleito que originó la petición de *mandamus* y al tribunal donde este se encuentre pendiente, en conformidad con la Regla 13(B).

(K) A menos que en el propio auto se disponga otra cosa, la parte peticionaria tendrá un plazo de diez días, contados desde el aviso de expedición, para presentar su alegato, y las demás partes, diez días para presentar el suyo a partir de la notificación del alegato de la parte peticionaria. Los alegatos se ajustarán a las disposiciones de la Regla 73. El tribunal podrá ordenar que las partes contrarias contesten las alegaciones de la petición dentro del plazo determinado. En tal caso, el plazo para presentar el alegato de la parte peticionaria comenzará a contar desde la fecha de la notificación de la contestación.

(L) Al expedir el auto preliminar o en cualquier momento posterior, el Tribunal de Apelaciones determinará si se requiere la celebración de una vista, la cual se ventilará ante el Panel en pleno o ante cualesquiera de sus miembros. En ese caso, podrá nombrar un comisionado o una comisionada, o tomar la acción que corresponda. En tales situaciones, no se excluirá el descubrimiento de prueba y se aplicarán las normas pertinentes de las Reglas de Procedimiento Civil y de Evidencia de la misma forma que en cualquier otro procedimiento ante el Tribunal de Primera Instancia.

*Comentario*:

Esta regla corresponde a la Regla 55 del Reglamento del TCA de 1996.

Implanta el contenido del Art. 4.006(d) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, sobre la competencia del Tribunal de Apelaciones en estos recursos.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (C) para hacer énfasis en la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de *hábeas corpus* o *mandamus*. Se elimina la referencia a la obligación de incluir el número de colegiación, a tenor con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, *supra*. En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número de RUA) del abogado o abogada de la parte peticionaria, si alguno o alguna. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g) (1) (B), y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales el lenguaje del inciso (B) a la luz de los cambios a la Regla 76 y de la eliminación de la Regla 76.1.

Se enmienda el inciso (C) para suprimir la referencia al número de fax por encontrarse en desuso.

El inciso (E) se enmendó para aumentar a treinta y cinco el número máximo de páginas de que deberá constar el escrito de *hábeas corpus* o *mandamus*, cuando el expediente sea electrónico. Toda vez que la Regla 70(A) también se enmendó con el propósito de reducir el tamaño del papel.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

# PARTE VII   REVISIÓN DE DECISIONES ADMINISTRATIVAS

*Regla 56 − En general*

Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios o funcionarias, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley.

*Comentario*:

Esta regla corresponde a la Regla 56 del Reglamento del TCA de 1996, a la que se le adiciona la palabra "organismo" para conformarla con el leguaje más amplio de la nueva Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003. Debe quedar claro que las decisiones de las agencias excluidas de la definición de "agencia" por la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU) son objeto de revisión judicial, en tanto en cuanto dichas determinaciones afecten derechos u obligaciones de partes. 3 L.P.R.A. sec. 2102.

*Regla 57 − Término para presentar el recurso de revisión*

El escrito inicial de revisión deberá presentarse dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

*Comentario*:

Esta regla corresponde a la Regla 57 del Reglamento del TCA de 1996.

El término, según la Sec. 4.2 de la LPAU, es de treinta días, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia, añadiéndose el depósito en el correo. *Hosp. Dr. Domínguez v. Ryder*, 161 D.P.R. 341 (2004).

*Comentario: Enmiendas del 2025:*

Se incorpora lo dispuesto en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), Ley Núm. 38-2017.

*Regla 58 − Presentación y notificación del recurso de revisión*

(A) Presentación del recurso

El escrito inicial de revisión se formalizará con su presentación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

La fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación del recurso de revisión. Por lo tanto, la fecha de presentación del recurso de revisión no se retrotraerá a la fecha en que se cargó electrónicamente el documento. La plataforma electrónica emitirá un comprobante de presentación indicando que el recurso fue cargado al sistema. El comprobante reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta tanto se paguen los derechos arancelarios correspondientes.

Cuando la presentación física del recurso sea necesaria conforme a lo dispuesto en la Regla 2.1 de este Reglamento, esta se formalizará con la presentación del original del recurso de revisión en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente.

(B) Notificación a las partes

(1) Cuándo se hará

La parte recurrente notificará el escrito de revisión debidamente sellado con la fecha y la hora de su presentación a los abogados o las abogadas de récord del trámite administrativo o, en su defecto, a las partes, así como a la agencia o al funcionario administrativo o funcionaria administrativa de cuyo dictamen se recurre, dentro del término para presentar el recurso, siendo este un término de cumplimiento estricto.

(2) Cómo se hará

La notificación se efectuará según lo dispuesto en la Regla 13(B).

(3) Constancia de la notificación

La constancia de cada uno de los métodos de notificación será la dispuesta en la Regla 13(B) de este Reglamento.

(4) Certificación de notificación

La parte recurrente, por sí o por conducto de su representación legal, certificará al Tribunal de Apelaciones en el escrito de revisión el método mediante el cual notificó o notificará a las partes, y el cumplimiento con el término dispuesto para esto.

La parte recurrente podrá certificar al tribunal en una moción suplementaria cualquier cambio en cuanto a la certificación original dentro de los tres días laborables siguientes al día de la presentación del escrito de revisión. El término dispuesto aquí será de cumplimiento estricto.

*Comentario*:

Esta regla corresponde a la Regla 58 del Reglamento del TCA de 1996.

El término de notificación a las partes y a la agencia es de cumplimiento estricto. A los fines de proveer uniformidad, se hace referencia en esta regla a las disposiciones de constancia de notificación de los diferentes métodos, según dispuesto en la Regla 13(B) sobre apelaciones. Véase la Regla 12.1, que faculta al tribunal para corregir defectos de forma o notificación por causa justificada y siempre que no se afecten derechos de las partes.

*Comentario: Enmiendas del 2025:*

El inciso (A) se enmienda para aclarar que la fecha que se considerará propiamente como fecha de presentación del recurso será la fecha del pago de los derechos arancelarios, cuando esta sea distinta. Asimismo, se consigna que la plataforma electrónica emitirá un comprobante que acredita la presentación del recurso en la plataforma electrónica, el cual reflejará la fecha y la hora en que se realizó la transacción y advertirá que el documento no se entenderá presentado oficialmente hasta que se concrete el pago de los derechos arancelarios.

El inciso (B)(2) se enmienda para establecer que la parte recurrente efectuará la notificación del recurso a la parte recurrida según lo dispuesto en la Regla 13(B).

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 59 — Contenido del recurso de revisión*

El escrito de revisión contendrá:

(A) Cubierta

La primera hoja del recurso constituirá la cubierta, que indicará en su encabezamiento "Estado Libre Asociado de Puerto Rico", "Tribunal de Apelaciones" y la Región Judicial de donde procede el recurso, y contendrá solamente lo siguiente:

(1) Epígrafe

El epígrafe del escrito de revisión contendrá el nombre de todas las partes en el orden en que aparecían en el trámite administrativo y se les identificará como "parte recurrente" y "parte recurrida".

(2) Información sobre abogados y abogadas, y partes

Se incluirá el nombre, la dirección postal, el teléfono y la dirección electrónica y el número del Tribunal Supremo del abogado o de la abogada de la parte recurrente y del abogado o de la abogada de la parte recurrida, o el nombre, la dirección postal, la dirección del correo electrónico, si la tuvieran, y el teléfono de las partes si estas no estuvieren representadas por abogado o abogada, con indicación de que comparecen por derecho propio.

(3) Información del caso

Si se trata de un recurso presentado físicamente conforme a lo dispuesto en la Regla 2.1 de este Reglamento, deberá, además, incluirse en la cubierta el número que se le asigne en el Tribunal de Apelaciones, el nombre del organismo o agencia administrativa de la cual proviene el recurso, incluyendo la identificación numérica del trámite administrativo, si alguna, y la materia.

En los recursos para impugnar la validez de una regla o reglamento, el epígrafe expresará el nombre de la persona que impugna, identificándola como "recurrente", y el nombre del organismo o agencia que adoptó la regla o reglamento, identificándola como "recurrida".

(B) Índice

Inmediatamente después, habrá un índice detallado del recurso conforme a lo dispuesto en la Regla 75 de este Reglamento.

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a) En la comparecencia, el nombre de los recurrentes.

(b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del tribunal.

(c) Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

(3) En caso de que en el recurso de revisión se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte recurrente

procederá conforme se dispone en la Regla 76.

(D) Número de páginas

El recurso de revisión no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a esta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio*, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del apéndice no será causa de desestimación del recurso.

(3) El apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado copia de la prueba ofrecida y no admitida.

(4) Los documentos del apéndice se organizarán en orden cronológico. Si se trata de un expediente físico, todas las páginas se numerarán consecutivamente. Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento. En el caso de los expedientes electrónicos, el apéndice contendrá un índice que indicará la entrada del documento en el expediente. En tales circunstancias no será necesario volver a cargar los documentos que obran en el Tribunal de Primera Instancia. Los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada (ejemplo: Ent. #123) y la(s) página(s) del documento al que hace referencia.

*Comentario*:

Esta regla corresponde a la Regla 59 del Reglamento del TCA de 1996.

Se incluye la información que deba proveerse en la cubierta del recurso, para identificación de la materia (subastas, certificado de necesidad y conveniencia, determinaciones ambientales, asuntos de personal) y agencia (Departamento de Justicia, Departamento Salud, Departamento de Asuntos del Consumidor, Junta de Apelaciones de la Administración de Sistemas de Personal, Comisión de Investigación, Procesamiento y Apelaciones) desde su presentación. Según las directrices de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el tribunal podrá permitir la presentación de documentos del apéndice con posterioridad a la presentación del recurso a petición del recurrente o *motu proprio*, y no desestimará el recurso por omisión de documentos. Conforme a la Regla 12.1, el tribunal dará oportunidad a las partes de corregir defectos de forma.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (A) (2) para destacar la obligación de incluir tanto la dirección postal como la dirección del correo electrónico en los escritos de revisión. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II*, *supra*.  En su lugar, se requerirá el número del Tribunal Supremo (entiéndase, el número de RUA) del abogado o abogada de la parte recurrente o de la parte recurrida, según proceda. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g)

(1) (B), y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

En el inciso (A)(3) se suprime el requisito de incluir en la cubierta del recurso "el número que se le asigne en el Tribunal de Apelaciones" cuando el expediente sea electrónico. De este modo se atempera la regla a la automatización del proceso de asignar los números de caso que supone la presentación de los recursos mediante el SUMAC.

Además, se modifica en términos generales el lenguaje del inciso (B) para atemperarlo a los cambios de la Regla 75.

Se modifica el lenguaje del inciso (C) (1)(c) para fortalecer la obligación de las partes de notificar al tribunal sobre casos relacionados, conforme se modificó en las Reglas 16 y 34.

El inciso (D) se enmendó para aumentar a treinta y cinco el número máximo de páginas de que deberá constar el recurso cuando el expediente sea electrónico.

Se enmienda el inciso (E)(4) para que el texto refleje la distinción entre cómo debe prepararse el apéndice y su índice correspondiente tanto en los casos en que el expediente sea electrónico como en los casos en que sea físico. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

*Regla 60 — Competencia*

El recurso de revisión será atendido por el Panel designado conforme a lo dispuesto en la Regla 7 (A) (3) de este Reglamento.

*Regla 61 — Efectos de la presentación del recurso de revisión; comparecencia del Estado; bienes fungibles*

(A) Efectos de la presentación del recurso

(1) La presentación de un recurso de revisión no tendrá el efecto de paralizar la implantación de una regla o reglamento, orden, resolución o determinación de una agencia, funcionario o funcionaria, o la adjudicación de una subasta impugnada. Sin embargo, a solicitud de parte, el Tribunal de Apelaciones podrá emitir una orden en contrario, no sin antes conceder un término a las demás partes para que se expresen en torno a la solicitud de paralización. No obstante, si el tribunal determina que por la urgencia del asunto no es posible oír a las demás partes, podrá dictar dicha orden de

forma temporera y conceder posteriormente término a las demás partes para que se expresen antes de resolver finalmente el asunto. En los casos en que el tribunal lo considere apropiado, podrá exigir la prestación de una fianza para salvaguardar los intereses de todas las partes.

(2) El tribunal podrá, *motu proprio* y por causa justificada, ordenar la paralización y tomar todas aquellas medidas que estime pertinentes y necesarias para proteger los intereses de todas las partes, incluyendo el interés público.

(B) Bienes fungibles

Si la orden, resolución o determinación recurrida dispusiera la venta de cosas fungibles, susceptibles de pérdida o deterioro, la agencia, funcionario o funcionaria podrá ordenar que estas se vendan y que se deposite su importe en cuenta de plica hasta que el Tribunal de Apelaciones resuelva el recurso.

*Comentario*:

Esta regla corresponde a la Regla 61 del Reglamento del TCA de 1996.
Se elimina de la regla lo referente a la expedición del recurso, toda vez que su consideración no es discrecional bajo la nueva Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003. Se sustituye en esta y en las otras reglas "solicitud de revisión" por "recurso de revisión".

*Regla 62 — Mociones y escritos posteriores*

(A) Las mociones y cualesquiera otros escritos posteriores relacionados con el recurso de revisión se presentarán solamente en la Secretaría del Tribunal de Apelaciones. Cuando la presentación electrónica no sea viable, se deberán presentar físicamente en original. En este caso, también podrán enviarse por correo, pero, de tener términos jurisdiccionales para su presentación, deberán llegar dentro de dichos términos a la Secretaría del tribunal.

(B) Tales mociones y escritos serán notificados simultáneamente a la agencia, al funcionario o a la funcionaria y a todas las partes en el recurso, y en la moción o escrito se certificará la forma en que se hizo la notificación.

*Comentario*:

Esta regla corresponde a la Regla 62 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para consignar que las mociones o escritos posteriores que se presenten en recursos de revisión, debe realizarse en original cuando se trate de casos en expediente físico. Se elimina el requisito de presentar tres copias.

Se reitera que, como norma general, se presentarán mediante la plataforma electrónica, según lo establece la Regla 2.1 de este Reglamento. De ahí que la presentación de escritos a través del SUMAC equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 63 — Alegato en oposición de la parte recurrida*

(A) Dentro de los treinta días siguientes a la notificación del recurso de revisión, la agencia, funcionario o funcionaria, así como cualquiera de las demás partes, deberán presentar su alegato en oposición al recurso. Este no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive de la certificación de notificación, del índice y del apéndice, salvo que el tribunal autorice un número mayor de páginas conforme a lo dispuesto en la Regla 70(D).

Cuando se cuestione la apreciación de la prueba hecha por la agencia, la parte recurrente podrá presentar un alegato suplementario treinta días después de la presentación de la exposición estipulada o transcripción de la prueba, con el propósito de hacer referencia a las porciones de la exposición o de la transcripción que sean relevantes a sus señalamientos de error. La parte recurrente indicará al tribunal, al presentar la exposición o transcripción de prueba, que presentará un alegato suplementario.

En aquellos casos en que una porción de la prueba oral se traerá ante la consideración del Tribunal de Apelaciones, los treinta días para presentar el alegato de la parte recurrida comenzarán a contarse desde que se presenta la exposición o la transcripción de la prueba, salvo que la parte recurrente presente un alegato suplementario, en cuyo caso la parte recurrida presentará su alegato dentro de los treinta días siguientes a la presentación del alegato suplementario.

(B) El apéndice, si se incluye, solo contendrá copias de documentos que formen parte del expediente original administrativo. En caso de que en apoyo del alegato en oposición se haga referencia a una regla o un reglamento, deberá incluirse en el apéndice el texto de la regla, reglas, sección o secciones del reglamento que sea pertinente o pertinentes.

(C) Los documentos se organizarán en orden cronológico. Si se trata de un expediente físico, todas las páginas del apéndice se numerarán consecutivamente. Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento. En

el caso de los expedientes electrónicos, el apéndice contendrá un índice que indicará la entrada del documento en el expediente en que aparece cada documento. Los documentos que obran en el expediente electrónico deberán citarse indicando el número de entrada (ejemplo: Ent. #123) y la(s) página(s) del documento al que se hace referencia.

(D) No será necesario incluir en el apéndice de un alegato en oposición un documento que ya se haya incluido en el apéndice de un escrito anterior dentro del mismo caso. En tal situación, toda referencia posterior a dicho documento indicará la página y el apéndice correspondiente.

*Comentario*:

Esta regla corresponde a la Regla 63 del Reglamento del TCA de 1996.

Se elimina del inciso (B) lo referente al apéndice sobre la exclusión indebida de la prueba por ser repetitivo de lo dispuesto en la Regla 59(E)(2). Toda vez que el recurso se acoja como cuestión de derecho, se provee para la presentación del alegato en oposición de la parte recurrida (véase la Regla 64).

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aumentar de veinticinco a treinta y cinco el número máximo de páginas de que deberá constar el recurso, cuando el expediente sea electrónico, ya que la Regla 70(A) también se enmendó con el propósito de reducir el tamaño del papel que la parte apelante utilizará para el recurso presentado electrónicamente, de ocho y media pulgadas de ancho por catorce pulgadas de largo (8.5" x 14") a ocho y media pulgadas de ancho por once pulgadas de largo (8.5" x 11"). Así también, se enmienda el inciso (C) con el propósito de que el texto refleje la distinción entre cómo debe prepararse el apéndice y su índice correspondiente tanto en los casos en que el expediente sea electrónico como en los casos en que sea físico. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

Se aclara en el inciso (A) que, al igual que en los recursos de apelación y *certiorari*, cuando se reproduce prueba oral, la parte recurrente tendrá la oportunidad de presentar un alegato suplementario, y se establece el término para que la parte recurrida presente su alegato cuando esto ocurre.

*Regla 64 — Órdenes de comparecencia*

No será obligatoria la comparecencia del Estado Libre Asociado, a menos que así lo

ordene el tribunal, el cual podrá dictar las órdenes que estime apropiadas para la resolución expedita del recurso.

*Comentario*:

Esta regla corresponde a la Regla 64 del Reglamento del TCA de 1996.

Se incorpora la norma de Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, a los efectos de que no será obligatoria la comparecencia del Estado Libre Asociado (Art. 4.006(c)). Se reconoce la autoridad del tribunal para dictar órdenes para la decisión expedita del recurso (véase la Regla 61).

*Regla 65 — Resolución del recurso*

El tribunal resolverá como cuestión de derecho el recurso una vez quede sometido en los méritos mediante sentencia.

*Comentario*:

Esta regla corresponde al Art. 4.006(c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, que dispone que el recurso de revisión se acogerá por el Tribunal de Apelaciones como cuestión de derecho.

*Regla 66 — Reproducción de la prueba oral*

(A) Cuando se apuntare error en la apreciación de la prueba oral o que alguna determinación de hechos no esté sostenida por la prueba y sea necesario recurrir a la reproducción de la prueba oral, la parte recurrente procederá de conformidad con la Regla 76. De no solicitarlo así la parte recurrente, las demás partes podrán efectuar igual solicitud.

(B) En dicha moción la parte interesada sustanciará y probará la necesidad de recurrir a la prueba oral, con vista a las determinaciones de hechos de la agencia o del funcionario o funcionaria, haciendo referencia a las cuestiones planteadas en la solicitud de revisión y al contenido de los testimonios específicos que se interesa utilizar. La omisión de cumplir con esta regla podrá dar lugar a que se declare sin lugar la moción.

(C) La reproducción de la prueba oral se hará de conformidad con lo estatuido la Regla 76 de este Reglamento, debiendo efectuar la agencia los trámites que corresponden al Tribunal de Primera Instancia.

*Comentario*:

Esta regla corresponde a la Regla 67 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales el lenguaje de los incisos (A) y (C) a la luz de los cambios a la Regla 76 y de la eliminación de la Regla 76.1.

*Regla 67 − Procedimiento de recurso de revisión especial*

Una parte adversamente afectada por una orden o resolución final de un organismo o agencia administrativa, de la naturaleza dispuesta en esta regla, y que haya agotado todos los remedios provistos por el organismo o agencia administrativa correspondiente, podrá utilizar este procedimiento de revisión especial si cumple con los requisitos siguientes:

(A) Que la orden o resolución final del organismo o agencia administrativa objeto del recurso de revisión especial haya adjudicado una solicitud de servicios o ayuda presentada por la persona promovente al amparo de un programa de beneficencia social, o que haya adjudicado una controversia sobre la elegibilidad o naturaleza de los beneficios o servicios a los que la persona promovente es elegible en un programa de beneficencia social.

(B) Que a juicio del promovente la orden o resolución final le resulta adversa.

(C) Que la persona acuda al tribunal por derecho propio para impugnar dicha decisión administrativa dentro de un término de treinta días del recibo de la orden o resolución final.

En estos casos será suficiente que el recurso de revisión exponga de manera sucinta las razones por las cuales la persona entiende que deba revisarse la orden o resolución y que acompañe copia del dictamen recurrido.

La Secretaría del Tribunal de Apelaciones preparará un impreso de "Recurso de Revisión Especial" para estos casos, en los que constarán las reclamaciones de beneficencia social objeto de este recurso y que deberá contener, entre otras, la información siguiente:

> (1) nombre de las partes

> (2) organismo o agencia recurrida y número del caso

> (3) servicio o derecho de beneficencia social

(4) razones o fundamentos para solicitar la revisión y el remedio que solicita

(5) certificación de notificación o solicitud de notificación por la Secretaría, y

(6) certificación de veracidad de los hechos.

El formulario estará disponible en los organismos o las agencias correspondientes, así como en el Tribunal de Apelaciones.

El formulario podrá ser cumplimentado en manuscrito y deberá estar firmado por la parte recurrente, con indicación de su dirección y la fecha en que se presenta el recurso.

El escrito podrá presentarse en el Tribunal de Apelaciones personalmente o por correo.

Cuando la parte lo solicite, la Secretaría del Tribunal de Apelaciones completará el trámite correspondiente de las tres copias del escrito de revisión y de su notificación al organismo o agencia recurrida y al Procurador General o a la Procuradora General.

En estos casos, el tribunal podrá ordenar que se eleve el expediente administrativo o copia certificada de este y podrá tomar cualquier medida que estime necesaria para la rápida disposición del recurso.

El tribunal deberá proveer un trámite expedito y deberá resolver el caso en un término no mayor de treinta días de haber sido sometido.

El tribunal podrá revocar, modificar o confirmar la resolución u orden recurrida, así como devolver el caso al organismo o agencia recurrida con instrucciones para ulteriores procedimientos. Antes de revocar o modificar, deberá conceder oportunidad a la agencia u organismo de expresarse, salvo circunstancias especiales.

Los términos dispuestos para este procedimiento especial serán de cumplimiento estricto y no se desestimará ningún recurso por defectos de forma o de notificación.

*Comentario*:

El Informe de Revisión de la Ley de la Judicatura de Puerto Rico, que precedió la aprobación de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, expuso la situación de que las decisiones o adjudicaciones de los organismos y las agencias administrativas relacionadas con los beneficios y servicios gubernamentales de ayuda al ciudadano necesitado, tales como decisiones relacionadas con la Tarjeta de Salud, Tarjeta del PAN, Vivienda en residenciales públicos, Vivienda subsidiada, Beneficios por Desempleo y otros, no eran objeto de revisión judicial. Esto es, que mientras cientos o miles de ciudadanos que carecen de recursos acuden a distintos

organismos y agencias tales como los Departamentos de la Familia, de Salud, del Trabajo y de la Vivienda a solicitar beneficios de ayuda social, los que le son aprobados, denegados o modificados, la revisión judicial de dichas adjudicaciones es inexistente. El Informe concluyó que en cuanto a estos ciudadanos que carecen de recursos económicos no había acceso a que un Panel del foro apelativo revisara dichas decisiones, debido ello a la condición de escasos recursos de estas personas.

Debido a que la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 tiene como uno de sus puntales básicos que se abra el acceso a los tribunales las personas de escasos recursos, se adopta este procedimiento de revisión judicial especial, aplicable en el nivel apelativo intermedio.

Cabe señalar que, al igual que en los demás recursos de revisión judicial, la mera presentación del recurso no paralizará el trámite en el organismo o la agencia administrativa, ni será obligatoria la comparecencia del Estado, a menos que el Tribunal de Apelaciones así lo determine.

El procedimiento especial contempla formularios simples para presentar el recurso de revisión, términos y acceso flexibles, procedimiento expedito y sencillo. En éste constarán las reclamaciones de beneficencia social a las que aplican.

Siempre el tribunal tiene la facultad bajo la Regla 7(B)(5) de este Reglamento de prescindir de escritos, términos o procedimientos *no* jurisdiccionales en aras de impartir justicia apelativa con el más amplio acceso a los ciudadanos, y la LPAU contempla que el Tribunal Supremo adopte reglas especiales para estos casos, lo que incluye términos y condiciones especiales.

## PARTE VIII  REGLAS APLICABLES A TODOS LOS RECURSOS

Esta parte aplicará a todos los trámites relacionados con los recursos presentados en el Tribunal de Apelaciones.

*Regla 68 − Mociones*

(A) Todas las mociones se notificarán a las demás partes en la misma fecha de su presentación, y dicha notificación se hará constar en el escrito que se presente al Tribunal de Apelaciones. En cualquier moción se hará constar el nombre de la parte que la presenta en la comparecencia.

(B) Cualquier parte que desee expresarse a favor o en contra de una moción que solicite algún remedio deberá hacerlo dentro de los diez días siguientes a la notificación antes dicha.

(C) Toda moción aducirá los fundamentos legales en que descansa e incluirá la argumentación, las citas de autoridades y la súplica. No se permitirá un memorando de autoridades por separado.

(D) Ninguna moción excederá de diez páginas.

(E) No obstante lo dispuesto en el inciso (B) de esta regla, cuando existan circunstancias extraordinarias que así lo aconsejen, el tribunal podrá resolver una moción en cualquier momento sin esperar la oposición.

*Comentario*:

Esta regla corresponde a la Regla 68 del Reglamento del TCA de 1996.

*Regla 69 — Firma de las alegaciones, mociones y otros escritos; sanciones*

(A) Toda alegación, moción y escrito presentado por una parte que esté representada por abogado o abogada serán firmados por lo menos por un abogado o una abogada de autos en su propio nombre, expresando su dirección postal, el teléfono, la dirección del correo electrónico, y el número del Tribunal Supremo. Las partes no representadas por abogados o abogadas firmarán sus alegaciones, mociones o escritos, expresando su dirección postal, dirección del correo electrónico, si la tuvieran, y teléfono, e indicando claramente que comparecen por derecho propio.

Conforme a lo dispuesto en la Regla 2.1 de este Reglamento, los documentos presentados en el SUMAC deberán ser firmados electrónicamente por el abogado o la abogada de la manera siguiente: "f/nombre completo del abogado o de la abogada". Cuando un documento requiera la firma de una persona que no sea abogado o abogada, o cuando una persona comparezca por derecho propio e interese presentar un documento en el SUMAC, este llevará la firma en manuscrito. El documento que conste en plataforma electrónica será la versión oficial.

(B) La firma del abogado, de la abogada o de la parte constituirá una certificación por la persona firmante de haber efectuado la notificación en la fecha informada y haber leído la alegación, la moción o el escrito; de que, conforme a su mejor conocimiento, información y creencia, luego de una investigación razonable, está bien fundada en los hechos y está sustentada por la ley o por una argumentación de buena fe sobre la prórroga, enmienda o derogación de la ley, y de que no ha sido interpuesta con algún fin impropio, tal como hostigar, causar demora o aumentar innecesariamente el costo del litigio.

Si las alegaciones, las mociones o los escritos no estuvieren firmados, la Secretaria o el Secretario notificará el hecho al abogado, a la abogada o a la parte que presente el escrito para que corrija la deficiencia en un término razonable.

(C) Si una alegación, una moción o un escrito fuere firmado en violación de esta Regla, el tribunal, a moción de parte o a iniciativa propia, impondrá a la persona firmante, a la parte representada o a ambas la sanción que estime adecuada.

*Comentario*:

Esta regla corresponde a la Regla 69 del Reglamento de TCA de 1996.

Se incorpora la inclusión del correo electrónico en los escritos y el requerimiento de que la parte indique expresamente que comparece por derecho propio.

Se dispone, además, que la firma del abogado, de la abogada o de la parte en el escrito constituirá una certificación de haber efectuado la notificación del escrito en la fecha informada (véase la Regla 13(A)).

Se elimina la disposición que facultaba al Secretario o Secretaria a devolver las alegaciones, las mociones o los escritos que no estuvieran firmados. En tales casos, el Secretario o Secretaria notificará la deficiencia al abogado, la abogada o la parte presentante para que la corrija en un término razonable conforme a lo establecido en el Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 y la Regla 5(C) de este Reglamento.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (A) para establecer que se deberá incluir tanto la dirección postal como la dirección del correo electrónico en las alegaciones, mociones y otros escritos. Cuando las partes ejerzan su derecho a representarse por derecho propio, se incluirá, entre otros datos, la dirección de correo electrónico, si la tuvieran. Se elimina la referencia a la obligación de incluir el número de colegiación, en armonía con lo decidido en *Rivera Schatz v. ELA y Col. Abo. PR II, supra.* Se requerirá, en su lugar, el número del Tribunal Supremo (es decir, el número de RUA) del abogado o de la abogada de la parte correspondiente. Véase Regla 9 (j); Regla 17 (d) (1) (B); Regla 20 (g) (1) (B), y Regla 33 (b) del Reglamento del Tribunal Supremo de Puerto Rico.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para suprimir la referencia al número de fax como información de contacto en las alegaciones, mociones u otros escritos, por encontrarse en desuso. Además, se añadió un párrafo para establecer que una firma electrónica equivaldrá a una

firma en manuscrito o de puño y letra conforme a la Regla 67.6 de Procedimiento Civil, *supra*, y la Regla 254 de Procedimiento Criminal, *supra*. Además, se especifica cómo deberán ser firmados los documentos presentados electrónicamente en el SUMAC.

*Regla 70 − Forma de los escritos; copias*

(A) Todo escrito que se presente ante el Tribunal de Apelaciones deberá utilizar papel tamaño carta de ocho y media pulgadas de ancho por once pulgadas de largo. Cuando se trate de expedientes físicos, se deberá utilizar el tamaño legal de ocho y media pulgadas de ancho por catorce pulgadas de largo, y deberá estar impreso por un solo lado. En ambos casos, el escrito estará a doble espacio, en tipo pica o mayor (excepto las citas directas y las notas al calce) con un margen izquierdo no menor de una y media pulgada, y un margen derecho no menor de media pulgada. Si se utiliza un procesador de palabras, el texto se preparará en letra tipo *courier* o una letra similar de tamaño 12, y cuando el expediente sea físico, se imprimirá con letras íntegras.

(B) En el apéndice se permitirá fotocopiar y digitalizar documentos originales siempre que dichas copias sean claramente legibles.

(C) Cuando sea necesaria la presentación física de documentos en la Secretaría del Tribunal de Apelaciones, excepto lo aquí dispuesto para recursos o escritos específicos, se hará en original legible que podrá ser de mimeógrafo, fotocopias o máquinas reproductoras de eficiencia análoga. Será deber de la Secretaria o del Secretario velar por la observancia de esta disposición. En caso de cualquier deficiencia, la Secretaria o el Secretario informará el hecho a la parte que presente el escrito o a su abogado o abogada para que las corrija dentro de un tiempo razonable. Se hará excepción del legajo o expediente a que se refiere la Regla 77, el cual podrá elevarse en original solamente, y la reproducción de la prueba que se someterá por la parte en original y una copia.

(D) Cuando estas reglas dispongan un número máximo de páginas para un escrito, no se aceptará escrito alguno en exceso de dicho máximo a menos que venga acompañado de una moción por separado en la que se solicite al tribunal permiso para excederse del máximo prescrito y se demuestre justa causa.

(E) El tribunal no aceptará o permitirá que se presente un memorando de autoridades por separado en apoyo de un escrito. Las autoridades pertinentes deben estar citadas y discutidas siempre dentro del cuerpo de los respectivos escritos.

(F) El tribunal podrá negarse a considerar un escrito recibido fuera de término o de la prórroga que pueda haberse concedido.

(G) Todo escrito dirigido al Tribunal de Apelaciones en el que se haga referencia a entradas del expediente electrónico deberá ser citado con el número de entrada

correspondiente (ejemplo: Ent. #123) y la(s) página(s) del documento al que se hace referencia.

*Comentario*:

Esta regla corresponde a la Regla 70 del Reglamento del TCA de 1996, cuyo lenguaje varía para recoger la situación real.

A tales fines, se fija el margen izquierdo correcto, se precisa el tipo de letra requerida cuando se utiliza un ordenador o procesador de palabras y se simplifica lo referente al tipo de letra en la impresión del documento.

El número de copias para los documentos que se presenten se reduce a tres, para conformarlo al número requerido para los escritos o recursos.

Con el propósito de uniformarla a la Regla 5 y a tenor con el Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, el inciso (C) establece que, en caso de deficiencias, el Secretario o la Secretaria informará el hecho al abogado, a la abogada o a la parte presentante para que corrija las mismas dentro de un tiempo razonable. De otro lado, se aclara que la transcripción de la prueba se someterá en original y una copia, ya sea que se eleve por el Tribunal de Primera Instancia o que sea sometida por una parte.

Finalmente, se elimina lo referente a la ausencia de autoridad del Secretario o Secretaria para rechazar documentos por incumplimiento de los requisitos formales reglamentarios, por estar dicha disposición contemplada en la Regla 5 de este Reglamento.

*Comentario: Enmiendas del 2025:*

Se enmendó el inciso (A) para consignar que los recursos deben presentarse en papel tamaño carta cuando sean presentados electrónicamente y aclarar que deberán presentarse en tamaño legal en los casos que tengan expediente físico.

El inciso (B) se enmienda para añadir la necesidad de digitalizar aquellos documentos originales que la parte que presente el escrito necesite fotocopiar para incluir en el apéndice.

Se modifica el inciso (C) para aclarar que la obligación de presentar los escritos en original será en los expedientes físicos, puesto que este requisito no será necesario en las presentaciones por vía electrónica mediante el SUMAC.

Por último, se añade un nuevo inciso (G) con el fin de especificar cómo se deberán citar las entradas del expediente electrónico al que se haga referencia en los escritos

presentados ante el Tribunal de Apelaciones.

*Regla 71 − Notificaciones*

(A) Por las partes

Con excepción de lo dispuesto en este Reglamento en cuanto al escrito inicial en cada recurso, todo escrito posterior que se presente en el Tribunal de Apelaciones se notificará simultáneamente mediante la plataforma electrónica designada. Cuando la notificación electrónica no sea viable, se notificará simultáneamente mediante entrega personal, por correo postal, mediante cualquier servicio similar de entrega personal o por correo electrónico. El modo en que se efectúe la notificación constará en el propio escrito que se presente al Tribunal de Apelaciones.

(B) Notificación de decisiones y órdenes

La Secretaria o el Secretario del Tribunal de Apelaciones notificará por medios electrónicos toda decisión de dicho tribunal a los abogados o las abogadas de las partes a la dirección del correo electrónico que surja del RUA, y a cualquier parte que haya comparecido por derecho propio a la dirección del correo electrónico, si lo tuviera, o en su defecto, a la dirección de correo postal informada en el recurso. Cuando el tribunal lo considere necesario, también podrá ordenar la notificación por el teléfono u otros medios electrónicos.

Cuando sea necesario, notificar por correo postal la decisión de dicho tribunal a los abogados o las abogadas de las partes, y a cualquier parte que haya comparecido por derecho propio. La notificación indicará la fecha en la cual se dictó la decisión o la orden, incluirá una copia e indicará también la fecha del archivo en autos de copia de la notificación.

*Comentario*:

Esta regla corresponde a la Regla 71 del Reglamento del TCA de 1996. Se añade la notificación por telefax, teléfono o correo electrónico cuando el tribunal lo ordene.

*Comentario: Enmiendas del 2017:*

Se enmienda el inciso (B) para incorporar los avances tecnológicos en el proceso de notificación a cargo de la Secretaría del Tribunal de Apelaciones. La enmienda permite que, implementadas las medidas administrativas y la tecnología necesaria, toda decisión de este tribunal se notifique por vía electrónica a las partes y a los abogados o las abogadas de las partes. Al realizar estas notificaciones se utilizará la dirección del correo electrónico que surja del RUA. Véase Regla 9 (j) del Reglamento del Tribunal Supremo

de Puerto Rico. Igualmente, la enmienda viabiliza que, en los casos por derecho propio, se notifique a la parte por correo postal a la dirección informada en el recurso o mediante envío a la dirección de correo electrónico, si lo tuviera. Véase Reglas 67.2 y 67. 6 de Procedimiento Civil (32 LPRA Ap. V. Refiérase, además, a la Regla 254 de Procedimiento Criminal (34 LPRA Ap. 11).

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aclarar que la obligación de las partes presentantes de notificar los recursos y escritos posteriores mediante entrega personal, por correo, servicios de entrega personal o por correo electrónico serán en los casos con expedientes físicos e incluir cómo se notificará por las partes en los casos con expediente electrónico. Asimismo, en el inciso (B) se aclara que las notificaciones por correo de las órdenes se harán en los casos que se encuentren en expediente físico. No obstante, se elimina la referencia al telefax por estar en desuso.

*Regla 72 − Plazos para presentar escritos; prórrogas*

(A) Cuando por mandato de la reglamentación aplicable, un escrito deba ser presentado ante el Tribunal de Apelaciones dentro de determinado periodo de tiempo o en un día determinado y la presentación se realice electrónicamente, el plazo vencerá a las once y cincuenta y nueve de la noche del día correspondiente.

Cuando no sea posible presentar un escrito electrónicamente, este deberá ser presentado en la Secretaría del Tribunal de Apelaciones antes del vencimiento del término aplicable y en el horario regular de oficina de las ocho y treinta de la mañana hasta las cinco de la tarde o lo depositará en el buzón de presentaciones disponible desde las cinco de la tarde hasta las once y cincuenta y nueve de la noche en días laborables.

(B) Cualquier solicitud de prórroga deberá ser recibida en la Secretaría del Tribunal de Apelaciones por lo menos tres días laborables antes de expirar el plazo cuya prórroga se solicita. El término para toda prórroga concedida empezará a contar desde la fecha de vencimiento del término original, a menos que el Panel que considera el caso disponga otra cosa.

(C) No se aceptarán escritos fuera de término, a menos que el Panel que considera el caso disponga otra cosa. En el caso de términos jurisdiccionales, no se concederá prórroga.

(D) Cualquier documento que requiera el pago de derechos arancelarios se entenderá presentado oficialmente en el tribunal cuando se paguen los aranceles correspondientes, de así ser requerido por ley.

*Comentario*:

Esta regla corresponde a la Regla 72 del Reglamento del TCA de 1996.

La regla contempla que pueda haber un horario extendido del tribunal, dando así acceso a este hasta las 12:00 a.m. para presentar los recursos, de implantarse mecanismos a esos fines (véase la Regla 5 y su Comentario). El Tribunal de Apelaciones deberá notificar a los ciudadanos cuando se implanten las medidas que provean este acceso. Mediante Orden Administrativa de 19 de mayo de 2004, se dispuso el término hasta las 12:00 a.m. del día correspondiente al vencimiento del término para presentar los escritos ante el Tribunal de Apelaciones.

*Comentario: Enmiendas del 2025:*

El inciso (A) se enmienda para modificar el plazo de vencimiento para presentar los escritos ante el Tribunal de Apelaciones cuando se presentan en el último día hábil del plazo dispuesto, para extenderlo a las once y cincuenta y nueve de la noche, en lugar de las cinco de la tarde. Esto, en consideración a que los abogados y las abogadas podrán presentar sus escritos en forma electrónica a través del SUMAC todos los días de la semana, incluidos sábados, domingos y días de fiesta legal. Además, se aclara el proceso para las presentaciones físicas de un escrito en la Secretaría del Tribunal de Apelaciones, ya sea porque el expediente del caso es físico o por algún problema técnico con el SUMAC, entre otros.

Se incluye un inciso (D) para consignar que la fecha del pago de derechos arancelarios, si aplicase, constituirá la fecha de presentación electrónica en el tribunal. En la medida que no se emita el pago de los aranceles correspondientes, cuando así se requieran, no se entenderá presentada, aunque se haya cargado electrónicamente en el SUMAC.

*Regla 73 — Alegatos de la parte apelada, recurrida o interventora*

(A) Esta regla aplica a todos los alegatos de la parte apelada, recurrida o interventora en los recursos civiles y criminales instados en el Tribunal de Apelaciones.

(B) La cubierta del alegato solo contendrá el epígrafe del caso, la información sobre los abogados, las abogadas y las partes, y la información del caso.

(C) Inmediatamente después de la cubierta habrá un índice del alegato, el cual seguirá el mismo orden dispuesto para el recurso correspondiente.

(D) El alegato incluirá, en el orden que aquí se dispone, las partes siguientes:

    (1) Las citas de las disposiciones legales que establecen la competencia del Tribunal

de Apelaciones.

(2) Una referencia a la decisión de la cual se apela o se recurre.

(3) Una breve relación de los hechos, cuando proceda.

(4) Una discusión por separado de los errores señalados en el recurso, las disposiciones de ley y la jurisprudencia aplicable.

(5) La súplica.

(E) El alegato no excederá de veinticinco páginas cuando el expediente sea físico y de treinta y cinco páginas cuando el expediente sea electrónico, exclusive del índice, del apéndice y de la certificación de notificación.

(F) El Tribunal de Apelaciones podrá ordenar que se preparen y se sometan alegatos en cualquier caso que lo considere necesario.

*Comentario*:

Esta regla corresponde a la Regla 73 del Reglamento del TCA de 1996.

Se revisa el lenguaje para simplificar los alegatos en oposición, en vista a lo que es realmente necesario.

*Comentario: Enmiendas del 2025:*

El inciso (E) se enmendó para aumentar a treinta y cinco el número máximo de páginas de que deberá constar el recurso en las presentaciones al expediente electrónico. Era necesario aumentar la cantidad de páginas, de modo proporcional, toda vez que la Regla 70(A) también se enmendó con el propósito de reducir el tamaño del papel que la parte apelante utilizará para el recurso, de ocho y media pulgadas de ancho por catorce pulgadas de largo (8.5" x 14") a ocho y media pulgadas de ancho por once pulgadas de largo (8.5" x 11"). Sobre este particular, véase el comentario de la Regla 16.

*Regla 74 – Apéndices*

En los casos en que, conforme a estas reglas, las partes acompañen un apéndice como parte de un escrito, su presentación deberá cumplir con lo siguiente:

(A) Todos los documentos del apéndice se organizarán en orden cronológico. Si el apéndice contiene más de un documento, estará precedido de un índice que indicará la entrada del expediente electrónico en que aparece cada documento. Los documentos que

obran en el expediente electrónico deberán citarse indicando el número de entrada (ejemplo: Ent. #123) y la(s) página(s) del documento al que hace referencia.

Cuando se trate de una presentación en papel, se numerarán consecutivamente y se ordenarán los documentos en orden cronológico. En este caso, si el apéndice contiene más de un documento, estará precedido de un índice que indicará la página en que aparece cada documento.

(B) Los apéndices solo contendrán copias o una referencia a las entradas del expediente electrónico, según aplique, de los documentos que formen parte de los autos del Tribunal de Primera Instancia o del expediente administrativo.

(C) La parte apelante tendrá el derecho de elevar, en un apéndice separado, copia de la prueba ofrecida y no admitida cuando el planteamiento ante el Tribunal de Apelaciones se refiera a error sustancial en la exclusión de la prueba específica de que se trate.

(D) No será necesario incluir en un apéndice un documento que ya haya sido incluido en el apéndice de un escrito anterior dentro del mismo caso. En tal caso, al referirse a dicho documento en el escrito posterior, se hará constar la página del apéndice o del escrito anterior al que se refiera.

(E) Previa autorización del Tribunal de Apelaciones, la parte podrá hacer referencia al apéndice o a los documentos incluidos en el apéndice de otro caso sobre la misma decisión apelada o recurrida que esté pendiente ante el Tribunal de Apelaciones.

(F) Previa autorización del Tribunal de Apelaciones, cuando el apéndice o el documento que se incluirá en este sea voluminoso, su reproducción sea onerosa o, por excepción, no se pueda presentar electrónicamente según la Regla 2.1, la parte podrá presentar una sola copia de estos en un disco compacto (CD) o en un dispositivo USB. Se identificará con el epígrafe abreviado y el número del expediente, si lo tuviera. Su contenido deberá estar en formato "pdf" (Portable Document Format) únicamente, por lo que no se aceptará otro formato. Podrá también solicitar la elevación de los autos originales en lugar de la presentación de documentos o escritos voluminosos.

*Comentario*:

Esta regla corresponde a la Regla 74 del Reglamento del TCA de 1996.

En el párrafo introductorio se sustituye el lenguaje de obligatoriedad del apéndice conforme la política de flexibilidad de las reglas adoptadas. La regla permite, previa autorización del tribunal, la referencia al apéndice o documentos de otro caso sobre la misma decisión que esté pendiente o la presentación de una sola copia de documentos voluminosos, como excepción a la Regla 70(C). También, la solicitud de elevación de los

autos originales, en lugar de la presentación en el apéndice de dichos documentos. De esta manera se provee para la tramitación de los recursos de manera menos costosa.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para incorporar que en el índice se deberá hacer referencia a la entrada del documento en el expediente electrónico cuando estén disponibles en el SUMAC del Tribunal de Primera Instancia. Una vez la parte presentante haya creado el apéndice en el expediente electrónico, el SUMAC mostrará en pantalla una imagen de estas entradas. Esto constituirá el índice al que se hace referencia en este inciso. Por tal razón, no es necesario que la parte presentante prepare o cargue al sistema un índice para el apéndice.

Se enmienda el inciso (F) con el fin de autorizar la presentación del apéndice en un disco compacto o dispositivo USB en aquellos casos cuya presentación electrónica del apéndice sería onerosa debido a que el expediente físico del Tribunal de Primera Instancia o el expediente administrativo es voluminoso. Esta autorización también aplicará a la presentación del apéndice de los recursos que, por excepción, no se puedan presentar electrónicamente, según dispone la Regla 2.1 (*Normas de interpretación sobre la presentación electrónica*).

*Regla 75 − Índices*

Cualquier escrito al Tribunal de Apelaciones que conforme a estas reglas requiera un índice, excepto los índices a un apéndice y los índices al legajo, Reglas 74 y 77, respectivamente, se ajustarán a las normas siguientes:

Habrá un Índice de Materias en el que se señalarán las páginas del escrito donde comienzan las diferentes partes de este. Cuando en el índice se haga referencia a los puntos planteados por el recurso, se expondrá en el propio índice el texto íntegro de los respectivos planteamientos.

*Comentario*:

Esta regla corresponde a la Regla 75 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se elimina el requisito de preparar un índice de autoridades legales. Esto simplifica, y hace menos costoso, el comparecer ante el tribunal, sin afectar la capacidad del Panel para adjudicar el caso.

*Regla 76 − Reproducción de la prueba oral*

(A) Aplicabilidad

Una parte que ha presentado un recurso ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones, no más tarde de diez días desde que se presentó el recurso, si se propone reproducir la prueba oral que desfiló ante el foro recurrido y si propone una transcripción, una exposición narrativa estipulada o algún otro método. La parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.

Si la parte ha impugnado la apreciación de la prueba por el foro recurrido, o si el Tribunal de Apelaciones considera que es necesario o conveniente examinar la prueba oral para adjudicar apropiadamente los señalamientos de error de la parte apelante, peticionaria o recurrente, el Tribunal deberá, en ausencia de una expresión al respecto de dicha parte, ordenar a esta que informe, en un término razonable, si se propone reproducir la prueba oral y qué método propone para esto. Dicha orden deberá incluir una advertencia sobre la consecuencia de no reproducir la prueba oral de forma oportuna, lo cual podría incluir que se considere renunciado todo señalamiento de error cuya adjudicación dependa, parcial o totalmente, de una evaluación de la prueba oral.

A instancia de parte, o por iniciativa propia, el tribunal determinará si autoriza la reproducción de la prueba oral, así como el método que se utilizará para esto.

(B) Regrabación

Autorizada la reproducción de la prueba, su proponente podrá solicitar al foro recurrido la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez días siguientes a la notificación de la orden del Tribunal de Apelaciones. Con la moción, su proponente acompañará los aranceles correspondientes.

Concluida la regrabación, la Secretaria o el Secretario del Tribunal de Primera Instancia, o el funcionario o la funcionaria de la agencia correspondiente, la entregará a la parte proponente y notificará de esto a las demás partes y al Tribunal de Apelaciones.

(C) Transcripción

De utilizarse una transcripción de la prueba oral, esta se realizará por la parte que la solicite, a su costo y dentro del plazo de treinta días a partir de la entrega de la regrabación.

Los honorarios satisfechos por la parte proponente al transcriptor privado autorizado o

una transcriptora privada autorizada serán recobrables como costas de prevalecer esa parte en el recurso, a menos que el Tribunal de Apelaciones determine que la transcripción no era necesaria o útil para la resolución del recurso.

En un recurso de apelación criminal, cuando la parte proponente de la transcripción sea indigente la transcripción será preparada de oficio por los funcionarios o las funcionarias del Tribunal General de Justicia, conforme a los plazos y procedimientos establecidos en esta regla y en las reglas que apruebe el Tribunal Supremo de Puerto Rico. De ser necesario, el Juez Presidente o la Jueza Presidenta del Tribunal Supremo podrá autorizar la contratación de transcriptores privados o transcriptoras privadas conforme a los parámetros que se establezcan en las reglas que apruebe el Tribunal Supremo.

Previa autorización del tribunal, la parte proponente podrá utilizar la grabación realizada con su propia grabadora o la regrabación de los procedimientos y preparar una transcripción, la cual podrá presentarse como la trascripción de la prueba oral, si la parte apelada o recurrida estipula que dicha transcripción es una reproducción fiel de la prueba oral.

Con toda transcripción se incluirá un índice en el que se indicarán los nombres y las páginas en que aparezcan las declaraciones de cada uno de los testigos. Además, la transcripción deberá estar certificada por el transcriptor o la transcriptora como una relación fiel y correcta de la regrabación transcrita.

Las transcripciones se prepararán y presentarán en la Secretaría del Tribunal de Apelaciones dentro del plazo ordenado por este. Será obligación de la parte proponente suministrar copias de la transcripción de la prueba oral a todas las demás partes dentro del mismo plazo. Este plazo será prorrogable solo por justa causa y mediante una moción debidamente fundamentada.

Cuando en cualquier escrito se haga referencia a los hechos del caso y existiese una transcripción de la prueba oral, deberá indicarse en cada lugar, entre paréntesis, la página o las páginas de la transcripción donde aparece el testimonio que establece los hechos en cuestión.

(D) Exposición narrativa estipulada

Autorizada la presentación de una exposición narrativa estipulada, la parte proponente deberá someter un proyecto al respecto a las demás partes dentro de los treinta días de la referida autorización.

Durante los veinte días siguientes, las partes harán esfuerzos, mediante comunicaciones y reuniones entre ellos, para lograr una exposición estipulada, tomando como base el proyecto de exposición narrativa de la parte apelante, peticionaria o recurrente.

Si transcurridos dichos veinte días no se produce una exposición estipulada, la parte apelada o recurrida presentará su oposición al proyecto de exposición de la parte proponente, en la cual señalará específicamente y en detalle, con referencia a la prueba presentada, sus objeciones al proyecto y las razones que le impiden llegar a una exposición narrativa estipulada. De lo contrario, se podrá tomar el proyecto de la parte apelante o peticionaria como exposición narrativa de la prueba testifical.

A los fines de facilitar la preparación de una exposición narrativa estipulada, los abogados, las abogadas y los fiscales y las fiscales podrán utilizar las grabaciones realizadas con sus propias grabadoras.

Con vista al proyecto no estipulado, el tribunal podrá:

(a) utilizar ambos escritos, como reproducción de la prueba, si las diferencias entre las partes no son sustanciales;

(b) ordenar la preparación total o parcial de una transcripción de la prueba oral, conforme a la Regla 76(C) de este Reglamento;

(c) ordenar se eleve una cinta con la regrabación de los procedimientos o

(d) tomar cualquier otra medida que agilice los procedimientos.

*Comentario*:

Esta regla corresponde a la Regla 76 del Reglamento del TCA de 1996. Además de los métodos vigentes, se permite que el promovente solicite y grabe los procedimientos con su propia grabadora o los regrabe y prepare una transcripción, la que será aceptada por el tribunal si es estipulada como correcta y fiel por la otra parte.

*Comentario: Enmiendas del 2025:*

Se consolidan las Reglas 76 y 76.1, y se enmiendan en términos generales.

Se elimina la referencia específica a una exposición narrativa aprobada por el foro recurrido, pues este trámite rara vez es usado y, en general, es el que retrasa más el proceso, además de que resulta oneroso para el foro recurrido. No obstante, se mantiene la discreción del tribunal para autorizar cualquier mecanismo de reproducción de prueba que considere conveniente a un caso particular, incluso el de exposición narrativa aprobada por el foro recurrido o cualquier otra no contemplada específicamente por la Regla.

Además, se establece la obligación del tribunal de afirmativamente interpelar a las partes sobre su intención en cuanto a la reproducción de la prueba oral, cuando surja del recurso que algún señalamiento de error depende, parcial o totalmente, de una evaluación de esta.  Esto con el fin de asegurar que cualquier omisión al respecto por la parte responde a una renuncia voluntaria a reproducir la prueba oral, a diferencia de una inadvertencia sobre el proceso correspondiente.

Se aclara en el inciso (B) que la transcripción de oficio únicamente procede cuando se trata de una persona indigente que ha presentado una apelación en un caso penal.

*Regla 77 — Legajo*

(A) Apelación en casos criminales

El legajo o expediente de apelación en los casos de apelación de sentencias en procedimientos criminales, consistirá del expediente original del Tribunal de Primera Instancia, al que se unirá, cuando la naturaleza de los señalamientos de error así lo requiera, la reproducción de la prueba oral preparada conforme lo dispuesto en la Regla 76.

El expediente de apelación será elevado al Tribunal de Apelaciones dentro de los quince días a que el tribunal así lo ordene.

(B) Apelación de casos civiles y *certiorari*

El legajo o expediente de apelación en procedimientos de naturaleza civil y de *certiorari* en los casos civiles y criminales, consistirá del apéndice que forme parte del escrito, junto con el apéndice de la parte apelada o recurrida, al que se unirá, en los casos en que se haya autorizado, la reproducción de la prueba oral preparada conforme a la Regla 76.

En todo caso el Tribunal de Apelaciones, *motu proprio* o a solicitud de parte, podrá ordenar la elevación del expediente original. Esta disposición no aplica a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y el personal autorizado del Tribunal de Apelaciones.

La Secretaria o el Secretario del Tribunal de Primera Instancia deberá elevar los autos originales, junto con la correspondiente certificación, cuando le sea así ordenado por el tribunal. El Tribunal de Apelaciones podrá requerir la preparación de un índice.

(C) Recursos de revisión administrativa

El legajo en los casos de revisión administrativa consistirá del apéndice que debe formar

parte del escrito, junto al apéndice que debe formar parte del alegato de la parte recurrida, junto a la reproducción de la prueba oral, cuando así lo autorice el tribunal.

En todo caso el Tribunal de Apelaciones, *motu proprio* o a solicitud de parte, podrá ordenar la elevación del expediente original.

(D) Legajo en todos los recursos

(1) El legajo se preparará conforme las disposiciones de estas reglas y, en lo que no fueren incompatibles, con el Reglamento del Tribunal Supremo, las Reglas de Procedimiento Criminal o las Reglas de Procedimiento Civil, y las Reglas de Administración del Tribunal de Primera Instancia. Por estipulación de las partes, aprobada por el Tribunal de Primera Instancia o por el organismo administrativo correspondiente, podrá dejarse fuera del expediente que deba ser elevado cualquier documento del expediente original que no fuese pertinente al recurso. En ese caso, dicha estipulación formará parte del expediente que se eleve.

(2) Al recibo del expediente o de los expedientes originales mencionados en los incisos (A), (B) y (C) de esta regla, el Secretario o Secretaria del Tribunal de Apelaciones notificará inmediatamente su presentación a las partes, así como al Tribunal de Primera Instancia u organismo administrativo correspondiente.

Las disposiciones contenidas en esta Regla relacionadas con la elevación de autos originales del Tribunal de Primera Instancia al Tribunal de Apelaciones no aplican a aquellos casos que se tramitaron electrónicamente en el Tribunal de Primera Instancia y cuyo expediente electrónico se encuentra accesible para los jueces y las juezas y el personal autorizado del tribunal.

*Comentario*:

Esta regla corresponde a la Regla 77 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2017:*

Se añade un párrafo al final de la Regla 77 para establecer que las solicitudes de autos originales del Tribunal de Primera Instancia no serán de aplicación a los casos tramitados electrónicamente. Nótese que en estos casos el expediente electrónico es el expediente original y están disponibles electrónicamente para jueces y juezas y el personal autorizado del Tribunal de Apelaciones, a través del SUMAC.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para aclarar que la reproducción de la prueba oral solo forma parte del legajo cuando esta es necesaria para adjudicar el recurso, y para simplificar lo relacionado con el momento en que debe elevarse el expediente del foro apelado. Se enmienda el inciso (B) para aclarar que la reproducción de la prueba oral solo forma parte del legajo cuando esta fue autorizada por el tribunal.

*Regla 78 — Solicitud para litigar in forma pauperis*

Cualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, presentará ante el Tribunal de Apelaciones una declaración, la cual certificará como correcta so pena de perjurio, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por estos, su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso.

Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para esto.

El Tribunal de Apelaciones podrá preparar formularios para facilitar la comparecencia efectiva de apelantes o recurrentes *in forma pauperis.*

*Comentario*:

Esta regla corresponde a la Regla 78 del Reglamento del TCA de 1996.

Se dispone que el tribunal podrá preparar impresos o formularios que facilitan hacer efectivos los reclamos de los indigentes. Art. 4.004 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003.

*Comentario: Enmiendas del 2025:*

Se elimina el requisito de declaración jurada en el formulario para litigar en calidad de indigente y se incorpora el requisito de que el formulario se presentará mediante certificación so pena de perjurio. Esto con el fin de simplificar y hacer menos oneroso cumplimentar dicho formulario, mientras se mantiene la obligación de ofrecer información veraz, pues de lo contrario la parte se expone a ser procesada por desacato.

*Regla 79 — Órdenes en auxilio de jurisdicción*

(A) Para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí, el Tribunal de Apelaciones podrá expedir cualquier orden provisional, la cual será obligatoria para

las partes en la acción, sus oficiales, agentes, empleados, empleadas, abogados y abogadas, y para aquellas personas que actúen de acuerdo o participen activamente con ellas y que reciban aviso de la orden mediante cualquier forma de notificación. Dichas órdenes se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil, las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y, en lo que no fuere incompatible con aquellas, se regirán también por estas reglas.

(B) Las disposiciones de la Regla 85(C) serán aplicables a la solicitud de estas órdenes.

(C) Las órdenes a que se refiere esta regla podrán expedirse a solicitud de parte y, también, por iniciativa del propio Tribunal de Apelaciones. Aunque la parte promovente de la solicitud de auxilio de jurisdicción no haya cumplido con alguna de las disposiciones de este Reglamento, el Tribunal de Apelaciones podrá emitir tales órdenes cuando no se trate de disposiciones de carácter jurisdiccional.

(D) No se expedirá una orden de *injunction* permanente, excepto como parte de la sentencia final que dicte el tribunal en el pleito principal.

(E) Cualquier solicitud de orden bajo esta regla se ajustará, en cuanto a su forma y contenido, a las disposiciones de las Reglas 68 y 70; llevará el mismo epígrafe del caso principal; deberá notificarse a las demás partes y a cualquier persona contra quien se solicita un remedio mediante el método que asegure que estas queden notificadas de la solicitud simultáneamente con su presentación y hará constar la notificación en la propia solicitud. Si se presenta la solicitud de orden el mismo día en que se presenta el recurso, la notificación simultánea de dicha solicitud incluirá la notificación del recurso con su apéndice. A los fines de la notificación simultánea a la que se refiere esta regla, podrán utilizarse los métodos de notificación personal, por teléfono o por correo electrónico, de forma que las partes advengan en conocimiento de la solicitud de orden y del recurso inmediatamente de su presentación.

(F) En los casos apropiados de jurisdicción original, el Tribunal de Apelaciones podrá ordenar, a iniciativa propia o a solicitud de parte, una vista ante el Panel o cualesquiera de sus Jueces y Juezas para recibir prueba respecto a la solicitud.

(G) Los recursos que contengan una moción en auxilio de jurisdicción, así como toda moción en auxilio de jurisdicción posterior, se presentarán en la Secretaría del Tribunal de Apelaciones.

*Comentario*:

Esta regla corresponde a la Regla 79 del Reglamento del TCA de 1996.

Se añade el requisito de que la moción en auxilio de jurisdicción sea notificada a las demás

partes y a cualquier persona contra la que se solicita un remedio a través de un medio de notificación que permita que dichas partes conozcan de la solicitud simultáneamente con su presentación. De presentarse la solicitud con el recurso tendrán que notificarse ambos simultáneamente. Se pretende evitar la presentación de solicitudes sin que la otra parte esté notificada inmediatamente de dicha solicitud y del recurso. Se contempla que dicha notificación se haga personalmente, por telefax o por correo electrónico.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (C) para aclarar que el tribunal tiene discreción para emitir, a iniciativa propia, una orden en auxilio de jurisdicción, aun cuando una solicitud al respecto pueda incumplir con uno o más requisitos de este Reglamento, cuando no se trate de disposiciones de carácter jurisdiccional.

*Regla 80 — Vistas orales, sesiones e informes*

(A) En general

(1) El Tribunal de Apelaciones podrá ordenar la celebración de una vista oral, a iniciativa propia o a solicitud de parte, en cualquier etapa del procedimiento antes de su decisión final.

(2) Las sesiones de vistas de los Paneles del Tribunal de Apelaciones podrán celebrarse, mediante el uso de videoconferencia o cualquier otro mecanismo electrónico que permita la comparecencia remota de todas las partes o alguna de ellas. También podrán llevarse a cabo en la sede del Tribunal de Apelaciones, el Centro Judicial de la región correspondiente del Tribunal de Primera Instancia donde se originó el asunto bajo su consideración, o en cualquier otro lugar dispuesto por el Panel que tenga a su cargo el asunto, siempre en coordinación con el Juez Administrador o la Jueza Administradora.

(B) Notificación y comparecencia

(1) Todas las partes interesadas en el caso de que se trate serán notificadas de la fecha, la hora y el lugar en que se celebrará la vista oral, la cual será siempre en sesión pública.

(2) Todas las partes cumplirán con su obligación de comparecer a la vista oral, so pena de sanciones.

(C) Informes orales de las partes

(1) Los informes orales tendrán el propósito de poner en relieve los argumentos escritos que aparezcan en los alegatos presentados.

(2) Toda vista oral ordenada por el Tribunal de Apelaciones se celebrará sujeto a las normas y los procedimientos siguientes:

(a) El tiempo máximo para la argumentación principal durante el informe oral será de quince minutos para cada parte. El tribunal, a su discreción, podrá conceder cinco minutos a cada parte para rectificar. Además, podrá aumentar o disminuir, a su discreción, el tiempo concedido a cualquiera de las partes.

(b) El Tribunal de Apelaciones podrá señalar para vista una moción y fijar el tiempo para esta.

(c) Los asuntos serán anunciados por la Secretaria o el Secretario y se despacharán en el orden correspondiente tras la apertura del tribunal para la sesión del día.

(d) Las causas podrán oírse conjuntamente, a solicitud de cualesquiera de las partes o por iniciativa del tribunal. La concesión o denegación de una moción que solicite la acumulación de causas quedará siempre reservada a la discreción del tribunal.

(e) Los abogados o las abogadas, al dirigirse al Tribunal de Apelaciones y mientras hagan sus informes, deberán permanecer de pie, a menos que se les conceda permiso para permanecer sentados o sentadas.

(f) Al hacer su informe oral, los abogados o abogadas deberán limitarse a los puntos en controversia.

*Comentario*:

Esta regla corresponde a la Regla 80 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se enmienda el inciso (A) para permitirle a las partes que soliciten la celebración de una vista oral en cualquier momento. El tribunal mantiene su discreción para determinar si celebra la vista solicitada. Además, se aclara que el lugar de la vista podrá ser la sede del Tribunal de Apelaciones. o celebrarse mediante el uso de videoconferencia o cualquier otro mecanismo electrónico que permita la comparecencia remota de las partes.

*Regla 80.1 – Consolidación de Recursos*

(A) Cuando se presenten ante el Tribunal de Apelaciones dos o más recursos que plantean errores en una misma sentencia, resolución u orden, o resolución final administrativa, estos serán consolidados. Además, cuando se presenten ante el Tribunal de Apelaciones dos o más recursos mediante los cuales se impugnan varios dictámenes

(sean estos de sentencias, resoluciones, u órdenes) emitidos en un mismo caso, estos serán consolidados.

(B) Si se presentan distintos recursos que plantean un asunto o controversia de Derecho similar, pero no plantean errores en la misma sentencia, resolución u orden, ni se originan del mismo pleito, tales recursos podrán consolidarse para evitar dictámenes contradictorios. En tal caso, los(as) Presidentes(as) de los Paneles involucrados realizarán una evaluación preliminar, tras la cual plantearán el asunto a sus respectivos paneles para determinación final, a la luz de los criterios judiciales aplicables. Si los paneles implicados en la evaluación llegan a un acuerdo al respecto se procederá según determinen. Si no logran un acuerdo, el panel con el caso de mayor antigüedad determinará si procede la consolidación. Lo resuelto al respecto se deberá consignar en la correspondiente resolución.

(C) En las apelaciones de casos criminales, en los que pueden coexistir varios casos o imputados dentro del mismo procedimiento y, por lo tanto, múltiples sentencias, los recursos que provienen del mismo juicio y de la misma prueba serán consolidados, salvo que los paneles que tengan asignados los diferentes recursos acuerden que lo más conveniente es que los recursos no sean consolidados, lo cual deberán consignar en las correspondientes resoluciones.

(D) Cuando proceda la consolidación de dos o más recursos de revisión administrativa, de dos o más recursos de apelación, o de un recurso de apelación con otros recursos discrecionales, los recursos de menor antigüedad serán consolidados, mediante resolución, con el de mayor antigüedad en su presentación y se continuará el trámite procesal hasta la adjudicación final de los recursos. El Panel o los Paneles a los cuales se haya asignado el o los casos de menor antigüedad, mediante resolución notificada a las partes, ordenarán la devolución del caso a la Secretaría del Tribunal de Apelaciones, la cual reasignará el o los casos al panel que tenga asignado el caso de mayor antigüedad. El Panel al que se le asignó el caso de mayor antigüedad emitirá una resolución para decretar la consolidación, una vez los recursos le sean reasignados por la Secretaría. Los distintos Paneles involucrados podrán acordar, para lograr mayor eficiencia, consolidar los recursos de otra forma u orden, mediante la emisión de las correspondientes resoluciones.

*Comentario: Enmiendas del 2025:*

Se modifica en términos generales para ajustar el lenguaje a lo dispuesto en la Orden Administrativa Núm. DJ 2019-316, según enmendada por la Orden Administrativa Núm. DJ 2019-316A.

*Regla 81 − Comparecencia como amicus curiae*

(A) A iniciativa del tribunal

El Tribunal de Apelaciones podrá *motu proprio* solicitar la comparecencia de una persona o entidad como *amicus curiae* en cualquier momento y en cualquier caso ante su consideración.

El Tribunal de Apelaciones podrá solicitar la comparecencia del Procurador General o de la Procuradora General en aquellos casos que planteen asuntos de interés público.

(B) A petición de parte

El escrito de comparecencia como *amicus curiae* en cualesquiera de los recursos ante la consideración del Tribunal de Apelaciones podrá presentarse con el consentimiento escrito de todas las partes en el pleito.

(C) Sin la anuencia de las partes

Una moción de comparecencia de *amicus curiae* podrá presentarse acompañada de su alegato. La moción expondrá en forma concisa la naturaleza del interés de la persona solicitante y relacionará los hechos o asuntos de derecho y su pertinencia para la solución del caso. En ningún caso dicha moción podrá exceder de cinco páginas. Cualquier parte notificada de dicha moción podrá presentar oportunamente su objeción a esta, exponiendo brevemente las razones para rehusar dar su consentimiento. El tribunal tendrá discreción para autorizar o denegar la comparecencia solicitada.

*Comentario*:

Esta regla corresponde a la Regla 81 del Reglamento del TCA de 1996.

*Comentario: Enmiendas del 2025:*

Se enmienda en términos generales para eliminar el término dentro del cual deberá presentarse la moción de comparecencia como *amicus curiae*. En caso de que todas las partes consientan, no debe impedirse la presentación de la moción sobre la base del momento en que esta se presenta. En caso de que alguna parte la objete, el tribunal conserva la discreción para determinar si autoriza la moción, lo cual ordinariamente incluirá evaluar la etapa del trámite y el momento en que se presentó la moción, a la luz de las circunstancias particulares de cada caso.

Se advierte que, conforme a la Regla 2.1 de nueva creación, la presentación del escrito de comparecencia del *amicus curiae* debe hacerse por vía electrónica mediante el SUMAC, lo

cual equivaldrá a la presentación en la Secretaría del Tribunal de Apelaciones.

*Regla 82 — Sustitución de partes*

(A) Si estando pendiente un recurso ante el Tribunal de Apelaciones alguna de las partes falleciere, los herederos, las herederas o la representación legal de la persona fallecida notificará al tribunal de dicho fallecimiento dentro de un término de treinta días contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los seis meses de dicha notificación, ordenará la sustitución de la parte fallecida por la parte apropiada. Si no se hiciere la solicitud de sustitución voluntariamente, la otra parte podrá entonces solicitar que se haga constar en los autos el hecho de la muerte y el pleito seguirá tramitándose en la forma que el tribunal ordene.

(B) Cuando un funcionario público o una funcionaria pública, en su capacidad oficial, fuere parte de un procedimiento ante el Tribunal de Apelaciones y falleciere, renunciare o de otro modo dejare de ocupar el cargo mientras el procedimiento estuviere pendiente, el pleito no terminará y su sucesor o sucesora lo sustituirá automáticamente. Los procedimientos subsiguientes a la sustitución se tramitarán a nombre de la parte sustituta, pero se obviará cualquier error en el nombre que no afecte los derechos sustanciales de las partes. La orden de sustitución podrá registrarse en cualquier momento, pero la omisión de registrarla no afectará la sustitución.

(C) Cuando un funcionario público o una funcionaria pública, en su capacidad oficial, fuere parte de una apelación u otro procedimiento, podrá ser designado o designada por su título oficial en vez de por su nombre.

*Comentario*:

Esta regla corresponde a la Regla 82 del Reglamento del TCA de 1996.

*Regla 83 — Desistimiento y desestimación*

(A) La parte promovente de un recurso podrá presentar en cualquier momento un aviso de desistimiento.

En casos criminales, la moción de desistimiento deberá venir acompañada de una declaración jurada de la persona acusada, indicando su intención de desistir.

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el Tribunal de Apelaciones carece de jurisdicción;

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto.

(D) Las resoluciones que emita el Tribunal de Apelaciones bajo esta regla deberán ser fundamentadas.

(E) Cuando se presente un recurso prematuro por estar pendiente de resolver una moción de reconsideración ante el Tribunal de Primera Instancia, el Tribunal de Apelaciones podrá, a petición de parte o *motu proprio*, tomar medidas mientras se dilucida la moción de reconsideración para facilitar el trámite apelativo posterior en aras de la economía procesal y de la reducción de costos de las partes.

*Comentario*:

Esta regla corresponde a la Regla 83 del Reglamento del TCA de 1996.

Se incorpora la norma de requerir en casos criminales una declaración jurada del acusado para desistir de un recurso (véase la Regla 32 del Reglamento del Tribunal Supremo de Puerto Rico). Se atempera su contenido al mandato de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, de que las reglas del Tribunal de Apelaciones evitarán la desestimación de los recursos por defectos de forma y notificación. A tales fines se elimina el subinciso (3) del inciso (B) sobre desestimación por falta de perfeccionamiento del recurso; siempre queda la facultad del tribunal para desestimar por falta de diligenciamiento o por incumplir órdenes para su perfeccionamiento (véase el inciso (B)(3), teniendo presente la norma de la Regla 12.1).

Debe tenerse presente la norma expuesta por el Tribunal Supremo de que el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso, para que se concilien el deber de las partes de cumplir con los requisitos procesales y el derecho estatutario de todo ciudadano de que su caso sea revisado por un Panel colegiado de tres

Jueces y Juezas. Con este balance en mente, el Tribunal de Apelaciones debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos. Véase *Román et als. v. Román et als.*, 158 DPR 163 (2002).

El inciso (E) se refiere a los recursos prematuros por estar pendiente de resolver una moción de reconsideración ante el Tribunal de Primera Instancia y pretende evitar que las desestimaciones por tales motivos causen costos innecesarios a las partes en el procedimiento apelativo.

Con el propósito de no exigir trámites innecesarios y costosos en casos prematuramente presentados, el Tribunal Supremo expresó en resolución desestimatoria emitida en el caso *Ruiz Cáceres v. P.R.T.C.*, CC-2000-43, 2 de febrero de 2000, lo siguiente:

> A solicitud de parte, para facilitar el trámite y en aras de la economía procesal, la Secretaría del Tribunal queda autorizada a desglosar los documentos de este recurso, salvo los originales. Una vez desglosadas las copias del recurso, la parte podrá proceder a sustituirles la carátula, para que refleje el nuevo número de presentación, y última página, con la firma y nueva fecha de presentación. Además, tendría que anejarles al Apéndice copia de la resolución denegando la reconsideración y del volante.

Véase también, con ese mismo enfoque, el voto particular de la Jueza Naveira Merly en el caso *Empress Hotel, Inc. v. Acosta*, 150 DPR 208 (2000).

*Comentario: Enmiendas del 2025:*

Se aclara en el inciso (C) que la jurisdicción del tribunal únicamente depende del cumplimiento de los requisitos jurisdiccionales o de cumplimiento estricto.

*Regla 83.1 — Dictamen sin fundamentos adecuados*

Cuando el Tribunal de Apelaciones determine que la sentencia o resolución final del Tribunal de Primera Instancia, de un organismo o de una agencia administrativa carece de los fundamentos necesarios para ejercer adecuadamente su función revisora deberá, en auxilio de jurisdicción, retener jurisdicción sobre el recurso y ordenar al tribunal de instancia, organismo o agencia que fundamente la sentencia o resolución final previamente emitida. Una vez recibido el dictamen fundamentado, el tribunal podrá solicitar de las partes que se expresen y procederá a resolver el asunto.

*Comentario*:

Cuando el dictamen final de un tribunal de instancia, de un organismo o de una agencia

administrativa no contiene los fundamentos en que se basó, el Tribunal de Apelaciones de ordinario exige al foro primario que fundamente su decisión, para así llevar a cabo su función revisora con mayor competencia. Más el procedimiento de desestimar el recurso y ordenar que se prepare un nuevo dictamen fundamentado obliga a las partes a presentar un nuevo recurso. Debido a que no es correcta ni eficiente la presentación de dos recursos apelativos para revisar una misma determinación y que ello conlleva una inversión innecesaria de tiempo y de dinero para todas las partes, se adopta la norma expuesta por el Tribunal Supremo en *Pueblo v. Pérez*, 159 D.P.R. 554 (2003). Con ello se propicia el principio rector de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 de que la justicia sea efectiva, justa y económica, y de que no se desestimen los recursos en aquellos casos en que se puede proveer una oportunidad razonable de corrección cuando esto no afecte los derechos de las partes.

*Regla 84 − Moción de reconsideración; mandatos*

(A) Cualquier moción de reconsideración sobre cualquier asunto civil o criminal deberá ser presentada dentro del plazo improrrogable de quince días contados a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Apelaciones.

La presentación oportuna de una moción de reconsideración paralizará los términos para apelar o recurrir ante el Tribunal Supremo.

El término para apelar o recurrir al Tribunal Supremo comenzará a contarse de nuevo a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Apelaciones que resuelva definitivamente la moción de

(B) La moción de reconsideración discutirá sólo los asuntos específicos respecto de los cuales la parte promovente considere que el tribunal erró en la determinación de o en la aplicación del derecho.

Dentro de diez días desde la presentación de la moción de reconsideración o en el término que determine el tribunal, la parte promovida podrá presentar su oposición, luego de lo cual la moción de reconsideración quedará sometida para adjudicación. El tribunal podrá resolver una moción de reconsideración en cualquier momento.

(C) Las mociones de reconsideración serán resueltas, en lo posible, por el mismo Panel que haya emitido la decisión, asignándose su atención para el correspondiente informe a un Juez distinto o una Jueza distinta de quien suscribió la orden, resolución o sentencia original. Cuando la decisión cuya reconsideración se solicita (i) no haya resuelto la totalidad del caso, sino únicamente algún incidente interlocutorio o provisional y (ii) haya sido emitida por un panel especial, distinto al que tiene asignado en propiedad el caso, la moción de reconsideración será remitida a la atención del panel que tiene

asignado el caso en propiedad.

(D) No se permitirá la presentación de más de una moción de reconsideración por la misma parte, de haber sido denegada la primera.

(E) La Secretaria o el Secretario enviará el mandato al Tribunal de Primera Instancia o a la agencia correspondiente, junto con todo el expediente original, cuando este haya sido elevado. Esto ocurrirá: (i) una vez transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones, o (ii) en cualquier momento anterior a dicha fecha, o a la fecha en que advenga final y firme la decisión, cuando, a iniciativa propia o a solicitud de parte, así lo ordene el Tribunal de Apelaciones por causa justificada.

*Comentario*:

Esta regla corresponde a la Regla 84 del Reglamento del TCA de 1996.

La regla se enmienda para incorporar del texto de la Regla 53.1(h) de Procedimiento Civil lo relativo al efecto interruptor de la moción de reconsideración y disponer expresamente en el Reglamento que los términos para apelar o recurrir al Tribunal Supremo quedarán paralizados por la presentación oportuna de dicha moción. Se dispone para la presentación de oposición y cuándo quedará sometida para decisión la moción de reconsideración, quedando claro que el tribunal podrá resolverla en cualquier momento.

El mandato se deberá remitir al Tribunal de Primera Instancia o a la agencia correspondiente luego de transcurridos diez días laborables de haber advenido final y firme la decisión del Tribunal de Apelaciones.

*Comentario: Enmiendas del 2025:*

Se modifica el inciso (C) para aclarar que cuando un panel especial dispone de algún asunto interlocutorio en un caso asignado a otro panel, la moción de reconsideración ordinariamente debe atenderse por el panel que tiene asignado el caso. Esto responde a que, en ocasiones (por ejemplo, en ciertas semanas de julio y del periodo navideño), pueden suscitarse controversias interlocutorias urgentes, las cuales usualmente son referidas a un panel especial, aunque el caso esté asignado a otro panel. En estas circunstancias, la moción de reconsideración debe ser atendida ordinariamente por el panel que tiene asignado el caso, pues la función del panel especial debe circunscribirse únicamente a atender asuntos urgentes en el caso del panel hermano.

Se modifica el inciso (E) para aclarar que el tribunal tiene la potestad de remitir el mandato en cualquier momento, aun antes de advenir final y firme la decisión recurrida. Esto con el fin de que, en las circunstancias que así lo ameriten, el Tribunal de Primera

Instancia pueda continuar inmediatamente con el trámite ante sí. Por supuesto, la parte adversamente afectada por esta acción tiene disponible (i) solicitar al Tribunal de Primera Instancia que se abstenga de continuar el procedimiento mientras no advenga final y firme la decisión del Tribunal de Apelaciones, así como (ii) recurrir al Tribunal Supremo y, en auxilio de su jurisdicción, solicitar que se paralice la continuación del trámite ante el Tribunal de Primera Instancia.

*Regla 85 — Costas y sanciones*

(A) Las costas se concederán a favor de la parte que prevalezca, excepto en aquellos casos en que se disponga lo contrario por ley.

(B) Si el Tribunal de Apelaciones determina que el recurso ante su consideración es frívolo o que se presentó para dilatar los procedimientos, lo denegará o desestimará, según sea el caso, e impondrá a la parte promovente o a su abogado o abogada las costas, los gastos, los honorarios de abogado y la sanción económica que estime apropiada, la cual deberá reflejar, en lo posible, el costo de la dilación para el Estado y para la parte opositora recurrida causado por la interposición del recurso, conforme a las guías que establezca el Tribunal de Apelaciones.

El tribunal impondrá iguales medidas a la parte promovida o a su abogado cuando determine que la contestación al recurso es frívola o que ha sido presentada para dilatar los procedimientos.

(C) El Tribunal de Apelaciones impondrá costas y sanciones económicas en todo caso y en cualquier etapa a una parte, a su abogado o a su abogada por la interposición de recursos frívolos o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia.

(D) A discreción del Tribunal de Apelaciones, la sanción económica podrá ser a favor del Estado, de cualquier parte o de su abogado o abogada.

(E) Los dictámenes del Tribunal de Apelaciones bajo esta regla, deberán ser debidamente fundamentados.

*Comentario*:

Esta regla corresponde a la Regla 85 del Reglamento del TCA de 1996.

Recoge también lo dispuesto en el Art. 4.008 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, que faculta al tribunal a imponer sanciones económicas, además de las costas y los honorarios en las circunstancias especificadas por esta regla.

*Regla 86 − Corrección de autos*

Cualquier parte podrá solicitar que se corrija un error o defecto en los autos del foro recurrido si por el error o accidente se omitiere o se relacionare alguna porción del expediente original, pertinente y necesaria para la resolución del recurso ante el Tribunal de Apelaciones. En tales casos, el Tribunal de Apelaciones podrá dictar una resolución en la que ordene que el Secretario o la Secretaria haga la corrección de que se trate, o que el funcionario o la funcionaria que deba hacerla remita al Tribunal de Apelaciones copia certificada de todo o parte de los autos correspondientes, según se le requiera.

*Comentario*:

Esta regla corresponde a la Regla 86 del Reglamento del TCA de 1996.

Se modificó su lenguaje para disponer que la copia certificada en la que se corrige el error en los autos, puede ser total o parcial, según se lo requiera el Tribunal de Apelaciones.

*Regla 87 − Disposiciones diversas*

(A) Las copias de escritos que se presenten en el Tribunal de Apelaciones, que por disposición de estas reglas tengan que ser notificadas a todas las partes, constituirán copia fiel y exacta del escrito original presentado, lo que se hará constar en la certificación de notificación.

(B) El término *decisión* incluirá cualquier sentencia, resolución, orden, providencia, cualquier otra actuación del tribunal, de cualquiera de sus Paneles o de cualquier otro tribunal.

(C) El término *Juez Administrador* o *Jueza Administradora* se utiliza en estas reglas para designar al Juez Administrador o Jueza Administradora del Tribunal de Apelaciones.

*Comentario*:

Esta regla corresponde a la Regla 87 del Reglamento del TCA de 1996, actualizada.

*Regla 88 − Cláusula derogatoria*

Se deroga el Reglamento del Tribunal de Circuito de Apelaciones aprobado por el Tribunal Supremo el 1 de mayo de 1996 y el Reglamento Transitorio del Tribunal de Apelaciones aprobado por el Tribunal Supremo el 18 de noviembre de 2003.

*Comentario*:

El presente Reglamento deroga el Reglamento del Tribunal de Circuito de Apelaciones de 1 de mayo de 1996 y sustituye el Reglamento Transitorio del Tribunal de Apelaciones de 18 de noviembre de 2003. Las Reglas de Procedimiento Civil, las Reglas de Procedimiento Criminal y las Reglas de Administración del Tribunal de Primera Instancia deberán enmendarse para atemperarlas a la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 y a este Reglamento.

*Regla 89 – Vigencia*

Este Reglamento entrará en vigor inmediatamente después de su aprobación y aplicará a todos los procedimientos pendientes ante el Tribunal de Apelaciones.

*Comentario*:

Toda vez que el Reglamento Transitorio del Tribunal de Apelaciones estuvo en vigencia hasta la aprobación de este Reglamento, que el Reglamento Transitorio fue circulado ampliamente para comentarios, los que se tomaron en cuenta en este Reglamento, se dispone su vigencia inmediata.

*Comentario: Enmiendas del 2017:*

Las enmiendas incorporadas al Reglamento del Tribunal de Apelaciones en virtud de la [Resolución ER-2017-07] tendrán vigencia inmediata y serán aplicables a todos los procedimientos pendientes ante dicho tribunal.

*Comentario: Enmiendas del 2018:*

Las enmiendas incorporadas al Reglamento del Tribunal de Apelaciones en virtud de la [Resolución ER-2018-03] entrarán en vigor en sesenta días, tendrán vigencia inmediata y serán aplicables a todos los procedimientos pendientes ante dicho tribunal.

*Comentario: Enmiendas del 2025:*

Las enmiendas incorporadas al Reglamento del Tribunal de Apelaciones en virtud de la Resolución ER-2025-01, aprobada el 24 de abril de 2025, entrarán en vigor el 16 de junio de 2025 y serán aplicables a todos los procedimientos pendientes ante dicho tribunal.